Irene Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

FILED
**December 18, 2024**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

December 18, 2024

The Honorable Judge Van Eck
United States Bankruptcy Court
Middle District of Pennsylvania
U.S. Bankruptcy Court
1501 N. 6th Street
Harrisburg, PA 17102-1104

**RE: Request for Appointment of Independent Chapter 7 Trustee Upon Refiling Bankruptcy Petition**
**In re: Irene Mulkerin**

Dear Judge Van Eck:

This morning I refiled my Chapter 7 bankruptcy petition after yesterday's dismissal of my case due to a procedural oversight regarding Form 107, the Statement of Financial Affairs. This was an unintentional error. I intend to refile all required documents quickly and correctly.

I respectfully submit this letter to request the Court appoint an independent trustee who, if at all possible, is unaffiliated with the York-Harrisburg legal community. I raise this request for an independent trustee based on the following concerns regarding Trustee Steven Carr's handling of my prior case:

• **Misrepresentations During Court Proceedings:** At the hearing on December 17, Mr. Carr stated that I had not provided my pay stubs. This statement is incorrect. I uploaded my pay stubs on November 12, 2024, as evidenced by my records. Furthermore, Mr. Carr indicated that my §341(a) meeting of creditors had not been conducted due to my failure to provide necessary documents. However, in his email to me dated December 3, 2024, he excused me from the meeting and rescheduled it for January 15, 2025:

"I note the 341 meeting is scheduled for tomorrow, December 4, 2024. I also note that you have failed to provide me with a photo ID, proof of social security, and a copy of your most recently filed federal income tax returns as required by statute. Thus, I cannot hold the 341 meeting. You are hereby excused from appearing tomorrow."

This contrasts with his court statements, which suggested more serious noncompliance on my part and unfairly reflected on my adherence to the bankruptcy process.

• **Questionable Handling of Asset Valuation and Offers:** Trustee Carr's actions concerning my partnership interest raise concerns about his impartiality. Despite receiving a $300,000 offer for my partnership interest—which significantly undervalues the asset—Mr. Carr countered with a marginally higher offer of $500,000. He justified his willingness to accept such a low offer by citing difficulties in finding an appropriate buyer, while blatantly disregarding my concerns regarding missing profits, unaccounted assets, incomplete financial records, and other critical information. This approach does not maximize the value for creditors and suggests a lack of effort to obtain a fair market value for my assets.

• **Pressure to Accept Settlement:** Trustee Carr has pressured me to accept a $3.15 million settlement of my trust litigation, despite my objections and evidence indicating that both the settlement and the trust itself are significantly undervalued.

• **Potential Conflicts of Interest:** As detailed in my Motion for Protective Order dated December 4, 2024, I am deeply concerned about Trustee Carr's apparent alignment with parties adverse to my interests, particularly regarding the Trust litigation and the Andrew V. Papoutsis Family Limited Partnership. His actions suggest a possible conflict of interest that could impede a fair administration of my bankruptcy case.

### 3. Need for Neutral Oversight:

Given the complexities of my case—including disputes, conflicts of interest, and claims against several local attorneys/law firms—it is essential that a new trustee be appointed who can approach this case impartially. An independent trustee from outside the York-Harrisburg region would help ensure transparency, fairness, and

confidence in the bankruptcy process. I understand that this is neither a typical nor a standard request and may not be feasible, but I respectfully make it to you nonetheless.

I am currently navigating this process without legal representation, having a truly neutral and independent trustee is especially vital to ensuring a fair and impartial administration of my case. The Court has previously noted my lack of representation, and I respectfully ask for consideration of this factor as well.

For the foregoing reasons, I respectfully request that the Court consider appointing a neutral trustee; I believe this is necessary to protect my rights as a debtor and to ensure the proper administration of my case in accordance with the Bankruptcy Code.

Sincerely,

/s/ Irene Mulkerin
Irene Mulkerin
Debtor