FILED
**January 7, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN,

Debtor.

Case No. 1:24-bk-03264-HWV

Chapter 7

## DEBTOR'S RESPONSE TO OBJECTION TO MOTION TO REINSTATE THE AUTOMATIC STAY

Debtor, Irene Mulkerin (the "Debtor"), hereby submits this response to the objection filed by A.V. Papoutsis Irrevocable Trust to the Motion to Reinstate the Automatic Stay under 11 U.S.C. § 362(c)(3)(B). In support of this response, the Debtor states as follows:

**1. The Objector Lacks Standing as a Creditor under 11 U.S.C. § 101(10).**

The objector, A.V. Papoutsis Irrevocable Trust does not qualify as a "creditor" under the Bankruptcy Code because they do not have an enforceable claim against the Debtor. Pursuant to 11 U.S.C. § 101(10), a "creditor" must hold a right to payment or an equitable remedy enforceable against the debtor. The objector's purported claim arises from speculative litigation for attorney's fees, which has not been adjudicated or reduced to a judgment.

Without a valid and enforceable claim, the objector lacks standing to oppose the reinstatement of the automatic stay.

## 2. The Debtor's Filing Demonstrates Good Faith.

The dismissal of the Debtor's prior case resulted from an inadvertent procedural error—the failure to timely file Form 107 (Statement of Intentions)—which has now been corrected in this case. The current filing complies with the Bankruptcy Code and reflects the Debtor's good faith effort to administer the estate for the benefit of all legitimate creditors.

## 3. Reinstating the Automatic Stay Benefits the Estate and Creditors.

The automatic stay is critical to the orderly administration of the Debtor's case and maximizes the potential for creditor recovery. A key asset of the estate is the litigation against the A.V. Papoutsis Irrevocable Trust, which is being pursued to recover funds that will directly benefit creditors.

Without the stay, the Debtor risks significant coercion and disruption that could compromise the estate's ability to pursue this litigation to its full value. Reinstating the stay protects the estate from such interference and ensures creditors receive the equitable treatment envisioned by the Bankruptcy Code.

## 4. The Objector's Claims Are Speculative and Coercive.

The objector's opposition appears motivated not by a legitimate interest in protecting creditor rights but by an attempt to coerce the Debtor into accepting an inadequate settlement in ongoing litigation. The objector's purported claim for attorney's fees is speculative, contingent, and entirely dependent on hypothetical outcomes of unrelated legal proceedings.

Allowing this objection to derail the automatic stay would harm legitimate creditors and undermine the fair and equitable administration of the estate.

**Conclusion**

The Debtor respectfully requests that this Court:

1. Overrule the objection filed by A.V. Papoutsis Irrevocable Trust;
2. Reinstate the automatic stay under 11 U.S.C. § 362(c)(3)(B); and
3. Grant such other and further relief as the Court deems appropriate.
4.

Dated: January 7, 2025

Respectfully submitted,

/s/ Irene Mulkerin

Irene Mulkerin, Debtor Pro Se

1740 Adeline Drive

Mechanicsburg, PA 17050