UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
Irene Mulkerin, Debtor
Case No.: 1:24-bk-03264-HWV
Chapter: 7

FILED
**January 30, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

DEBTOR'S RESPONSE TO THE "ANSWER" OF THE ANDREW V. PAPOUTSIS IRREVOCABLE TRUST TO MOTION TO COMPEL DISTRIBUTIONS

Debtor, Irene Mulkerin ("Debtor"), respectfully submits this Response to the Answer filed by the Andrew V. Papoutsis Irrevocable Trust ("Trust"). Although styled as an "Answer," it effectively functions as an Objection to the Debtor's Motion to Compel Distributions. As explained below, the Trust's "Answer" appears designed to confuse or distract—just as it did when opposing the Debtor's prior attempt to confirm the automatic stay. For the reasons set forth herein, the Trust's opposition lacks merit, and the Debtor respectfully requests that this Court compel the Trust's fiduciaries to authorize periodic distributions in compliance with their fiduciary duties and bankruptcy law.

Moreover, the Debtor sought these distributions only after depleting her and her husband's life savings and 401(k) accounts and borrowing substantial sums from family and friends when conventional banking options were no longer available. This financial strain arose after Grantor Andrew V. Papoutsis and the Debtor's husband, Andrew William Mulkerin, experienced irreconcilable business and personal differences. Any implication that this request amounts to a mere "handout" reflects a fundamental misunderstanding of the complex financial realities at issue—realities the Debtor stands ready to demonstrate before this Court.

I. INTRODUCTION

The central issue is the Trust's refusal to authorize distributions critical to the Debtor's financial stability and compliance with her bankruptcy obligations. This

1

refusal appears grounded in bad faith, improper retaliation, and conflicts of interest—actions that violate both Delaware trust law and fundamental principles of fiduciary duty. Notably, the Trust's latest filing labels itself an "Answer," when it effectively operates as an Objection. Such tactics were also used against the Debtor's Motion to Ensure the Automatic Stay, where the Trust offered no legitimate explanation for resisting relief aside from exerting pressure to force a settlement. The Debtor maintains that these procedural maneuvers seek to "muddy the waters" rather than address the substance of her need for distributions.

## II. SUMMARY OF RELEVANT FACTS

1. Debtor's Beneficial Interest in the Trust

- The Debtor is a named, one-third beneficiary of the Andrew V. Papoutsis Irrevocable Trust, which holds significant assets, including valuable closely held businesses.

- While the Trust contains spendthrift provisions, discretionary distributions remain permissible—and can be compelled—if fiduciaries act in bad faith. See *In re Neuton*, 922 F.2d 1379, 1384 (9th Cir. 1990).

2. Repeated Distribution Denials

- The Trust has arbitrarily refused multiple requests for distributions, citing "lack of liquidity," "litigation," or "bankruptcy" as pretexts.

- Multiple former fiduciaries resigned rather than respond to legitimate distribution requests—indicating potential internal conflicts rather than any genuine fiduciary analysis.

3. Purported "Settlement"

- The Trust repeatedly references a "term sheet." However, no settlement agreement was ever approved, finalized, or signed by all parties.

- Under 11 U.S.C. § 365 and relevant precedent, an unexecuted, incomplete agreement is not a binding executory contract—especially absent mutual obligations or court approval. *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652 (2019).

2

4. Trust's Counsel and Possible Conflicts

- Attorney Robert Chernicoff, representing the Trust Protector and Trustee, appears also to represent the Grantor's interests. This dual representation raises questions about impartiality in distribution decisions and potential alignment against the Debtor's interests.

5. Purpose of the Trust

- The Trust's express goal is to provide for its beneficiaries' welfare and financial security.

- In his motion to dismiss the Debtor's case in the Delaware Court of Chancery (C.A. No. 1237-BWD), the Grantor explicitly admitted:

*"Debtor's father, Andrew V. Papoutsis, created the Trust for his three daughters' welfare and future financial security."*

- Given this admission, withholding distributions essential to the Debtor's welfare undermines the Trust's foundational purpose.

III. LEGAL ANALYSIS

A. Spendthrift Trusts and Bankruptcy

1. Trust Assets Excluded from the Bankruptcy Estate

    - Under 11 U.S.C. § 541(c)(2) and Patterson v. Shumate, 504 U.S. 753 (1992), spendthrift trust assets are excluded from the bankruptcy estate, so the Trust's argument that the Debtor's bankruptcy divests her of distribution rights lacks merit.

    - While the Chapter 7 Trustee may claim an interest in actual distributions once made, the spendthrift nature of the trust does not remove the Debtor's legitimate right to request distributions.

2. Discretionary Distributions May Be Compelled

    - Even "absolute" trustee discretion is bounded by fiduciary duties and the trust's stated purpose. See, e.g., Matter of Estate of McCredy, 323

3

N.Y.S.2d 943 (1971) (trustees cannot ignore beneficiary welfare out of personal bias).

- In re Neuton, 922 F.2d 1379 (9th Cir. 1990), confirms that when trustees abuse discretion or act in bad faith, courts may compel distributions.

B. Fiduciary Duty and Mismanagement

1. Trustees Must Act in Good Faith and Impartially

   - Under 12 Del. Code §§ 3315, 3325, trustees owe duties of loyalty, impartiality, and good faith in carrying out a trust's purpose. The Trust's fiduciaries have seemingly failed to meet these obligations.
   - Marsman v. Nasca, 30 Mass. App. Ct. 789 (1991), emphasized that trustees must consider a beneficiary's essential needs and cannot arbitrarily deny distributions.

2. Case Law on Fiduciary Obligations

   - Matter of Estate of McCredy, 323 N.Y.S.2d 943 (1971), held that trustee discretion must align with the trust's purpose, free from personal prejudices or external influences.
   - The pattern of refusals here suggests the fiduciaries are placing extraneous pressures (e.g., settlement demands) above the Debtor's legitimate welfare.

C. Conflict of Interest

1. Inherent Ethical Conflict

   - Attorney Chernicoff's representation of multiple parties—Trustee, Trust Protector, and Grantor—raises a clear conflict. Cf. Cuyler v. Sullivan, 446 U.S. 335 (1980).

D. Improper Settlement Enforcement

1. Unenforceable Executory Contract

4

Case 1:24-bk-03264-HWV    Doc 138    Filed 01/30/25    Entered 01/30/25 11:05:28    Desc
Main Document    Page 4 of 8

- The Trust's reliance on a materially breached term sheet fails to establish a binding executory contract under 11 U.S.C. § 365, as clarified by *Mission Product Holdings*.

- The Debtor never agreed to the terms of the final settlement agreement, which materially deviated from the term sheet. Therefore, the Trust cannot claim a "settlement" that was never finalized.

### E. Trustee Misconduct and Retaliatory Actions

1. Arbitrary and Bad-Faith Denials of Distributions

    - These repeated distribution denials constitute bad faith. In *Estate of Green*, 172 Cal. App. 4th 907 (2009), trustees were held liable for arbitrarily withholding funds. The Debtor has experienced similar arbitrary withholding of funds since May 2023.

2. Litigation as a Pretext for Retaliation

    - Conditioning distributions on unrelated litigation outcomes breaches basic fiduciary duties. Courts reject such tactics when they compromise beneficiaries' legitimate needs. See In re Estate of St. Germain, 49 A.3d at 1137 (trustees cannot withhold necessary distributions to gain leverage).

### F. The Trust's Other Defenses Are Unavailing

1. Objection to "Settlement Negotiations" Evidence

    - Fed. R. Evid. 408 bars using settlement communications solely to prove liability or damages but permits their use for other purposes, e.g., showing bias or bad faith. See U.S. v. Austin, 54 F.3d 394, 400 (7th Cir. 1995).

    - Stockman v. Oakcrest Dental Ctr., P.C., 480 F.3d 791, 797 (6th Cir. 2007), upheld admission of emails labeled "settlement" to show the defendants' intent or context—not liability on a disputed claim.

    - The Trust's attempt to suppress evidence of its motivations thus fails.

2. Conflicts of Interest

5

- The Trust dismisses conflict-of-interest allegations but ignores the fiduciary's duty of impartiality. In re Trust of Rosenberg, 490 A.2d 856, 858–59 (Pa. 1985), found that a trustee's divided loyalty violated its duty of impartiality, subjecting its actions to heightened scrutiny.

3. Settlement Did Not Eliminate Past Requests

    - The Trust claims prior distribution requests are irrelevant post-petition. However, a trustee's repeated refusal to exercise discretion fairly remains directly relevant to whether it is abusing that discretion.
    - Metzger v. Commissioner, 88 F.2d 158, 161 (2d Cir. 1937) (arbitrary denials without justification show abuse of discretion).
    - Even if a settlement were valid, it would not retroactively nullify the trustee's duty to address legitimate beneficiary needs. Estate of Brown, 528 A.2d 752, 754 (Pa. 1987).

IV. COURT'S AUTHORITY TO COMPEL TRUSTEE ACTION

1. 11 U.S.C. § 105(a)

    - The Court's broad equitable powers allow orders ensuring proper estate administration. Directing the Trust to authorize periodic distributions aligns with those equitable objectives.

2. Trustees Cannot Act Contrary to the Trust's Purpose

    - The Trust's purpose is, by the Grantor's own admission, to provide for the Debtor's welfare. Denying essential distributions undercuts this purpose, warranting judicial intervention.

V. RELIEF REQUESTED

For the foregoing reasons, the Debtor respectfully requests that this Court:

1. Overrule the Trust's "Answer" (in substance, an Objection) in its entirety.

2. Grant the Debtor's Motion to Compel the Trustee of the Andrew V. Papoutsis Irrevocable Trust to authorize periodic distributions.

3. Direct the Trustee to authorize distributions as outlined in the Debtor's Motion, including amounts for:

    - Legal representation;
    - Mortgage payments;
    - Essential living expenses;
    - Transportation costs;
    - Forensic accounting.

4. Appoint an independent fiduciary or neutral trustee to oversee distributions if necessary.

5. Provide such other relief as the Court deems just and proper.

VI. CONCLUSION

The Trust's latest filing—though labeled an "Answer"—effectively acts as an Objection and remains factually inaccurate and legally insufficient. Its reliance on an alleged settlement, discretionary powers, and mislabeled pleadings cannot override the fundamental fiduciary obligation to protect beneficiaries. Given the Debtor's urgent need for distributions—particularly in light of her Chapter 7 obligations and her statutory right to a fresh start under the Bankruptcy Code and federal law—this request is firmly grounded in both the Trust documents and established case law. Accordingly, the Debtor respectfully requests that this Court compel the Trust to authorize periodic distributions and grant any additional relief necessary to ensure the fiduciaries comply with Delaware law, bankruptcy law, and the Court's equitable authority.

Date: January 30, 2025

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050

Dated: January 30, 2025

8