UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE PAPOUTSIS MULKERIN, Debtor
Case No.: 1:24-bk-03264-HWV
Chapter: 7

FILED
**January 30, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

DEBTOR'S COMBINED RESPONSE AND REPLY TO THE CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO COMPEL DISTRIBUTIONS

Debtor, Irene Mulkerin ("Debtor"), pro se, respectfully submits this Combined Response and Reply to the Chapter 7 Trustee's ("Trustee") Objection concerning Debtor's Motion to Compel the Trustee of the Andrew V. Papoutsis Irrevocable Trust to authorize distributions. As detailed below, the Trustee's arguments misapply bankruptcy law, misconstrue the nature of the Debtor's spendthrift trust interest, and ignore the Trust's fiduciary duties under Delaware law. The Debtor therefore requests that this Court overrule the Trustee's Objection in its entirety and grant the Motion to Compel.

I. INTRODUCTION

1. Trustee's Main Argument
   The Trustee contends that the Debtor's beneficial interest in the Andrew V. Papoutsis Irrevocable Trust ("Trust") is entirely "property of the estate" by virtue of an alleged "prepetition settlement agreement." The Trustee further claims that granting distributions to the Debtor would "jeopardize" said settlement and "diminish" estate property.

2. Contrary to Law & Facts
   - No Final Settlement: The purported "prepetition settlement agreement" remains neither court-approved nor fully executed.

1

- Spendthrift Trust Protection: The Debtor's beneficial interest in a valid spendthrift trust is excluded from the estate under 11 U.S.C. § 541(c)(2).
- Fiduciary Duties: The Trustee's position overlooks the Trust's ongoing fiduciary obligations under Delaware law to provide distributions for the Debtor's essential needs.

Given these flaws, the Trustee's Objection is legally and factually unsupportable.

## II. BACKGROUND

1. Debtor's Spendthrift Trust Interest
    - The Debtor holds a beneficial interest in the Andrew V. Papoutsis Irrevocable Trust, which includes a valid spendthrift clause under Delaware law.

2. Alleged Settlement
    - The Trustee relies on an unfinalized Settlement Agreement originating from prepetition litigation.
    - This Agreement had not been signed by all parties nor approved by this Court under Fed. R. Bankr. P. 9019.

3. Trustee's Objection
    - Argues that the Debtor's "right to distribution" is now estate property.
    - Claims the Debtor's Motion to Compel "jeopardizes" a potential settlement.

In reality, (1) no binding settlement exists, and (2) a spendthrift trust interest is excluded from the bankruptcy estate. Meanwhile, the Trust's fiduciaries remain obligated to consider the Debtor's legitimate requests for distributions in good faith.

## III. LEGAL ANALYSIS

A. Spendthrift Trust Assets Are Excluded from the Bankruptcy Estate

1. Trust Assets Are Not Property of the Estate

    - Under 11 U.S.C. § 541(c)(2), a debtor's beneficial interest in a spendthrift trust is excluded from the bankruptcy estate. In Patterson v. Shumate, 504 U.S. 753 (1992), the Supreme Court confirmed that valid spendthrift provisions—per state law—shield trust assets from creditors.

    - The Andrew V. Papoutsis Irrevocable Trust includes a valid spendthrift clause (see 12 Del. Code § 3533). Thus, the Trustee's assertion that the Debtor's interest is "property of the estate" is incorrect.

2. Distributions May Still Be Directed by the Court

    - While the trust corpus remains protected, actual distributions to the Debtor do become property of the estate once paid. However, as explained in In re Neuton, 922 F.2d 1379, 1384 (9th Cir. 1990), courts may compel distributions from a spendthrift trust if the trustee or fiduciaries abuse discretion or act in bad faith.

B. The "Settlement" Is Neither Binding nor Final

1. No Court Approval Under Fed. R. Bankr. P. 9019

    - The Trustee references a "Settlement Agreement," but any such agreement would require formal approval under Fed. R. Bankr. P. 9019, with notice to creditors. No final order has been entered, and the Trustee does not allege full execution by all parties.

2. Unsigned or Materially Incomplete

    - Even if labeled an "executory contract," an unsigned or materially incomplete agreement does not meet the standard set in Mission Product Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652 (2019).

- The Debtor has never consented to final terms. The Trustee cannot rely on an unconsummated "deal" to deny the Debtor's immediate needs.

3. No Genuine Threat to Estate Recovery

- The Trustee's assertion that authorizing distributions "jeopardizes" settlement proceeds is purely speculative. Should a valid settlement materialize, any net funds for the Debtor would remain subject to distribution in accordance with bankruptcy law.
- Meanwhile, the Debtor's day-to-day financial stability—essential to her compliance with bankruptcy obligations—remains at risk.

C. Fiduciary Obligations of the Trust's Fiduciaries

1. Duty to Act in Good Faith and Impartially

- Under Delaware law (e.g., 12 Del. Code §§ 3315, 3325), trustees must exercise loyalty, impartiality, and reasonable discretion. They cannot arbitrarily refuse distributions.
- Marsman v. Nasca, 30 Mass. App. Ct. 789 (1991), emphasizes that trustees must consider genuine financial hardship. Repeated denials of reasonable distribution requests, particularly under the guise of "ongoing litigation" or "bankruptcy," suggest an abuse of discretion.

2. Trust's Purpose to Support Beneficiaries

- The Andrew V. Papoutsis Irrevocable Trust exists to secure its beneficiaries' welfare. Denying distributions vital to the Debtor's financial stability and bankruptcy compliance contradicts that purpose.
- As noted in Matter of Estate of McCredy, 323 N.Y.S.2d 943 (1971), trustee discretion must align with the trust's aims and the beneficiaries' legitimate needs.

D. Court's Authority to Compel Distributions

1. Bankruptcy Court's Equitable Powers

   - 11 U.S.C. § 105(a) grants this Court broad equitable authority to issue orders necessary to uphold the Bankruptcy Code. Directing the Trust to authorize distributions that address the Debtor's urgent financial requirements—and her Chapter 7 obligations—falls well within that authority.

2. Precedent for Compelling Distributions

   - Courts routinely intervene where fiduciaries act in bad faith or misuse discretion. Estate of Green, 172 Cal. App. 4th 907 (2009), held trustees liable for arbitrarily denying beneficiary distributions. Similarly, In re Estate of St. Germain, 49 A.3d 1131 (Vt. 2012), reaffirmed the judiciary's power to compel fiduciaries to fulfill their duties.

## IV. RELIEF REQUESTED

For the reasons stated above, the Debtor respectfully requests that this Court:

1. Overrule the Chapter 7 Trustee's Objection in its entirety;

2. Grant the Debtor's Motion to Compel the Trustee of the Andrew V. Papoutsis Irrevocable Trust to authorize periodic distributions;

3. Confirm that the trust corpus is excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2);

4. Direct the Trust's fiduciaries to promptly consider and authorize reasonable distribution requests covering (i) legal representation and forensic accounting (ii) housing costs, (iii) essential living expenses, and (iv) transportation costs; and

5. Grant such further relief as the Court deems just and proper, including any oversight measures ensuring compliance with Delaware fiduciary obligations.

5

Case 1:24-bk-03264-HWV    Doc 139    Filed 01/30/25    Entered 01/30/25 11:13:54    Desc
Main Document      Page 5 of 6

## V. CONCLUSION

The Trustee's Objection relies on a non-final, unapproved settlement and a misunderstanding of spendthrift trust protections. The Debtor's request for necessary distributions remains fully supported by both the Bankruptcy Code and Delaware trust law. Accordingly, this Court should overrule the Objection and compel the trust fiduciaries to act in good faith and fulfill their fiduciary duties.

Date: January 30, 2025

Respectfully submitted,

/s/ Irene Mulkerin
Irene Papoutsis Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050