UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN, Chapter 7
Debtor (Pro Se) Case No.: 1:24-bk-03264-HWV

FILED
**February 5, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY KEITH E. WOLFE AND LISA B. WOLFE

Debtor, pro se, respectfully objects to the Proof of Claim filed by Keith E. Wolfe and Lisa B. Wolfe ("the Wolfes") (Claim No. 1, for approximately $327,039.38) and states as follows:

1. Background of the Disputed Debt.
   a. On or about September 30, 2022, the Debtor's husband purchased certain assets from the Wolfes, with Debtor co-signing a personal guarantee in reliance on the Wolfes' Non-Compete Agreement.
   b. The Wolfes later formed or participated in a competing enterprise, "Wolfe Transportation, Inc.," and diverted key customers, directly breaching the Non-Compete and undercutting the business's ability to generate income.
   c. This breach significantly contributed to Debtor's financial collapse, ultimately forcing her into bankruptcy.

2. The Wolfes' Claim Arises From a Materially Breached Contract.
   a. Under the purchase and guarantee documents, the Wolfes promised not to compete with Debtor's newly acquired entity. Their immediate participation in a competing business eviscerates the consideration underlying the parties' agreement.
   b. A party who commits a fundamental breach cannot later enforce the contractual obligations it seeks to benefit from. Because the Wolfes violated the Non-Compete Agreement, any guarantee Debtor executed is rendered unenforceable or, at minimum, subject to complete offset.

3. Fraudulent Inducement and Lack of Consideration.
   a. Debtor relied on the Wolfes' representations that they would refrain from competing or soliciting customers. If those representations were knowingly false when made, the Wolfes fraudulently induced Debtor to guarantee

1

payment.

b. Without a valid Non-Compete, the core value of the acquired assets collapsed and left Debtor with an unworkable financial arrangement.

4. Basis for Disallowance of Claim Under 11 U.S.C. § 502(b)(1).
a. A claim must be disallowed if it is unenforceable under applicable law. Pennsylvania law holds that a material breach of contract or fraudulent inducement can defeat the breaching party's right to enforce the agreement.
b. The Wolfes' actions constitute a complete failure of consideration and/or unclean hands, making their claim unenforceable.

5. Offset and Damages Exceed Any Amount Allegedly Due.
a. Even if this Court finds the claim partially valid, Debtor is entitled to a setoff or recoupment in an amount exceeding the Wolfes' demand due to the lost business value, diverted customers, and direct economic harm.
b. Once offset against these damages, the Wolfes' claim should be reduced to zero, or Debtor should be awarded a net judgment against the Wolfes.

6. Request for Hearing and Reservation of Rights.
a. Debtor respectfully requests an evidentiary hearing if the Court deems it necessary to resolve factual disputes regarding the Wolfes' breaches and misleading conduct.
b. Debtor reserves all rights to amend or supplement this Objection upon further discovery or information.

WHEREFORE, Debtor prays that this Court:

1. Disallow Proof of Claim No. 1 in full, pursuant to 11 U.S.C. § 502(b);

2. Alternatively, reduce the claim to zero after applying any setoff or recoupment due to the Wolfes' material breaches and fraudulent inducement;

3. Grant an evidentiary hearing if required;

4. Award such other and further relief as is just and proper under the circumstances.

Dated: February 5, 2025

Respectfully submitted,

Case 1:24-bk-03264-HWV    Doc 172    Filed 02/05/25    Entered 02/05/25 11:21:39    Desc
Main Document      Page 2 of 7

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050

Rev. Dec 1, 2017

## LOCAL BANKRUPTCY FORM 3007-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br><br>**Irene Mulkerin**<br><br>Debtor(s) | CHAPTER<br>CASE NO.<br>ADV. NO.<br>NATURE OF PROCEEDING: | 7<br>**1:24-bk-03264**<br><br>**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY KEITH E. WOLFE AND LISA B. WOLFE** |
| **Irene Mulkerin**<br><br>Objector<br><br>vs.<br><br>**Keith E. Wolfe & Lisa B. Wolfe**<br><br>Claimant | DOCUMENT No. | |

TO: **KEITH E. WOLFE AND LISA B. WOLFE** ("Claimant")

NOTICE OF OBJECTION TO CLAIM AND DEADLINE TO REQUEST HEARING DATE

  **Irene Mulkerin** filed an objection to the proof of claim you filed in this bankruptcy case.

  NOTICE: Your claim may be reduced, modified, or eliminated.  **You should read this notice and the objection carefully and discuss them with your attorney, if you have one.**

  If you do not want the court to enter an order affecting your claim, then on or before **March 7, 2025**, (30 days from the date of service), you or your lawyer must file a request for hearing or a written response to the objection explaining your position.

  Those not permitted to file electronically must deliver any request for hearing or response by U.S. mail, courier, overnight/express mail, or in person at:

Sylvia H. Rambo U.S. Courthouse

1501 N. 6th Street, 3rd floor

Harrisburg, PA 17102

If you mail your request for hearing or response to the court, you must mail it early enough so the court will receive on or before the date stated above.

You must also send a copy of your request for hearing or response to:

| **Irene Mulkerin** |
| **1740 Adeline Drive** |
| **Mechanicsburg, PA 17050** |

(Movant's attorney's name and address)

| **Irene Mulkerin** |
| **electronically via** |
| irene.mulkerin@outlook.com |

(Names and addresses of others to be served)

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

| **Irene Mulkerin** |
| Debtor / Pro-Se |
| **1740 Adeline Drive** |
| **Mechanicsburg, PA 17050** |
| (Address) |
| irene.mulkerin@outlook.com |
| 646-812-1923 |

Rev. Dec 1, 2017

Date of Notice: **February 5, 2025**

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN, Chapter 7
Debtor (Pro Se) Case No.: 1:24-bk-03264-HWV

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, I caused a true and correct copy of the Debtor's Objection to Proof of Claim No. 1 Filed by Keith E. Wolfe and Lisa B. Wolfe to be served via the Court's Electronic Case Filing (ECF) system, which electronically notifies all registered participants, including:

- Brent Diefenderfer, Esq. (Attorney for Keith E. Wolfe and Lisa B. Wolfe) (via ECF notification)
- United States Trustee (via ECF notification)
- Chapter 7 Trustee (via ECF notification)

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 5, 2025

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050

1