UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE PAPOUTSIS MULKERIN,
Debtor (Pro Se)
Chapter 7
Case No.: 1:24-bk-03264-HWV

FILED
**February 14, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY REQUESTS
*(Update and Request for Court Ruling)*

I. INTRODUCTION

Pursuant to the Court's order of February 5, 2025, which granted the Debtor the right to seek limited informal discovery based solely on the contents of Trustee Carr's Written Report, the Debtor served her formal discovery requests on February 12, 2025 (see attached Formal Discovery Requests). The Debtor has made every effort to comply with the Court's instructions and to obtain a full and substantive response from Trustee Carr. To date, however, no satisfactory response has been received.

This Supplemental Memorandum is submitted to apprise the Court of these developments and to respectfully request that the Court rule on whether Trustee Carr is obligated to provide complete, time-stamped responses and supporting documents in accordance with the Court's parameters.

II. DISCOVERY EXCHANGE UPDATE

1. On February 12, 2025, the Debtor served comprehensive discovery requests seeking, among other things, detailed explanations of the evidence underlying Trustee Carr's Written Report and the rationale for retaining Special Counsel.

2. The Court's February 5, 2025 order specifically required that discovery be completed within 21 days and that the Trustee respond to all informal

discovery requests in a manner that is narrowly tailored to assess whether proper business judgment was exercised.

3. Despite these clear directives, Trustee Carr has not provided the requested responses or supporting documentation. This failure to respond undermines the Debtor's ability to fully assess the basis for the proposed settlement and to protect her rights.

## III. REQUEST FOR COURT RULING

In light of the above, the Debtor respectfully requests that the Court:

A. Issue an order compelling Trustee Carr to produce, within a prompt timeframe, complete, time-stamped responses to the attached discovery requests; and

B. Clarify the scope of permissible informal discovery under the Court's February 5, 2025 order, ensuring that all necessary documents and communications—especially those related to the valuation of the "litigation asset" and the retention of Special Counsel—are produced.

The Debtor submits that these measures are essential to preserve transparency, ensure adherence to fiduciary duties, and protect the Debtor's rights within this bankruptcy process.

## IV. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court grant the relief set forth above and provide any additional directions it deems appropriate to ensure that Trustee Carr complies with the discovery obligations imposed by the Court's order.

Dated: February 14, 2025

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050