FILED
**February 14, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

ATTACHMENT: FORMAL DISCOVERY REQUESTS

Irene Mulkerin's Requests for Production of Documents and Information

February 12, 2025

GENERAL INSTRUCTIONS

1. Scope
   These discovery requests relate to every assertion, conclusion, and evaluative statement made in both Trustee Carr's Written Report (filed February 11, 2025) and his Motion to Compromise Claim (or, alternatively, to Assume Executory Contract) (filed December 19, 2024). The intent of these requests is to compel production of all supporting documents, communications, time-stamped records, and other evidence that substantiate each assertion or conclusion.

2. Definitions

   - "Assertion" means any factual statement or evaluative conclusion (e.g., regarding valuation figures, the complexity of litigation, or the best interests of the estate) made in either the Written Report or Motion.

   - "Supporting Documents" include, but are not limited to, emails, letters, memoranda, meeting notes, expert reports, internal analyses, time-stamped logs, and any other records relied upon by Trustee Carr.

   - "Special Counsel" refers to Attorney Daniel Atlas, as well as any communications with or between him and Trustee Carr.

   - "Settlement Term Sheet" refers to the document attached as Exhibit A in the Motion, incorporated by reference.

3. Duty to Supplement
   If any responsive document is withheld on a claim of privilege, a privilege log must be provided that identifies each document by date, source, recipient, and a description sufficient to assess the claim without revealing privileged information.

4. Time Frame
   Responses must cover the period beginning December 2012 (when the Trust was created) through the present, including all communications and documents received, reviewed, or relied upon by Trustee Carr in forming his conclusions.

5. Response Format

Responses must be submitted in writing and clearly reference the corresponding paragraphs or page numbers in both the Written Report and Motion. For each assertion, include all supporting materials and specify the following:

- The source of the information.
- The date(s) on which the information was received or reviewed.
- The method by which the assertion was formed (e.g., reliance on documents, oral communications, expert reports).

SPECIFIC DISCOVERY REQUESTS

I. Assertions in the Trustee's Written Report

1. Trust Creation and Beneficiary Details

a. Produce all documents and communications that support the assertion that in December 2012, Andrew V. Papoutsis created the Trust for the benefit of his three daughters and that the Trust empowers the Trustee to distribute funds.
b. Identify any records showing multiple distribution requests, including:

- The names of requestors
- The dates of requests
- The manner in which Trustee Carr was informed

2. Allegations Regarding Misuse of Distributions

a. Identify all communications and the individuals by whom Trustee Carr was advised that Trust distributions were allegedly used by the Debtor's husband in connection with competing business ventures.

2

b. Produce all documentary evidence or contemporaneous notes supporting this assertion.

3. Trustee Carr's Communications with Special Counsel

a. Produce all communications between Trustee Carr and Special Counsel.

4. Assertion Regarding the Litigation's "Prime Goal"

a. Identify the sources (including any written communications or notes) on which Trustee Carr bases the assertion that the prime goal of the litigation was to cause the Trust to be decanted and to distribute funds to the Debtor.
b. Provide all supporting documents, dates, and discussions that led to this conclusion.

5. Valuation of the Claim and Receipt of Valuation Reports

a. State the exact dates on which Trustee Carr received the valuation reports by Tucker and Meltzer (Exhibits 3–6).
b. Identify and produce all records (e.g., emails or notes) that document when and how these reports were received and reviewed.
c. Explain whether Trustee Carr requested primary financial documents from the APX entities and provide details, including dates and responses.

6. Cost and Methodology of Valuation

a. Produce all invoices, payment records, and internal communications related to the valuation cost exceeding $42,000.00.

b. Provide a comprehensive account of all information received by Carr regarding the valuation reports. This account should include:

- The party responsible for paying for the reports.
- The reasons behind the payment.
- The timing and method by which this cost was initially identified.
- The justification for the timing of the cost identification.

7. Consultation with a Potential Expert (May 2024)

3

a. Produce all written communications (emails, memos, notes) between Special Counsel and the potential expert who discussed the valuation methodology, including dates and substance of those discussions.

b. Identify how and when Trustee Carr became aware of these discussions and provide the exact documents and conversations that led him to conclude that the valuation methodology was "basically sound."

8. Settlement Negotiations and the 'Floor' Valuation

a. Produce all documents, correspondence, and meeting minutes regarding settlement discussions that reference the "rounded up $2.8 million" valuation used as a floor, including Exhibits 7 and 8.

b. Provide a complete timeline documenting the progression of settlement demands from $4.2 million to $3.15 million, including:

- Dates of discussions
- Participants involved
- Documents and correspondence relied upon

II. Assertions Tied to the Motion to Compromise Claim (or Assume Executory Contract)

10. Basis for the Settlement Figure

a. Produce all internal analyses and supporting documents that justify the assertion that the $3.15 million settlement is in the best interest of the estate.

11. Reliance on Special Counsel's Endorsement

a. Produce all communications, meeting notes, or statements in which Special Counsel (Attorney Daniel Atlas) provided input or recommendations regarding the settlement.

12. Classification of the Settlement Term Sheet as an Executory Contract

a. Produce all documents and communications supporting Trustee Carr's contention that the Settlement Term Sheet is an executory contract under Section 365 of the Bankruptcy Code.

4

CERTIFICATION

I request complete, time-stamped responses and all requested documents within 24 hours of receipt.

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050