IN THE UNITED STATES BANKRUPTCY COURT
OR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: IRENE MULKERIN

KEITH E. WOLFE AND LISA B. WOLFE,
*Claimants,*

v.

IRENE MULKERIN
*Debtor/Respondent.*

Case No. 1:24-bk-03264-HWV

Chapter 7

KEITH E. WOLFE and LISA B. WOLFES' RESPONSE AND REPLY TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1

AND NOW, this 7th day of March 2025 comes Creditors Keith E. Wolfe and Lisa B. Wolfe (the "Wolfes"), by and through their undersigned counsel and hereby submit this Answer and Reply to Debtor's Objection to Proof of Claim No. 1, and in support thereof, state as follows:

1a. Denied. Mulkerin Tool and Machine LLC ("MTM ") entered into an Open Ended Mortgage, Security Agreement and Financing Agreement with the Wolfes for $380,000.00. The Debtor, as guarantor, entered into a Guaranty and Suretyship Agreement to and for the benefit of Keith and Lisa Wolfe, which the Debtor executed and delivered to the Wolfes whereby she absolutely and unconditionally guaranteed full and punctual payment and satisfaction of all obligations set forth in the loan of MTM to the Wolfes.

1b. Denied. Paragraph 1b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

1c. Denied. Paragraph 1c sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

2a. Denied. Paragraph 2a sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

2b. Denied. Paragraph 2b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

3a. Denied. Paragraph 3a sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

3b. Denied. Paragraph 3b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

4a. Denied. Paragraph 4a sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

4b. Denied. Paragraph 4b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

5a. Denied. Paragraph 5a sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

5b. Denied. Paragraph 5b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

6a. Denied. Paragraph 6a sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

6b. Denied. Paragraph 6b sets forth a legal conclusion for which no response is required under the Federal Rules of Bankruptcy Procedure.

7. The Wolfes filed Proof of Claim No. 1 in the amount of $327,039.38, which is *prima facie* valid pursuant to Federal Rule of Bankruptcy Procedure 3001(f). The burden shifts to the Debtor to present sufficient evidence to overcome the validity of the claim.

8. The Debtor has failed to meet this burden, relying on unsubstantiated allegations and legal arguments that do not warrant disallowance of the claim.

9. The Debtor's objections based on breach of contract, fraudulent inducement, and setoff are legally insufficient to defeat the Wolfes' claim under applicable law.

Debtor Has Failed To Overcome The Prima Facie Validity Of The Wolfes' Claim

10. Federal Rule of Bankruptcy Procedure 3001(f) provides that a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *See* In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992).

11. Once a creditor files a proof of claim, the burden shifts to the objecting party to produce substantial evidence to dispute the claim's validity.

12. Here, the Debtor's objection rests entirely on allegations that the Wolfes breached a Non-Compete Agreement with the company owned by the Debtor's husband, Andrew Mulkerin. However, the Debtor provides no competent evidence (such as contracts, affidavits, or financial records) to substantiate these allegations. Unverified assertions are insufficient to overcome the prima facie validity of the claim.

### The Wolfes Have A Valid, Uncontested and Enforceable Judgment

13. The Wolfes hold a valid and enforceable judgment docketed in the York County Court of Common Pleas 2024-NO-007143 against the Debtor obtained via confession of judgment on 10/11/2024 ("the Judgment").

14. The Judgment remains of record and undisturbed. Debtor did not file a petition to strike or open the Judgment nor does the objection allege any procedural or substantive defects in the exercise of the confessed judgment.

15. A judgement against the Debtor's husband, Andrew Mulkerin and MTM remain similarly undisturbed, enforceable and of record. This judgment is docketed at 2024-NO-007142.

16. The Debtor waived any right to challenge the Judgment by failing to timely raise objections or seek relief in state court. Under Pennsylvania law, a confession of judgment is final and binding unless successfully challenged within the procedural framework set by state law.

17. Because the judgment remains valid and enforceable, it serves as conclusive evidence of the Debtor's liability and defeats any attempt to relitigate the underlying debt in bankruptcy proceedings.

### Offset/Recoupment Claims Do Not Justify Claim Disallowance

18. The Debtor asserts that any liability under her unconditional guarantee of the MCM Loan is fully offset by damages resulting from the Wolfes' alleged competition. However, any such offset claim must first belong to the bankruptcy estate, and she as a Chapter 7 debtor lacks standing to assert them unless the Trustee first abandons the claim. The Debtor has not demonstrated that the Trustee has abandoned any claim related to the alleged breach. As set forth more fully below, the Debtor does not have standing to raise claims on behalf of MTM or Andrew Mulkerin for the alleged counterclaims.

19. The alleged breach of a non-complete agreement does not, as a matter of law, render the Debtor's personal guarantee unenforceable. A breach may give rise to an independent claim for damages but does not extinguish an otherwise valid debt.

20. The Debtor listed "2024-NO-007142 (York)----Potential Counter Claims" on schedule A/B as an asset. However, that docket entry relates to a confession of judgment by the Wolfes v. Andrew Mulkerin. The Debtor is not a party to this action. The Debtor was separately sued under docket 2024-NO-007143 and she has not claimed an interest in any counterclaims in the matter related to the judgment against her by the Wolfes. As such, the Debtor is equitably estopped from raising counterclaims against the Judgment because she did not disclose such a claim as an asset on her bankruptcy schedules.

21. The Debtor has not established that the alleged breach of the non-Compete arises from the same legal obligation as the personal guarantee. In fact, they are separate because the claims the Debtor describes in her objection would belong to MTM as the party allegedly harmed by the breach of the non-compete. The Debtor is not an owner of MTM, nor has she disclosed such an interest on her schedules. As such, while the Debtor may have guaranteed the Wolfe's loan, the Debtor otherwise lacks standing to assert claims such claims on behalf of

MTM or Andrew Mulkerin.

22. Debtor has not alleged that she was a member of her husband's company that allegedly has claims against the Wolfes to offset against the Wolfe's judgment against her.

Conclusion

23. The Debtor has failed to meet her burden to rebut the *prima facie* validity of the Wolfes' Proof of Claim.

24. The Debtor's allegations of breach of contract, fraudulent inducement, and offset are unsubstantiated and legally insufficient to justify disallowance.

25. The Court should overrule the Debtor's Objection and allow the Wolfes' Proof of Claim as filed.

WHEREFORE, the Wolfes respectfully request that this Court overrule the Debtor's Objection to Proof of Claim No. 1 in its entirety and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brent C. Diefenderfer
CGA Law Firm
135 North George Street
York, Pennsylvania 17401
T: (717) 848-4900
F: (717) 843-9039
bdiefenderfer@cgalaw.com
*Counsel for Creditors Keith and Lisa B. Wolfe*

Dated: March 7, 2025