UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN, Debtor (Pro Se)
Case No. 1:24-bk-03264-HWV
Chapter 7

FILED
**March 19, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

DEBTOR'S SUPPLEMENTAL STATEMENT REGARDING MOTION TO RELEASE OR APPLY ESCROW FUNDS

Debtor, Irene Mulkerin, respectfully submits this Supplemental Statement in connection with her previously filed Motion to Release or Apply Escrow Funds ("Motion"), set for hearing on March 20, 2025. In further support, Debtor states as follows:

1. BACKGROUND AND PERSISTENCE OF GOOD FAITH

1.1 Reiteration of Positions in Original Motion

Debtor reaffirms the factual and legal bases set forth in her original Motion. She maintains that the $150,000 escrow deposit (the "Deposit")—presently in dispute—rightfully belongs to the estate and can be immediately applied for the benefit of legitimate creditors in this Chapter 7 case.

1.2 Ongoing Good Faith Despite Limited Resources

The Debtor's intent is to ensure transparency and to promote the actual interests of true creditors, rather than allow the Deposit to remain in stasis as part of a settlement the Debtor opposes.

2. TRUSTEE'S OBJECTION AND UNDERLYING MOTIVES

2.1 Acknowledgment that the Deposit Is Property of the Estate

In his Objection, the Trustee concedes that the Deposit is "property of the estate," as Debtor herself has stated. Yet he simultaneously contends it should remain effectively frozen, presumably to preserve a proposed settlement that the Debtor adamantly contests.

2.2 Prioritizing the Settlement Over Estate-Wide Obligations

This stance suggests that the Trustee's primary focus is consummating the settlement—rather than exercising his fiduciary duty under 11 U.S.C. § 704(a) to maximize the estate's value and address legitimate creditor claims. By withholding the Deposit, the Trustee appears to prioritize the settlement's timeline—and the interests aligned with it—over the immediate and valid recovery of creditors.

2.3 Vague Reliance on "Creditor Pressure"

In multiple filings, including his Written Report, the Trustee cites "creditor pressure" but does not clarify which creditors truly demand immediate payment. Freedom Mortgage, for instance, seems unpressured—contrary to the Trustee's narrative that urgent settlement is necessary to protect the Debtor from foreclosure or other threats. This supports Debtor's view that the Trustee is deploying generalized fear of "significant claims" without verifying their validity or immediacy.

3. ARGUMENT FOR IMMEDIATE RELEASE OF HELD FUNDS

3.1 Court's Equitable Powers Under § 105(a)

Debtor respectfully invokes the Court's broad equitable authority under 11 U.S.C. § 105(a) to ensure a fair and orderly administration of the estate. She urges the Court to order that the $150,000 Deposit be turned over to the estate and, if deemed appropriate, applied to (or reserved for) valid, undisputed secured or priority claims—such as Freedom Mortgage or Orrstown Bank—who hold legitimate positions and have not demanded immediate liquidation. The Debtor also notes that she seeks to use a portion of these funds to:

1. Pursue a forensic investigation into the estate's assets, including potential trust-related misrepresentations or omissions, thus safeguarding the estate's right to a higher recovery if wrongdoing is uncovered.
2. Protect her legal and procedural interests, particularly if the Trustee's proposed settlement is found to be based on incomplete or misleading valuations.

3. Sustain her basic living costs (e.g., mortgage arrears, essential household expenses) until the Court rules on the settlement's merits, consistent with the Debtor's original Motion and prior representations.

## 4. DEBTOR'S CONTINUED WILLINGNESS TO COMPLY AND CLARIFY

### 4.1 Request for Immediate Ruling or Specific Guidance

Should the Court conclude that the Trustee lacks any valid basis to withhold the $150,000 from legitimate creditors, the Debtor respectfully requests an immediate ruling directing its prompt release or allocation. Alternatively, if the Court determines that additional evidence or factual inquiry is warranted, the Debtor asks for explicit guidance on the precise proofs needed to expedite a final and equitable resolution.

## 5. PRAYER FOR RELIEF

WHEREFORE, Debtor, Irene Mulkerin, respectfully requests that this Court:

1. Order the $150,000 Deposit be turned over to the estate and, if the Court deems fitting, applied toward valid secured or priority claims (e.g., Freedom Mortgage or Orrstown Bank), thereby reducing the estate's obligations and mitigating any alleged "creditor pressure."
2. Alternatively, if the Court does not authorize immediate distribution, direct that the Deposit remain segregated but readily available for legitimate creditor claims—independent of the contested settlement's final outcome—ensuring impartial administration under 11 U.S.C. § 704(a).
3. Grant such further or alternative relief as the Court deems just, equitable, and consistent with the Bankruptcy Code and 11 U.S.C. § 105(a), thereby preserving the integrity of these proceedings and protecting the rights of legitimate creditors.

Dated: March 19, 2025

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin (Pro Se Debtor)

1740 Adeline Drive
Mechanicsburg, PA 17050