UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN,

Debtor (Pro Se).

_____

Case No.: 1:24-bk-03264-HWV

Chapter 7

FILED
**April 10, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

OBJECTION TO CLAIM NO. 9 (ORRSTOWN BANK)

AND NOW comes Debtor, Irene Mulkerin ("Debtor"), pro se, and hereby objects to the Proof of Claim filed by Orrstown Bank ("Creditor"). In support thereof, Debtor states as follows:

Background

1.  Proof of Claim Filed
    On or about February 10, 2025, Orrstown Bank filed a Proof of Claim in the amount of $304,944.69, including alleged arrears of $46,848.98 (see Claim No. 9). Debtor requests thorough documentation, given potential inconsistencies and prior irregularities.

2.  Availability of Funds, Yet No Movement by Orrstown
    Multiple matters in this case—particularly those regarding (1) $150,000 in escrow (Doc. 190) and (2) Debtor's entitlement to trust distributions (Doc. 191)—could directly or indirectly satisfy or reduce Orrstown Bank's claim. Despite this, Orrstown Bank has not meaningfully supported these avenues of repayment, raising questions about its true motivations or potential coordination with other parties.

3.  Reference to Document 160 & Prior Valuation Disputes
    Debtor has raised concerns (Doc. 160) about disputed property valuations

1

affecting her home and overall equity—further complicating Orrstown's lien position. If Orrstown Bank stands by its secured interest, it should logically endorse efforts that might swiftly cure arrears or clarify valuations.

## Basis for Objection

1. Potential Miscalculation or Lack of Documentation
   Debtor demands a full, itemized accounting of the principal and arrears. Federal Rule of Bankruptcy Procedure 3001(c) obliges a creditor to attach definitive proof of claim, and case law (*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)) requires sufficient supporting documentation to validate the amounts alleged.

2. Necessity for Discovery & Fact-Finding
   Given potential conflicts of interest and the bank's inexplicable silence regarding sources of repayment (escrowed funds, trust distributions), further discovery and examination are imperative. *See* 11 U.S.C. § 502(b)(1). The Court should condition or disallow Orrstown's claim until any collusion, valuation discrepancies, or missing documentation are addressed.

3. Potential Setoff, Recoupment, or Other Defenses
   Debtor preserves all rights under 11 U.S.C. § 502(d) and other laws, including setoff or recoupment, should evidence reveal Orrstown Bank acted to Debtor's detriment or in violation of the Bankruptcy Code—reducing or offsetting any amounts claimed.

4. Reservation of Additional Objections
   This Objection serves as a placeholder to challenge any unsubstantiated portions of Orrstown Bank's claim and to raise additional grounds should upcoming hearings (including the May 15, 2025 hearing) reveal that Orrstown Bank is intentionally declining to support potential repayment sources.

## Request for Relief

WHEREFORE, Debtor respectfully requests that this Honorable Court:

1. Disallow or Conditionally Disallow Orrstown Bank's claim until it produces complete and transparent documentation, including payment histories and a full accounting;

2. Schedule or Consolidate a hearing on this Objection with the other pending motions (Docs. 160, 190, 191) to assess inconsistencies, examine Orrstown Bank's stance on available funds, and enable proper fact-finding;

3. Order Orrstown Bank to clarify why it has not supported obvious means to cure or reduce its lien, such as trust distributions or the $150,000 escrow; and

4. Grant such other and further relief as this Court deems just and proper under the circumstances.


Date: April 10, 2025

/s/ Irene Mulkerin
Irene Mulkerin, Debtor (Pro Se)
1740 Adeline Drive
Mechanicsburg, PA 17050