UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

FILED
**April 15, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

IN RE:

Irene Mulkerin, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS FROM TRUST COUNSEL (FORMER AND CURRENT TRUSTEE)

Debtor, Irene Mulkerin, appearing pro se, respectfully moves this Court for entry of an order authorizing the issuance of subpoenas for document production under Rule 2004 of the Federal Rules of Bankruptcy Procedure to:

- Robert Chernicoff, counsel to the current trustee of the A.V. Papoutsis Irrevocable Trust, and

- Stephen Brauerman, counsel to Wilmington Trust Company, former trustee of the same Trust.

In support of this motion, Debtor states:

1. Background

Debtor is a 33.3% beneficiary of the A.V. Papoutsis Irrevocable Trust (the "Trust"), which is the subject of active litigation involving substantial estate value and potential recovery for creditors.

The Trust holds, or has held, a controlling interest in several closely held business entities. The valuation of the trust, along with disputed distributions and fiduciary conduct, directly impact the Debtor's bankruptcy estate and administration.

2. Document Requests

Debtor seeks authority to compel production of the following trust-related documents, which are reasonably necessary to understand the estate's interest and evaluate competing settlement and valuation positions:

1. All versions of Schedule A to the A.V. Papoutsis Irrevocable Trust, including amendments and addenda;

2. All trust amendments, modifications, or restatements;

3. All documents relating to the appointment or removal of Trust Protectors and/or Distribution Advisors;

4. Any correspondence or reports between Wilmington Trust and trust fiduciaries related to:

    - Valuation,
    - Distribution decisions,
    - Litigation conduct,
    - Trust asset management;

5. Any trust accounting, financial reports, or statements not previously provided at the March 26 or April 3, 2025 hearings.

3. Efforts to Obtain Documents

Debtor made good faith attempts to obtain these documents directly including email requests sent on April 7, April 8 and April 12, 2025 (see Exhibits A and B). Mr. Brauerman has not responded, and Mr. Chernicoff replied stating that no additional documents will be produced beyond those introduced at the bankruptcy

hearing. This response is inadequate given the Debtor's rights as a beneficiary and the need for full transparency in evaluating settlement and estate valuation issues.

4. Legal Authority

Pursuant to Fed. R. Bankr. P. 2004(a), the Court may authorize examination and document production related to "the acts, conduct, or property or to the liabilities and financial condition of the debtor" or any matter affecting administration of the estate.

Because the Trust is a source of potential recovery and the subject of a proposed settlement, these documents are directly relevant to the integrity of the estate process.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

- Authorizing issuance of subpoenas under Rule 2004 to Robert Chernicoff and Stephen Brauerman, compelling them to produce the documents listed above within 14 days of service;

- And granting such other relief as the Court deems just and proper.

Dated: April 14, 2025
Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin
Pro Se Debtor

3 of 3

Case 1:24-bk-03264-HWV    Doc 330    Filed 04/15/25    Entered 04/15/25 11:03:51    Desc
Main Document    Page 3 of 11

# Exhibit A

 Outlook

## RE: FINAL JOINT REQUEST – Trust Documents for A.V. Papoutsis Irrevocable Trust (Schedule A, Amendments, Appointments)

**From** Robert Chernicoff <rec@cclawpc.com>
**Date** Wed 4/9/2025 12:22 PM
**To** Irene Mulkerin <irene.mulkerin@outlook.com>; Steve Brauerman <SBrauerman@bayardlaw.com>
**Cc** Dan Atlas <datlas@daileyllp.com>; Brad Leber <bleber@mpl-law.com>; dlkornfield@gmail.com <dlkornfield@gmail.com>

You have the trust agreement which was provided as an exhibit at the hearing. That is all documents that are being provided concerning the trust except any other documents provided at the two days of the hearing in bankruptcy court.

Robert E. Chernicoff, Esq.
Cunningham, Chernicoff & Warshawsky, PC
2320 N. 2nd St.
Harrisburg, PA 17110
717-238-6570
fax 717-238-4809
rec@cclawpc.com

The information contained in this email and attachments is confidential, privileged information and is attorney work product, intended for the individual or entity named above. If the reader of this email is not the intended recipient, the reader is hereby notified that any dissemination, distribution, or copy of this information is strictly prohibited. If you have received this email in error, please notify us by telephone or email and delete the entire email and any printed information obtained through this email. Thank you.

**From:** Irene Mulkerin <irene.mulkerin@outlook.com>
**Sent:** Wednesday, April 9, 2025 12:12 PM
**To:** Steve Brauerman <SBrauerman@bayardlaw.com>; Robert Chernicoff <rec@cclawpc.com>
**Cc:** Dan Atlas <datlas@daileyllp.com>; Brad Leber <bleber@mpl-law.com>; dlkornfield@gmail.com
**Subject:** FINAL JOINT REQUEST – Trust Documents for A.V. Papoutsis Irrevocable Trust (Schedule A, Amendments, Appointments)

Dear Mr. Chernicoff and Mr. Brauerman,

This is a final joint request for production of documents related to the A.V. Papoutsis Irrevocable Trust, of which I am a one-third beneficiary. These documents are essential to my rights as a beneficiary and are also relevant to the evaluation of assets and claims in my pending bankruptcy case (Case No. 1:24-bk-03264-HWV).

I am requesting production, in electronic form where possible, of the following documents:

1. All versions of Schedule A, including any addenda or amendments;

2. All amendments to the Trust instrument;

3. A fully signed and operative version of the Trust instrument;

4. All documents concerning the appointment and/or removal of any Trust Protectors and Distribution Advisors.

To the extent these documents were created or received during Wilmington Trust's tenure as Trustee (2012–2023), I request they be produced by Mr. Brauerman as WTC's litigation counsel. To the extent these materials are now held or updated by the current Trustee, I request production by Mr. Chernicoff.

I request a response and/or production by close of business Friday, April 12, 2025. If I do not receive a complete production, I will proceed to seek subpoenas through the United States Bankruptcy Court, under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

This is not a new request—these materials have been repeatedly requested over the past *two years*. As a beneficiary and now a bankruptcy debtor seeking to protect her estate and creditors, I am entitled to the documents listed above.

Thank you for your attention. Please confirm receipt.

Sincerely,

Irene Mulkerin

Pro Se Debtor

1:24-bk-03264-HWV

# Exhibit B

**Subject:** Fwd: Request for Trust Documents (Andrew V. Papoutsis Irrevocable Trust)
**From:** <irene.mulkerin@outlook.com>
**Date:** 4/8/25, 1:14 PM
**To:** Robert Chernicoff <rec@cclawpc.com>, Joanne Bartley <jbartley@cclawpc.com>
**X-Mozilla-Status:** 0001
**X-Mozilla-Status2:** 00000000
**Content-Type:** multipart/alternative; boundary="Apple-Mail-8CF86789-1B9D-4B90-87E4-939538EF051C"
**Content-Transfer-Encoding:** 7bit
**Message-ID:** <0BBB6F9C-F4A8-4491-9E19-D708BDF3E936@outlook.com>
**References:** <DM6PR13MB2940DA48D03FF61A60941BE7D6AA2@DM6PR13MB2940.namprd13.prod.outlook.com>
**MIME-Version:** 1.0

Good afternoon, Mr. Chernicoff,

Please see below my request for trust documents. I appreciate your attention & prompt response to this message. Thanks so much.


Sincerely,
Irene Mulkerin

Concision and typos courtesy of on-the-go technology.

Begin forwarded message:

> **From:** Daniel Atlas <datlas@daileyllp.com>
> **Date:** April 7, 2025 at 3:30:19PM EDT
> **To:** Irene Mulkerin <irene.papoutsis@gmail.com>, Irene Mulkerin <irene.mulkerin@outlook.com>
> **Subject: RE: Request for Trust Documents (Andrew V. Papoutsis Irrevocable Trust)**
>
>
> Ms. Mulkerin: I am in receipt of your below email. Although I filed the pending motion to withdraw as counsel, that motion has not yet been granted. Accordingly, opposing counsel is unable to communicate with you directly as you are represented in the Delaware action.
>
> Wilmington Trust's counsel wanted to me to pass along the following message: "Will you please advise Ms. Mulkerin that WTC is no longer the Trustee and that she should direct her request to the current Trustee?"
>
> This email serves that purpose.
>
> Best,
> Dan
>
> **Daniel S. Atlas | Associate**
> **Dailey** LLP
> T: (302) 468-5026 | datlas@DaileyLLP.com
>
> **From:** Irene Mulkerin <irene.mulkerin@outlook.com>
> **Sent:** Monday, April 7, 2025 9:27 AM
> **To:** Steve Brauerman <SBrauerman@bayardlaw.com>
> **Cc:** andy.mulkerin.pro-se@outlook.com
> **Subject:** Request for Trust Documents (Andrew V. Papoutsis Irrevocable Trust)
> **Importance:** High
>
>
> **CAUTION EXTERNAL**

> Dear Mr. Bauerman,
>
> I am writing to formally request copies of the following documents related to the Andrew V. Papoutsis Irrevocable Trust, for which Wilmington Trust served from 2012 -2023 as a fiduciary or custodian and I am a beneficiary:
>
> 1. All materials regarding the appointment and removal (installation and exit) of any Trust Protectors or Distribution Advisors.
> 2. All amendments to the trust instrument.
> 3. A fully signed and executed original of the trust instrument, reflecting the final operative version.
> 4. All versions of ScheduleA (including any updates or addenda) associated with the trust.
>
> Please provide these records in their entirety, preferably in electronic form. Obtaining these documents is essential for clarifying the trust's contents, amendments, and fiduciary arrangements. These items may be directly relevant to my upcoming proceedings in my bankruptcy—and given my ongoing financial distress—*time is of the essence*. I respectfully request that you respond or arrange for production at your earliest convenience.
>
> I appreciate your prompt attention to this matter and look forward to your reply.
>
> Sincerely,
> Irene Mulkerin
>
>
> NOTICES: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately. In addition, nothing contained in this message, including attachments, shall be construed as providing tax advice, and is not intended or written to be used for that purpose, or for the purpose of (1) avoiding penalties under the internal revenue code or (2) promoting, marketing, or recommending to others any tax-related matter(s).

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Irene Mulkerin, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

ORDER AUTHORIZING RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION FROM TRUST COUNSEL

Upon consideration of the Debtor's Motion for Rule 2004 Examination and Document Production from Attorney Robert Chernicoff and Attorney Stephen Brauerman, and for good cause shown, it is hereby:

ORDERED that Debtor is authorized to serve subpoenas under Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45 upon:

- Robert Chernicoff, 2320 N. Second Street, Harrisburg, PA 17110; and

- Stephen Brauerman, Bayard, P.A., 600 N. King Street, Suite 400, P.O. Box 25130, Wilmington, DE 19899;

IT IS FURTHER ORDERED that each shall produce the following documents within 14 days of service of the subpoena:

1. All versions of Schedule A to the A.V. Papoutsis Irrevocable Trust, including all amendments or addenda;

2. All amendments, restatements, or modifications to the Trust instrument;

3. All documents relating to the appointment or removal of any Trust Protectors and/or Distribution Advisors;

4. All trust-related correspondence, reports, or documents relating to asset management, valuation, distribution decisions, or litigation coordination not previously produced during the March 26 or April 3, 2025 hearings;

5. Any trust accountings or financial records in the possession of the above-named individuals or their respective firms.

IT IS FURTHER ORDERED that Debtor may proceed with enforcement of such subpoenas in accordance with applicable rules if compliance is not achieved.

Dated:


BY THE COURT: