UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 7 |
| IRENE PAPOUTSIS MULKERIN, | : | |
| Debtor | : | Bankruptcy No. 1:24-bk-03264-HWV |
| | : | |
| WEST SHORE COUNTRY CLUB, | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| IRENE PAPOUTSIS MULKERIN, | : | |
| Debtor/Respondent | : | |

## MOTION OF WEST SHORE COUNTRY CLUB FOR A PROTECTIVE ORDER RESPECTING DEBTOR'S DISCOVERY

West Shore Country Club ("WSCC"), a creditor and party-in-interest herein, by and through its undersigned counsel, respectfully requests a protective order respecting certain Interrogatories and Requests for Production of Documents served upon it by Debtor and, in support of such request, avers as follows:

1. Debtor commenced this Chapter 7 proceeding by filing a voluntary petition on December 18, 2024.

2. WSCC filed its Proof of Claim, evidencing an unsecured claim in the total amount of $6,540.40, on December 24, 2024. WSCC's Proof of Claim is No. 2 on the Claims Register.

3. Debtor filed her objection to WSCC's Proof of Claim ("Objection to Proof of Claim") on February 5, 2025 [Docket No. 173].

4. WSCC filed its written response to Debtor's Objection to Proof of Claim on March 7, 2025 [Docket No. 234].

8280738

5. On April 11, 2025, Debtor served written discovery directed to WSCC in connection with Debtor's Objection to Proof of Claim ("Debtor's Discovery"). A true and copy of Debtor's Discovery, consisting of Interrogatories and Requests for Production of Documents, is attached hereto, incorporated by reference and marked **Exhibit A**.

6. On April 22, 2025, WSCC filed its Request to Withdraw its Proof of Claim No. 2 ("Request to Withdraw") [Docket No. 338].

7. Debtor's Limited Objection to WSCC's Request to Withdraw ("Limited Objection to Withdrawal") was filed on April 23, 2025 [Docket Nos. 340 and 346]. In her Limited Objection, Debtor contends, *inter alia*, that WSCC should be required to fully respond to Debtor's Discovery as a condition to being permitted to withdraw its Proof of Claim.

8. A hearing on Debtor's Objection to Proof of Claim, WSCC's Request to Withdraw and Debtor's Limited Objection to Withdrawal is scheduled for Tuesday, June 3, 2025, at 9:30 a.m.

9. Debtor's Discovery, consisting of 23 Interrogatories and 17 Requests for Production of Documents (each an "RFP"), is both disproportionate to a contested matter over a $6,540.409 unsecured proof of claim and extends to matters far beyond the scope of WSCC's Proof of Claim and any plausible objections that could be raised thereto.

10. WSCC respectfully moves, pursuant to F.R.B.P. 7026(c), made applicable to this proceeding by F.R.B.P. 9014(c), for a protective order excusing its response to Debtor's Discovery for the following reasons:

    a. Debtor's Discovery, including without limitation Interrogatory Nos. 1, 3, 17 and 22 and RFP No. 3, requests responses and documents pertaining actions taken by WSCC post-petition in an earlier bankruptcy proceeding filed by Debtor (Docket No. 1:24-bk-02752-HWV),

which proceeding has since been dismissed. Any such actions taken in the prior bankruptcy are not relevant to the current proceeding.

b. Debtor's Discovery, including without limitation Interrogatory Nos. 2 and 4 and RFP Nos. 1 and 2, requests exhaustive documentation and explanation relative to the brief and straightforward account statement incorporated by WSCC's Proof of Claim and is, accordingly, overbroad and unruly burdensome.

c. Debtor's Discovery, including without limitation Interrogatory No. 4 and RFP No. 4, requests itemization and substantiation of legal fees and costs incurred by WSCC in connection with Debtor's delinquent account. All such discovery is irrelevant to the current proceeding, as the itemization docketed with WSCC's Proof of Claim includes no legal costs.

d. Debtor's Discovery, including Interrogatory Nos. 16-18 and RFP No. 17, requests privileged communications between WSCC and its legal counsel and documentation thereof.

e. Debtor's Discovery, including Interrogatory Nos. 10-12 and RFP No. 10, relates to certain disciplinary action taken by WSCC against Debtor's husband pre-petition and, further, includes blanket requests for information and records on disciplinary action taken by WSCC against other club members over a period of years preceding Debtor's current bankruptcy petition. All such matters are entirely irrelevant to any dispute over WSCC's Proof of Claim. Moreover, records of disciplinary actions taken by WSCC against non-debtor third parties, to the extent that any such records exist, are strictly confidential and held by WSCC in the highest confidence to avoid disclosure to anyone but persons directly involved.

f. Debtor's Discovery, including without limitation Interrogatory Nos. 6-8 and 13-14 and RFP Nos. 7 and 11, relates to the club membership category selected by Debtor and her husband many years prior to Debtor's current bankruptcy filing and any advice provided by

WSCC in connection with such decision. The entire subject is irrelevant to any dispute over WSCC's Proof of Claim.

 g. Debtor's Discovery, including without limitation Interrogatory Nos. 5, 9, 19 and 22 and RFP Nos. 12 and 14, is focused upon Debtor's apparent contention that WSCC has dealt with her delinquent pre-petition account differently than it has dealt with delinquencies of other club members in the past. Even if true, which WSCC does not admit, the entire subject is irrelevant to any dispute over WSCC's Proof of Claim.

 h. Debtor's Discovery, including without limitation Interrogatory Nos. 14-15 and RFP Nos. 8-9, references vocational and financial circumstances of the Debtor and her family, subjects which rightfully are none of WSCC's concern and are entirely irrelevant to any dispute over WSCC's Proof of Claim.

 i. Debtor's Discovery is burdensome, repetitive and, in numerous instances, seeks information and/or documents that are privileged, confidential and/or entirely irrelevant to any dispute over WSCC's Proof of Claim.

 11. WSCC has made a good faith effort to resolve this dispute with Debtor as follows:

 a. WSCC has endeavored to withdraw its Proof of Claim and forego potential payout of its claim in this proceeding, which should obviate the need for responses to Debtor's Discovery, but Debtor has resisted.

 b. WSCC has served this Motion and proposed Order upon Debtor prior to filing, with a request that Debtor withdraw Debtor's Discovery, but after more than 24 hours, Debtor has not responded.

8280738  4

Case 1:24-bk-03264-HWV Doc 355 Filed 05/08/25 Entered 05/08/25 13:23:38 Desc
Main Document Page 4 of 5

WHEREFORE, Movant West Shore Country Club respectfully requests entry of a protective Order in the form filed with this Motion.

<table>
<tr><td>Dated: <u>May 8, 2025</u></td><td>SAXTON & STUMP, LLC<br><br>By: <u>/s/ Robert W. Pontz, Esquire</u><br>Robert W. Pontz, Esquire<br>280 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>Telephone No. (717) 556-1016<br>Telecopier No. (717) 441-3810<br>E-Mail: bpontz@saxtonstump.com</td></tr>
</table>