IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:24-bk-03264-HWV |
| IRENE PAPOUTSIS MULKERIN | : | |
| | : | Chapter 7 |
| Debtor | : | |
| | : | |

**RESPONSE OF THE TRUSTEE OF THE ANDREW V. PAPOUTSIS IRREVOCABLE TRUST TO THE DEBTOR'S NOTICE OF PATTERN OF FIDUCIARY COERCION AND BREACH OF DUTY BY THE TRUSTEE OF THE ANDREW V. PAPOUTSIS IRREVOCABLE TRUST AND RELATED MISCONDUCT**

The Response of The Andrew V. Papoutsis Irrevocable Trust (the "Trust) to the Notice of Pattern of Fiduciary Coercion and Breach of Duty by the Trustee of The Andrew V. Papoutsis Irrevocable Trust and Related Misconduct (the "Notice") as filed by the the Debtor (the "Debtor"), is as follows:

1. On December 19, 2024, Steven Carr, the Chapter 7 Trustee (the "Trustee") filed a Motion to Approve Compromise (the "Compromise Motion") with respect to a settlement of the Debtor's alleged interest in the Trust. Thereafter, the above case has seen numerous attempts by the Debtor to delay a ruling on the Trustee's Motion to Compromise.

2. Various hearings have been held with respect to the Trustee's Compromise Motion.

3. In an Order dated February 5, 2025, the Court set a status conference for March 19, 2025, on the Compromise Motion. The hearing on the Compromise Motion, set for March 26, 2025, was limited strictly to whether or not the Compromise Motion should be approved and as to whether the factors set forth in <u>in re: Martin</u>, 91 F.3d 389 (3rd Cir. 1996) have been met by the Trustee.

4. The Court's Order of February 5, 2025, [Dkt. 174] limited the Debtor's discovery rights and further limited discovery to occur within twenty-one (21) days after the date that the Trustee files a report as set forth in paragraph 4 of the Court's Order of February 5, 2025.

5. Thereafter a hearing was held on the Compromise Motion on March 26, 2025, and on April 3, 2025.

6. Following the hearing on April 3, 2025, the Court set a briefing schedule which has been met and briefs have been filed. The Compromise Motion is now before the Court.

7. The Notice filed by the Debtor is an attempt to provide additional evidence as to the Compromise Motion. The Notice provides nothing further, other than potential additional evidence.

8. The Notice, which is an attempt to provide additional evidence, was filed by the Debtor notwithstanding the fact that the record on the hearings for the Compromise Motion is long closed. This is just one more step by the Debtor to avoid the Orders of the Court and the Rules of Bankruptcy Procedure.

9. There is no provision in the Rules of Bankruptcy Procedure which would allow such additional evidence to be submitted by the Debtor in this manner and at this time.

10. Further, the information set forth in the Notice is not correct. Mr. Kornfield, as the Trustee of The Andrew V. Papoutsis Irrevocable Trust is essentially a party in interest. Mrs. Mulkerin has been apparently emailing him on various occasions and when no response is provided to her or when a response is sent with which she agrees, she continues to send emails. Such is done notwithstanding the fact that there is no obligation on the part of the Trustee to answer her emails.

11. Further, the items set forth from Trustee Kornfield in the Notice are nothing more than an attempt, by a party, to set forth the Trustee's views of the contested matter and is not improper.

**WHEREFORE**, it is respectfully requested that this Court deny matters and items set forth in the Notice, including any exhibits thereto and that the Court provide The Andrew V. Papoutsis Irrevocable Trust such other further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570
rec@cclawpc.com

Date: May 13, 2025