UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 7 |
| IRENE PAPOUTSIS MULKERIN, | : | |
|     Debtor | : | Bankruptcy No. 1:24-bk-03264-HWV |
| | : | |
| ANDREW V. PAPOUTSIS | : | |
| IRREVOCABLE TRUST, ROBERT E. | : | |
| CHERNICOFF, ESQUIRE, | : | |
|     Movants | : | |
| | : | |
| vs. | : | |
| | : | |
| IRENE PAPOUTSIS MULKERIN, | : | |
|     Debtor/Respondent | : | |

**MOTION OF THE ANDREW V. PAPOUTSIS IRREVOCABLE
TRUST AND ROBERT E. CHERNICOFF, ESQUIRE FOR A
PROTECTIVE ORDER RESPECTING DEBTOR'S DISCOVERY**

The Andrew V. Papoutsis Irrevocable Trust ("Trust"), a creditor and party-in-interest herein, and its undersigned counsel ("Attorney Chernicoff"), by and through its undersigned counsel, respectfully requests a protective order respecting "Debtor's First Set of Interrogatories Directed to: (I) The Andrew V. Papoutsis Irrevocable Trust and (II) Robert E. Chernicoff, Esquire" served upon it by Debtor and, in support of such request, avers as follows:

1. Debtor commenced this Chapter 7 proceeding by filing a voluntary petition on December 18, 2024.

2. The Trust is the subject to United State Trustee, Steven Carr's Motion to Compromise Claim (Or in the Alternative, to Assume Executory Contract) filed on December 19, 2024 by Trustee Carr [Docket No. 29].

3. Trust filed a Proof of Claim, evidencing an unsecured claim in the total amount of $97,892.80 on January 2, 2025 for "Legal Fees & Costs associated with failure to comply with eh an Agreement regarding Settlement." A true and correct copy of the Trusts

1

Proof of Claim at attached hereto as Exhibit A and made a part hereto.

4. Debtor filed her objection to the Trust's Proof of Claim ("<u>Objection to Proof of Claim</u>") on January 30, 2025 [Docket No. 140].

5. The Trust filed an Answer to Debtor's Objection to Proof of Claim on February 20, 2025 [Docket No. 214 ] wherein it represented, "The amount of post-Petition attorneys' fees will, once the matter is finally resolved, be filed as an administrative claim with request for payment of the administrative claim by the Trustee."

6. On February 27, 2025, Debtor filed Debtor's Motion for Expedited Resolution of Conflict- Related Disclosure (Or Motion to Compel Limited Discovery Under Doc. 174) ("<u>Motion for Expedited Resolution</u>") [Docket No. 225] inquiring about who Attorney Chernicoff represented and his relationship with the "FLP", Andrew Papoutsis, Wilmington Trust company or "any entity affiliated with them that could impact his role in this matter."

7. This Honorable Court entered an Order Denying Debtor's Motion for Expedited Resolution on February 28, 2025 [Docket No. 227] and stated:

> The Debtor's request is overly burdensome to third parties and to the Trustee relative to the value of the discovery. Specifically, the Debtor's request would require additional disclosures, potential depositions, and disputes regarding professional relationships. Furthermore, no evidence has been presented demonstrating that the Trustee relied on Attorney Chernicoff's representations improperly or that any alleged conflicts impacted the fairness of the settlement. Thus, this requested information may be of little value at all.

8. On May 2, 2025, Debtor served written discovery directed to the Trust and its counsel, Attorney Chernicoff ("<u>Debtor's Discovery</u>"). A true and copy of Debtor's Discovery, consisting of Interrogatories, is attached hereto as Exhibit B and made a part hereto.

9. Debtor asserts that Debtor's Discovery is propounded pursuant to "Fed. R. Bankr. P. 7033, Fed. R. Civ. P. 33, and L.B.R. 7033-1."

10. Debtor's Discovery, consisting of 7 Interrogatories, is both disproportionate to a

2

Case 1:24-bk-03264-HWV    Doc 376    Filed 05/16/25    Entered 05/16/25 11:45:46    Desc
Main Document    Page 2 of 4

contested matter and extends to matters far beyond the scope of the Trust's Proof of Claim and any plausible objections that could be raised thereto.

11. The Trust and Attorney Chernicoff move, pursuant to F.R.B.P. 7026(c), made applicable to this proceeding by F.R.B.P. 9014(c), for a protective order excusing its response to Debtor's Discovery for the following reasons:

    a. Debtor's Discovery in the form of interrogatories is improper under F.R.B.P. 7033 as there is no currently pending adversary proceeding where the Trust and the Attorney Chernicoff are parties.

    b. Debtor's Discovery, including without limitation Interrogatory Nos. 2, 4 and 5, requests exhaustive documentation and explanation relative to the straightforward account statement incorporated by the Trust's Proof of Claim and is, accordingly, overbroad and unruly burdensome.

    c. Debtor's Discovery, including without limitation Interrogatory Nos. 1, 2, 4, 5 and 6, requests privileged communications between the Trust and its legal counsel and documentation thereof.

    d. Debtor's Discovery, including without limitation Interrogatory Nos. 4 and 6, requests privileged communications regarding settlement negotiations and documentation thereof.

    e. Debtor's Discovery is focused upon Debtor's apparent contention that the "Coordinated Parties" have allegedly colluded for nefarious purpose yet the Debtor has failed to prove or establish such claims.

    f. Debtor's Discovery is burdensome, repetitive and, in numerous instances, seeks information and/or documents that are privileged, confidential and/or entirely irrelevant to any dispute over the Trust's Proof of Claim.

3

Case 1:24-bk-03264-HWV    Doc 376    Filed 05/16/25    Entered 05/16/25 11:45:46    Desc
Main Document    Page 3 of 4

12. The Trust and Attorney Chernicoff have made a good faith effort to resolve this dispute with Debtor as follows: The Trust and Attorney Chernicoff served this Motion and proposed Order upon Debtor prior to filing, with a request that Debtor withdraw Debtor's Discovery, but after more than 24 hours, Debtor has not responded.

WHEREFORE, Movants, Andrew V. Papoutsis Irrevocable Trust and its undersigned counsel, Robert E. Chernicoff, Esq., respectfully requests entry of a protective Order in the form filed with this Motion.

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457
    (717) 238-6570

Date: May 16, 2025