UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE P. MULKERIN, Debtor.
Case No.: 1:24-bk-03264-HWV
Chapter 7

FILED
May 19, 2025
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

DEBTOR'S OBJECTION TO MOTION FOR PROTECTIVE ORDER FILED BY THE ANDREW V. PAPOUTSIS IRREVOCABLE TRUST AND ROBERT E. CHERNICOFF, ESQUIRE

Debtor Irene P. Mulkerin, appearing pro se, respectfully submits this objection to the Motion for Protective Order filed by the Andrew V. Papoutsis Irrevocable Trust (the "Trust") and Robert E. Chernicoff, Esquire (Doc. 376), stating as follows:

1. Debtor's First Set of Interrogatories ("Interrogatories") was properly served under Fed. R. Bankr. P. 9014(c), which explicitly allows discovery in contested matters, including objections to proofs of claim.

2. The Trust has submitted a substantial Proof of Claim (Doc. 214), seeking significant legal fees and related costs. The Interrogatories seek information directly relevant to evaluating the legitimacy, computation, and factual basis for the Trust's asserted claim.

3. The Trust's reliance on this Court's prior denial of Debtor's Motion for Expedited Resolution (Doc. 225) is misplaced. That order (Doc. 227) specifically addressed concerns regarding third-party burden and does not limit the Debtor's right to standard, focused discovery directed at the Trust.

4. The Trust's broad claims of attorney-client privilege and confidentiality are inadequately substantiated. Debtor requests a detailed privilege log in accordance with Fed. R. Civ. P. 26(b)(5) for any privilege assertions.

5. Debtor's discovery requests are neither overly broad nor unduly burdensome. Given the significant financial and fiduciary implications inherent in the Trust's Proof of Claim and the related contested matters currently before this Court, the requested documentation and communications are essential to a fair evaluation and resolution.

6. Transparency concerning the Trust's actions, communications, and fee calculations is critical, especially given documented fiduciary concerns and ongoing litigation in which these precise issues are central to the Debtor's objections and contentions.

7. The Debtor has acted consistently in good faith by serving appropriate, timely, and targeted interrogatories intended to clarify and narrow disputed issues. The Trust's and Attorney Chernicoff's efforts to avoid transparency through procedural maneuvers should not frustrate legitimate and necessary discovery.

WHEREFORE, the Debtor respectfully requests that the Court:

A. Deny the Motion for Protective Order filed by the Trust and Attorney Chernicoff in its entirety;

B. Compel the Trust and Attorney Chernicoff to fully respond to Debtor's First Set of Interrogatories promptly, or in the alternative, provide a detailed privilege log for any specific privilege claims; and

C. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 19, 2025

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050