UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE P. MULKERIN,
Debtor, Pro Se
Case No.: 1:24-bk-03264-HWV
Chapter 7

FILED
**May 22, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

IRENE P. MULKERIN,
Debtor/Objector,
v.
ORRSTOWN BANK,
Respondent

DEBTOR'S OBJECTION TO ORRSTOWN BANK'S MOTION FOR REMOTE TESTIMONY (DKT. 393) AND STATEMENT REGARDING DISCOVERY STATUS

Debtor Irene P. Mulkerin, appearing pro se, respectfully objects to Orrstown Bank's Motion for Leave to Provide Remote Testimony (Dkt. 393) and states as follows:

On May 21, 2025, Debtor sent an email to counsel for Orrstown Bank (attached as Exhibit A), clearly stating that no testimony of any kind should proceed until Orrstown completes its responses to Debtor's timely-served interrogatories, which remain materially incomplete and insufficient.

As of the date of this filing, Orrstown has not responded to that message, nor has it supplemented its deficient discovery responses. Instead, it now seeks leave to proceed with testimony while discovery remains unresolved.

Pursuant to Federal Rule of Bankruptcy Procedure 7033 (incorporating Fed. R. Civ. P. 33), Orrstown must fully respond to interrogatories prior to any evidentiary hearing, to ensure Debtor's right to prepare and cross-examine is preserved.

1

Permitting witness testimony without full discovery would deprive Debtor of a fair opportunity to challenge the factual assertions in the Proof of Claim, particularly as to financial figures.

The hearing scheduled for May 29, 2025, should not involve any substantive testimony until Orrstown fulfills its discovery obligations. Allowing remote testimony under these circumstances would irreparably prejudice Debtor's ability to prepare and to conduct meaningful cross-examination.

As reflected in Exhibit A, Debtor is actively attempting to resolve discovery disputes informally and avoid unnecessary motion practice. Orrstown's lack of cooperation is unwarranted given that full discovery is a prerequisite to any evidentiary proceeding.

Debtor does not oppose reasonable accommodations once discovery has been completed and reviewed.

Debtor expressly reserves the right to seek a continuance of the May 29 hearing or to file a formal Motion to Compel if Orrstown does not cure its deficiencies promptly.

**WHEREFORE,** Debtor respectfully requests that the Court:

1. Deny Orrstown Bank's Motion for Leave to Provide Remote Testimony (Dkt. 393) as premature;

2. Confirm that no witness testimony shall be permitted on May 29, 2025, unless and until discovery is completed;

3. Direct Orrstown to promptly provide complete discovery responses; and

4. Grant such other relief as the Court deems just and proper.

Dated: May 22, 2025

Respectfully submitted,

Irene Mulkerin

Debtor, Pro Se

1740 Adeline Drive

Mechanicsburg, PA 17050

# EXHIBIT A

4

**Subject:** Re: Orrstown Claim and Upcoming Hearing
**From:** Irene Mulkerin <irene.mulkerin@outlook.com>
**Date:** 5/21/25, 2:34 PM
**To:** "Kim A. Bonner" <KAB@jsdc.com>
**CC:** Andy <andy.mulkerin.pro-se@outlook.com>
**X-Mozilla-Status:** 0001
**X-Mozilla-Status2:** 00000000
**Thread-Topic:** Orrstown Claim and Upcoming Hearing
**Thread-Index:** AQHbynIvEAN/IDn/VkCZE93o6asP2rPdVj9AgAASvPY=
**Importance:** high
**X-Priority:** 1
**Disposition-Notification-To:** Irene Mulkerin <irene.mulkerin@outlook.com>
**Return-Receipt-To:** <irene.mulkerin@outlook.com>
**X-MS-Exchange-MessageSentRepresentingType:** 1
**Message-ID:** <BYAPR08MB4200500B580DDD7222342608889EA@BYAPR08MB4200.namprd08.p
**References:** <BYAPR08MB4200905629DA676F278DFAAE889EA@BYAPR08MB4200.namprd08.prc
<CH3PR15MB64999B81F3EFAABAAAD9FB3FC39EA@CH3PR15MB6499.namprd15.prod.outlook.cc
**In-Reply-To:** <CH3PR15MB64999B81F3EFAABAAAD9FB3FC39EA@CH3PR15MB6499.namprd15.p
**Content-Language:** en-US
**X-MS-Exchange-Organization-SCL:** -1
**X-MS-Exchange-Organization-RecordReviewCfmType:** 0
**Content-Type:** text/html; charset="Windows-1252"
**Content-Transfer-Encoding:** quoted-printable
**MIME-Version:** 1.0

Hi Kim,

Thanks for your email.

To clarify your question regarding witnesses and appearances: I do not consent to witnesses appearing via Zoom. All witnesses must appear in person.

More importantly, the reason no substantive testimony should yet occur is because your client has not provided complete answers to my timely-served interrogatories. Orrstown's responses remain incomplete and insufficient, which prevents meaningful preparation for testimony or any substantive hearing. As you know, complete discovery responses are a foundational requirement prior to witness testimony.

Yesterday, I filed a Notice regarding a similar situation with Traditions Bank/ACNB (Doc. 387), reflecting my preference to resolve discovery deficiencies informally first, rather than clutter the docket unnecessarily. I strongly suggest Orrstown revisit its responses and promptly fulfill its discovery obligations to avoid similar filings or a formal Motion to Compel.

In good faith, I continue pursuing motions that, if successful, will significantly benefit Orrstown by facilitating full repayment of their claim. It remains puzzling that Orrstown seems uninterested in cooperating to achieve that outcome. Support from your client for these efforts could be meaningful at this stage.

Absent immediate progress, I will proceed accordingly.

Respectfully,
Irene Mulkerin
Debtor, Pro Se

1740 Adeline Drive
Mechanicsburg, PA 17050

---

**From:** Kim A. Bonner <KAB@jsdc.com>
**Sent:** Wednesday, May 21, 2025 1:42 PM
**To:** Irene Mulkerin <irene.mulkerin@outlook.com>
**Subject:** RE: Orrstown Claim and Upcoming Hearing

I understand that you have stated it is your intention to use the funds you are seeking from your Trust to make payments to Orrstown. However, Orrstown is not a party to those proceedings and those proceedings are not a basis to object to the amounts due as set forth in Orrstown's Proof of Claim.

Since you are planning on moving forward with the Objection to Orrstown's Claim hearing on the 29th, I will be filing a request for my client to testify remotely if needed due to their distance from the Courthouse. Please let me know if you concur with that request by the end of the day.

Thank you,
Kim

*Kimberly A. Bonner, Esquire*
*JSDC LAW OFFICES*
*11 E. Chocolate Avenue, Suite 300*
*Hershey, PA 17033*
*Tel: 717.533.3280*
*DD Tel: 717-298-2113*
*DD Fax: 717-298-2114*

---

**From:** Irene Mulkerin <irene.mulkerin@outlook.com>
**Sent:** Wednesday, May 21, 2025 1:04 PM
**To:** Kim A. Bonner <KAB@jsdc.com>
**Cc:** Andy <andy.mulkerin.pro-se@outlook.com>
**Subject:** Orrstown Claim and Upcoming Hearing
**Importance:** High

Hi Ms. Bonner,

Thanks for your email.

As stated clearly in my filings, I'm actively pursuing two motions—a distribution from my trust and the $150,000 escrow—both of which explicitly provide substantial payment towards Orrstown's claim and address ongoing obligations. Given that Orrstown would directly benefit from the success of these motions, your client's written support prior to the May 29 hearing would be productive and appreciated.

While I currently plan to move forward with the May 29 hearing, if Orrstown demonstrates good faith support on these motions, I'd be willing to reconsider my position on a continuance that your client seems inclined to prefer.

If Orrstown cannot meet me there, I see little else to discuss at this stage.

Best regards,
Irene Mulkerin
Debtor, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050