UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN,
Debtor

Case No. 1:24-bk-03264-HWV
Chapter 7

FILED
**May 23, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

DEBTOR'S REPLY IN FURTHER SUPPORT OF MOTION FOR RULE 2004 EXAMINATION OF THE PAPOUTSIS FAMILY LIMITED PARTNERSHIP AND ANDREW PAPOUTSIS (DKT. 206)

Debtor Irene Mulkerin, appearing pro se, respectfully submits this reply to the Answer filed by the Papoutsis Family Limited Partnership ("FLP") and Andrew Papoutsis ("AP") (Dkt. 343), opposing Debtor's motion under Rule 2004.

I. INTRODUCTION

FLP and AP oppose Debtor's unopposed Rule 2004 Motion on three flawed grounds: (1) that the matter is not "ripe" pending resolution of the Motion to Compromise; (2) that Debtor lacks standing to examine FLP matters; and (3) that the request constitutes a "fishing expedition." Each argument is meritless and unsupported by the record. The motion should be granted.

II. DEBTOR HAS A PERSONAL AND ESTATE INTEREST IN THE FLP

Debtor is a 1/3 limited partner in the Papoutsis Family Limited Partnership. That interest is property of the bankruptcy estate under 11 U.S.C. § 541. The FLP concedes Debtor's status as a limited partner (Dkt. 343 ¶ 1.1).

Debtor holds original FLP agreements, including the operative partnership agreement and a signed amendment related to financing, but has been denied access to all subsequent financials, lien documents, mortgage terms, tax filings, and distributions. Despite this lack of access, Debtor incurred personal tax liability

1

on pass-through FLP income, as Trustee Carr recognized in his Report on Motion to Compromise (Dkt. 189).

## III. THE TRUSTEE'S COMPROMISE MOTION DOES NOT MOOT DISCOVERY

FLP and AP assert that if the Trustee's Motion to Compromise is granted, "any proceedings with respect to the FLP are rendered moot" (Dkt. 343 ¶ II). This is speculative and legally baseless. Rule 2004 discovery is appropriate to evaluate the wisdom of the compromise itself, including:

- The value of estate claims related to the FLP;
- The existence of undisclosed liens and asset transfers;
- The history of financial mismanagement or suppression of distributions;
- Potential claims against fiduciaries or related entities.

The compromise is not yet approved, and the estate may pursue FLP-related recoveries either through Trustee Carr or, if denied, by derivative standing (see Debtor's Motion for Derivative Standing, Dkt. 161).

## IV. RULE 2004 DISCOVERY IS APPROPRIATE AND NARROWLY TAILORED

Contrary to the "fishing expedition" label, the Rule 2004 request targets specific documents and testimony concerning:

- FLP property appraisals (including Hanover Road);
- Distributions withheld from Debtor despite reported income;
- Mortgage and lien encumbrances not disclosed to Debtor;
- The role of Andrew Papoutsis as General Partner;
- The financial condition and asset status of the FLP as of bankruptcy filing.

These topics go to the heart of estate administration and the good faith of the compromise. The request is specific, relevant, and supported by documentary gaps and fiduciary concerns.

## V. CONCLUSION

Debtor is entitled to investigate the FLP's financial history and her rights as a limited partner. The Rule 2004 Motion (Dkt. 206) is narrowly crafted to uncover information directly relevant to asset valuation and estate recovery. The Court should overrule the objection (Dkt. 343) and enter the Proposed Order (Dkt. 211) granting the motion in full.

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin
Debtor, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050

Dated: May 23, 2025

---

CERTIFICATE OF SERVICE

I, Irene P. Mulkerin, hereby certify that on this 23rd day of May, 2025, I served a true and correct copy of the foregoing DEBTOR'S REPLY IN FURTHER SUPPORT OF MOTION FOR RULE 2004 EXAMINATION OF THE PAPOUTSIS FAMILY LIMITED PARTNERSHIP AND ANDREW PAPOUTSIS (DKT. 206) via electronic mail upon the following:

Robert Chernicoff, Esq.
Email: rec@cclawpc.com

Steven M. Carr, Esq.
Chapter 7 Trustee
Ream Carr Markey Woloshin & Hunter LLP
119 East Market Street
York, PA 17401
Email: stevecarr8@comcast.net

Joseph P. Schalk, Esq.
Acting Assistant United States Trustee
Office of the U.S. Trustee
The Sylvia H. Rambo U.S. Courthouse

3

1501 North 6th Street, Box 302
Harrisburg, PA 17102
Email: joseph.schalk@usdoj.gov

/s/ Irene Mulkerin
Irene Mulkerin
Debtor, Pro Se