UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN,
Debtor

Case No.: 1:24-bk-03264-HWV

Chapter: 7

FILED
**May 28, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

SUPPLEMENTAL DAMAGES STATEMENT IN SUPPORT OF DERIVATIVE STANDING MOTION (DKT. 161)

Debtor Irene Mulkerin, appearing pro se, respectfully submits this Supplemental Damages Statement in support of her Motion for Derivative Standing (Dkt. 161), to be considered at the May 29, 2025, status conference.

Purpose of Submission

This submission details specific categories of quantifiable damages the Debtor seeks derivative standing to pursue, stemming from:

- Fiduciary misconduct within the A.V. Papoutsis Irrevocable Trust;
- Financial mismanagement and suppression of distributions from the Papoutsis Family Limited Partnership (FLP);
- Tortious interference and orchestrated business destruction of Mulkerin Holdings, LLC; and
- Coordinated fiduciary actions involving coercion, misrepresentation, and intentional concealment of critical documents and information, including deliberate withholding of schedules and accurate trust statements essential for informed decision-making.
- These claims are substantial, clearly supported by credible evidence, and fully documented through court records, correspondence, financial reports, and sworn testimony.

Mulkerin Holdings, LLC was founded in late 2021 through the combined life savings, intensive personal labor (sweat equity), and reinvested revenues of Debtor

1

Irene Mulkerin, her husband Andy Mulkerin, and a select group of friends and family investors. They were united by an entrepreneurial vision to build an agile, technologically advanced industrial enterprise structured around four specialized, synergistic divisions:

- Beta Machine & Fabrication, LLC
- True Air Industrial, LLC
- Javelin Automation, LLC
- Mulkerin Tool & Machine, LLC (dba Wolfe Tool & Machine)

Strategically positioned to achieve an enterprise value exceeding $400 million within five years, Mulkerin Holdings leveraged robust market demand across its divisions. Andy Mulkerin's extensive expertise in business and technology management, manufacturing, engineering, industrial processes including steel and metalworking, metallurgy, and strategic operations uniquely positioned the company to capitalize on emerging opportunities within the evolving industrial and defense landscapes.

However, this substantial growth potential was systematically sabotaged through deliberate withholding of essential capital, intentional legal misdirection, fiduciary misconduct, and the abrupt, unjustified withdrawal of promised banking support by Traditions Bank.

The resulting economic devastation forced asset liquidation, inflicted severe emotional distress, caused profound reputational harm, and culminated in the complete destruction of the businesses, along with many related impacts.

The collateral consequences of these actions have deeply affected family relationships, significantly compromised mental and emotional health, potentially impacted physical well-being, and severely damaged personal and professional networks.

Structured Civil Damages Matrix (Exhibit A)

| Category | Description of Harm | Estimated Damages | Key Evidence & Sources |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 1. Mulkerin Holdings Business Destruction | Systematic and coordinated destruction of Mulkerin Holdings via deliberate withholding of critical capital, targeted operational interference, strategic legal obstruction, and intentional reputational sabotage. | $50M – $400M | Financial models, business records, contracts, and correspondence involving Traditions Bank, Wilmington Trust, and APX/Papoutsis-related entities and filings. |
| 2. Withheld Trust Distributions | Systematic and coordinated withholding of rightful trust distributions, directly contributing to the bankruptcy of both the Debtor and her husband. Despite clear entitlement as a one-third beneficiary and multiple fiduciary requests, distributions were unjustifiably withheld. | $6M – $10M | Emails (Oct–Nov 2024), Dkt. 191, Doc 372, Kornfield correspondence, trust valuations |
| 3. Denial of FLP Distributions | Irene, as 1/3 limited partner, systematically denied rightful financial distributions despite active, profitable assets. | $3M – $6M | FLP records, Dkt. 377 motion, anticipated discovery, valuation reports |
| 4. Bad Faith Lending – Traditions Bank | Withdrawal of critical financial support after promising continuity, strategically timed to precipitate collapse. | $5M – $20M | Bank records, financial documentation, email correspondence, Mulkerin Holdings' business records, and Traditions Bank's |

| | | | |
|---|---|---|---|
| | | | filings in Bankruptcy Cases Nos. 1:24-bk-00270-HWV (Andrew Mulkerin), 1:24-bk-02752-HWV, and 1:24-bk-03264-HWV (Irene Mulkerin). |
| 5. Delayed Recovery & Fiduciary Obstruction | Coordinated withholding of documents, obstruction of claims, and suppression of recovery opportunities by fiduciaries. | $1M – $5M | Document requests, fiduciary communications, discovery denials |
| 6. Escrow Coercion | Debtor coerced into placing $150K in escrow via deceptive practices of attorneys Atlas & Saunders. | $150K – $500K | August 2024 recordings, term sheets, Doc 372, email correspondence, sworn testimony, timing with case 00270 |
| 7. Emotional & Psychological Harm | Severe emotional distress, substantial reputational harm, and ongoing family hardship resulting from prolonged litigation, fiduciary misconduct, financial devastation, and loss of essential assets—including the repossession of multiple vehicles, inability to maintain children's allowances or basic family financial stability, and severe disruption to daily life. | $500K – $2M | Personal testimonies, mental health evaluations, documented impacts on family relationships and well-being, financial records demonstrating extreme hardship and disruption. |

Total Estimated Damages: $66M – $443M, with potential additional RICO or treble damages upon proof of conspiracy.

---

Relevance to Standing

This detailed statement substantiates critical points regarding the Debtor's legal standing:

- The damages detailed herein are precise, clearly quantifiable, and supported by robust documentary evidence and credible witness testimony. These damages are directly traceable to documented actions taken by fiduciaries and counterparties involved in the bankruptcy estate and related trust matters.
- Trustee Steven Carr's repeated refusal to investigate or pursue these claims, despite admissions under oath of reliance on conflicted counsel, constitutes a clear breach of fiduciary duty, seriously compromising estate integrity.
- Trustee Carr's consistent neglect has demonstrably damaged the bankruptcy estate, depriving it of substantial recovery opportunities. Granting the Debtor derivative standing is essential to vigorously pursue these well-supported claims, directly benefiting the estate and all stakeholders.

Granting the Debtor derivative standing is appropriate and necessary to achieve justice, recover substantial lost value, and restore integrity to estate administration.

Request for Relief

Debtor respectfully requests the Court:

- Accept the structured damages matrix (Exhibit A) in support of Dkt. 161;
- Recognize this matrix as a reliable basis for evaluating claim scope and valuation;
- Grant Debtor derivative standing or schedule evidentiary hearings to further substantiate the record.

Respectfully submitted,

Dated: May 28, 2025

/s/ Irene Mulkerin
Irene Mulkerin
Debtor, Pro Se