UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : NO. 24-03264-HWV
    Irene Papoutsis Mulkerin :
:
           Debtor : Chapter 7

TRUSTEE'S BRIEF IN SUPPORT OF
APPLICATION TO PAY SPECIAL COUNSEL'S FEE

**I.**     **PROCEDURAL HISTORY**

The instant bankruptcy petition was filed on December 18, 2024. On December 19, 2024, Trustee filed an Application to appoint Daniel Atlas, Esq. and his firm to act as special counsel regarding an action in the Delaware Court of Chancery. On January 22, 2025, Debtor filed an amended objection to the Application to appoint special counsel. By Order dated, January 28,2025, after a hearing, the court appointed Attorney Atlas as special counsel.

Trustee filed a Motion to Approve Compromise the state court litigation on December 19, 2024. On May 28, 2025, the court approved the compromise and by Order of June 3, 2025, the court approved the Compromise on a final basis. Trustee has filed an application to approve special counsel fees in accordance with his terms of employment. Debtor has objected to the fee application.

**II.**     **STATEMENT OF FACTS**

Debtor filed a pro se complaint in the Delaware Court of Chancery on December 23, 2023. On March 22, 2024, Debtor engaged Daniel Atlas and Dailey LLP to represent her in the litigation. The terms were on a contingency fee basis of 20% of any recovery, plus costs, if

1

obtained after a complaint is filed but before dispositive motions are prepared or discovery begins; or 33% thereafter. Attorney Atlas drafted and subsequently filed an Amended Complaint on April 26, 2024. Dispositive Motions were filed, thereby triggering the increased fee. However, special counsel only seeks the 20% fee, plus costs.

As set forth at length in the hearings on the Motion to Compromise, Attorney Atlas provided services and engaged in settlement negotiations which culminated in Debtor and the other parties to the suit and the trust executing a Settlement Term Sheet on September 4, 2024.

Debtor thereafter filed bankruptcy. The Trustee engaged Attorney Atlas as special counsel on the same terms as did Debtor. The court approved that engagement on the 20% contingency fee plus costs, with the potential elevated percentage of 33%.

Given that pursuant to the terms of the Settlement, the estate is to receive $3,150,000.00, counsel is entitled to a fee of $630,000.00 plus reimbursement for costs.

**III.**     **STATEMENT OF QUESTIONS INVOLVED**

    **A.**     **Whether Special Counsel is entitled to receive his 20% contingency fee?**

**IV.**     **ARGUMENT**

    **A.**     **Special Counsel is entitled to receive his contingency fee pursuant to his terms of engagement.**

At the outset, Trustee is compelled to point out that even though the higher percentage threshold was triggered, Special Counsel merely seeks the 20% contingent fee. Yet Debtor still objects.

2

Case 1:24-bk-03264-HWV    Doc 481    Filed 06/27/25    Entered 06/27/25 11:24:24    Desc
Main Document    Page 2 of 6

Further, the Debtor's objection is yet another re-hash of the same arguments raised at the hearing on the Application to Appoint, and raised again at the hearing on the Motion to Approve Compromise. Those objections were already considered and rejected, not once but twice, as noted on page 16 of the Court's Opinion approving the Compromise. Undaunted, Debtor now tries for the third time.

Quite simply, there is no basis to deny special counsel the fee that he has clearly earned. Not only did Debtor engage him on the contingent fee basis, but so too did the Trustee, which engagement was approved by the court in its Order of January 28, 2025.

It is correct that the Order also noted that the Order approving the appointment was not a guarantee of payment, and is dependent upon the court's consideration of final application of fees. Nevertheless, there is no basis for the court to alter the contractually approved arrangement of both Debtor and the Trustee with the Special Counsel.

Section 328 of the Code specifically authorizes a Trustee to employ professionals under 328 on a contingent fee basis. Section 328 further permits a court to allow different compensation "if such terms and conditions prove to have been improvident **in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.**" Stated differently, once the terms of the professional's retention have been approved, the court can change them **only** if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions. *In Re Uni-Marts LLC*, 2010 Bankr Lexis 1049 (BK DE 2010); *In Re Busy Beaver Building Centers, Inc*., 19 F.3d 833, 841 (CA3 1994).

In the instant case, all was known at the time of Special Counsel's engagement. The Motion to Compromise the claim had already been filed. Everyone, including the Debtor,

3

knew that Attorney Atlas had been engaged by Debtor on a contingent fee basis, and that through his efforts, a settlement was negotiated and reached.  If anything, the testimony adduced at the hearings on the Motion to Compromise augmented the court's understanding as to the breadth of Attorney Atlas' efforts to generate the very settlement that was approved.  There is quite simply no development that has occurred , much less a development not capable of being anticipated.

Contingent fee agreements have long been utilized to provide a means of representation for clients who can't afford to pay hourly rates.   It is simply disingenuous to suggest that, after obtaining a spectacular result, counsel really didn't do "that much."   To the contrary, counsel took the risk and the challenge of a piece of difficult litigation and was able to achieve a great settlement.

Finally, it is erroneous to separate the efforts made by counsel before the bankruptcy was filed with the efforts made after special counsel was retained by the Trustee.  In attempting to do so, Debtor ignores the charging lien that special counsel possesses in the settlement proceeds.

Courts have long recognized the common law concept of an equitable charging lien. *Novinger v. E.I. Du Pont de Nemours & Co*, 809 F.2d 212 (1987).  The equitable charging lien gives an attorney the right to be paid out of a fund which resulted from his skill and labor, but limited to services rendered in the particular case. *Id.* At 218.

Given that special counsel obtained the settlement resulting from his skill and labor, and  it was intended that Special Counsel be paid from the settlement proceeds, and his claim is limited to the fees and costs incurred in the litigation, Special Counsel has a charging lien on the settlement proceeds and is entitled to have his fees approved.

4

## V. CONCLUSION

For the foregoing reasons, the Trustee's Application to Approve Special Counsel's Fees must be granted.

                                  REAM, CARR, MARKEY, WOLOSHIN & HUNTER, LLP

                                  By: /s/ Steven M. Carr
                                  Steven M. Carr, Esq.
                                  Attorney for Trustee
                                  119 E. Market Street
                                  York, PA 17401
                                  Phone: (717) 843-8968
                                  Fax: (717) 846-4999
                                  Email: carr20@aol.com
                                  PA 34336

UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : NO. 24-03264-HWV |
|     Irene Papoutsis Mulkerin | : |
| | : |
|         Debtor | : Chapter 7 |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following Filing Users at the following addresses:

Office of the U.S. Trustee
Robert Chernicoff, Esq.
Irene Mulkerin


and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants at the following addresses:


Irene Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

                                            Ream, Carr, Markey Woloshin & Hunter, LLP

                                            /S/ Steven M. Carr
                                            Steven M. Carr, Esquire
                                            119 East Market Street
                                            York, PA  17401
                                            (717) 843-8968
                                            I.D. #34336