UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
IRENE MULKERIN, Debtor
Chapter 7 (Pending Conversion to Chapter 13)
Case No. 1:24-bk-03264-HWV

FILED
**August 5, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

MOTION OF ANDREW WILLIAM MULKERIN FOR LEAVE TO INTERVENE UNDER BANKRUPTCY RULE 2018(a)

NOW COMES Andrew William Mulkerin, pro se, and respectfully moves this Court for leave to intervene for limited purposes in the above-captioned proceeding pursuant to Fed. R. Bankr. P. 2018(a), and in support thereof states as follows:

I. RELATIONSHIP TO THE DEBTOR

1. I am the spouse of the Debtor, Irene Mulkerin, and an active party in a related Chapter 13 proceeding, Case No. 1:25-bk-01575-HWV.

2. My Chapter 13 plan, disclosures, and litigation posture are directly intertwined with assets and claims arising from the same underlying business structure, fiduciary relationships, and financial transactions at issue in this case—particularly the Papoutsis Family Limited Partnership ("FLP") and its integration with the A.V. Papoutsis Irrevocable Trust, as well as the APX Companies and the affiliated entities of Ventwell and APX Seetech Systems.

II. BASIS FOR INTERVENTION

3. I am a 47% owner of Ventwell, Inc. and APX Seetech Systems, Inc.—two companies that operated in FLP-owned industrial facilities and were part of a vertically integrated ecosystem dominated by Andrew V. Papoutsis.

1

4. Both companies were shut down following FLP-coordinated financial manipulations, including but not limited to: intercompany "loans" later reclassified and forgiven, and leveraged liens using FLP property for the benefit of third-party APX companies and trust-aligned actors.

5. I was physically present at a meeting in York, Pennsylvania with representatives of F&M Trust and Andrew Papoutsis, where I directly witnessed Papoutsis refuse to provide corporate financials for APX York Sheet Metal. Instead, he proposed pledging unrelated FLP real estate as collateral—a red flag the bankers themselves privately acknowledged to me at the time.

6. Based on my observations and subsequent analysis, it appears that FLP assets were used to obtain financing that benefitted other APX companies and/or Andrew Papoutsis personally, without corresponding value flowing back to the FLP—a breach of fiduciary duty with significant implications for both estates.

7. Trustee Carr has refused to investigate or meaningfully engage with any of this evidence. In fact, he admitted in open court that he was afraid of negotiating more than $300,000–$500,000 for the FLP because Papoutsis might "just offer $10," despite appraisals showing the FLP's property value exceeds $8 million. That is not fiduciary discretion—that is abdication.

---

### III. LEGAL STANDARD FOR INTERVENTION

8. Fed. R. Bankr. P. 2018(a) allows any "interested entity" to intervene "for cause shown." Cause is shown where a party has a direct legal, financial, or procedural interest in the matter at hand. Courts have consistently granted intervention to parties whose rights may be affected by abandonment or disposition of estate property. See, e.g., *In re Torrez*, 132 B.R. 924 (Bankr. E.D. Cal. 1991); *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989).

9. My rights will unquestionably be affected by the proposed abandonment of the FLP interest. If that abandonment is approved without scrutiny, it will

2

Case 1:24-bk-03264-HWV    Doc 545    Filed 08/05/25    Entered 08/05/25 10:34:17    Desc
Main Document    Page 2 of 3

jeopardize discovery, erase value, and extinguish overlapping claims tied to trust funding, loan collateralization, and related-party abuses.

10. On August 4—only hours after I filed my objection to the FLP abandonment—Trustee Carr threatened me with sanctions under Rule 11 for doing so, despite the fact that I disclosed my interests and filed with a good faith basis in both law and fact. This Motion is filed both to solidify my standing and to rebut that threat with procedural clarity.

## IV. REQUESTED RELIEF

11. I respectfully request that this Court grant me leave to intervene for the limited purpose of objecting to the proposed abandonment of the FLP and to participate in any hearings, filings, or proceedings relevant to that issue, or to any overlapping claims in which I have a material stake.

WHEREFORE, I respectfully request that the Court:

- GRANT this Motion for Leave to Intervene under Rule 2018(a);
- Recognize me as a party in interest for purposes of participating in proceedings relating to the proposed abandonment of the Papoutsis Family Limited Partnership; and
- Grant such further relief as the Court deems just and appropriate.

Dated: August 5, 2025
Respectfully submitted,
/s/ Andrew William Mulkerin
Andrew William Mulkerin
Pro Se Party and Interested Creditor
1740 Adeline Drive
Mechanicsburg, PA 17050
andy.mulkerin.pro-se@outlook.com