## PROMISSORY NOTE

$380,000.00                                                        Date: September 30, 2022

FOR VALUE RECEIVED, the UNDERSIGNED, Mulkerin Tool & Machine, LLC (herein the "Obligor"), promises to pay to the order of Keith E. Wolfe and Lisa B. Wolfe and Wolfe Tool & Machine Co., (collectively herein the "Obligee"), the principal sum of Three Hundred Eighty Thousand and 00/100 Dollars ($380,000.00) together with interest as provided herein. Interest shall accrue on any unpaid amount beginning on the date hereof at the rate of three (3%) percent per annum until September 30, 2024, thereafter at the rate of four (4%) percent per annum until September 30, 2025, thereafter at the rate of five (5%) percent per annum until September 30, 2026, and thereafter at six (6%) percent per annum until September 30, 2027 (the "Maturity Date"). Equal quarterly principal payments, each in the amount of $19,000.00, together with applicable interest on the outstanding principal balance, shall be due commencing December 31, 2022, and on each March 31, June 30, September 30 and December 31 thereafter until paid in full. Payments are set forth on the attached Schedule. The entire principal balance together with all interest and charges due shall, if not sooner paid, be fully due and payable on the Maturity Date. In the event a payment is not received within fifteen (15) days of the due date for payment, an additional late payment charge of five percent (5%) percent of the installment due will be due and owing immediately from Obligor to Obligee.

This Promissory Note is given as security for the payment and performance of all obligations to be performed by Obligor under the terms of that certain Asset Purchase Agreement ("Agreement") to sell the Business Assets of Wolfe Tool & Machine Co. and Real Estate of Keith E. Wolfe and Lisa B. Wolfe to Mulkerin Tool & Machine, LLC, the terms and provisions of which Agreement are fully incorporated herein by reference as if set forth herein in full.

**PREPAYMENT:** The Purchaser/Obligor shall, at its option, have the right to prepay the obligation under this Note at any time without penalty for prepayment. Any partial prepayment shall include all interest accrued on the outstanding balance to date of payment.

**SECURITY:** All Business Assets being sold to Obligor under the aforementioned Agreement shall be considered collateral for the payment of all amounts due under the Asset Purchase Agreement and this Promissory Note, and a second lien security interest shall remain on such Business Assets and a second lien mortgage on the Real Estate until payment is made in full. Such security interest may at the option of Obligee be perfected by the filing of the appropriate UCC Financing Statement at the Department of State and the mortgage recorded in the county in which the property is located.

**DEFAULTS:** The Obligor shall be in default hereunder upon the occurrence of any of the following events: (a) the nonpayment for more than ten (10) days from the date due of any amount payable on the indebtedness evidenced by this Note, or the failure of Obligor to observe or perform any agreement of any nature whatsoever with the Obligee ("Obligor" as used herein shall mean the debtor, and all persons secondarily liable on, or otherwise liable for the payment

2

4885-0477-3423, v.4

of this Note, or any renewals, extensions, or modifications hereof, such as endorsers or guarantors); (b) If Obligor becomes insolvent or makes an assignment for the benefit of creditors, or if any petition is filed by or against Obligor under any provisions of any law or statute alleging that Obligor is insolvent or unable to pay debts as they mature; (c) the entry of any judgment against Obligor or the issuing of any attachment or garnishment against any property of Obligor or the occurrence of any change in the financial condition of Obligor which, in the reasonable judgment of the Obligee, is materially adverse; (d) the dissolution, merger, consolidation or reorganization of Obligor, or the transfer, by operation of law or otherwise, of all or substantially all of the assets of Obligor, except in the ordinary course of business; (e) the death of any Obligor who is a natural person; (f) any information heretofore or hereafter furnished to the Obligee by Obligor in connection herewith or any guaranty submitted in connection herewith should be materially false; and (g) the failure of Obligor to furnish such financial and other information as the Obligee may reasonably request.

**RIGHTS AND REMEDIES OF OBLIGEE**: Whenever Obligor shall be in default hereunder, unless Obligee elects otherwise, the entire unpaid amount of the indebtedness evidenced by this Note shall become immediately due and payable without notice to, or demand on Obligor. Obligee shall thereupon have the immediate right to enforce or realize on any collateral security granted for the indebtedness evidenced by this Note in any manner or order which Obligee deems expedient and without regard to any equitable principles of marshalling or otherwise. In addition to any rights granted hereunder or in any documents executed or delivered

3

4885-0477-3423, v.4

in connection herewith, Obligee shall have all of the rights and remedies granted by any applicable law, all of which shall be cumulative in nature.

<u>CONFESSION OF JUDGMENT</u>: OBLIGOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR OBLIGOR AFTER A DEFAULT HEREUNDER, AND WITH OR WITHOUT COMPLAINT FILED, AS OF ANY TERM, CONFESS OR ENTER JUDGMENT AGAINST OBLIGOR FOR THE ENTIRE UNPAID PRINCIPAL BALANCE HEREOF AND THE ACCRUED INTEREST THEREON, TOGETHER WITH COSTS OF SUIT, AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION; AND FOR SO DOING, THIS NOTE OR A COPY HEREOF VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT AGAINST OBLIGOR SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE HEREUNDER.

OBLIGOR ACKNOWLEDGES AND AGREES THAT (A) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (B) THE OBLIGEE'S CONFESSION OF JUDGMENT FOLLOWING A DEFAULT AND IN ACCORDANCE

4

WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH THE OBLIGORS' REASONABLE EXPECTATIONS, AND (C) OBLIGEE DOES NOT AND, IN REGARDS TO THIS NOTE, SHALL NOT HAVE ANY OF THE DUTIES TO OBLIGOR SET FORTH IN 20 PA.C.S.A. §5601.3(B).

**WAIVERS BY THE OBLIGOR**: Obligor waives presentment for payment, demand and notice of demand, notice of nonpayment or dishonor, protest and notice of protest, and any and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, and Obligor agrees that the liability of such Obligor shall be unconditional, without regard to the liability of any other party, and shall not be affected in any manner by any indulgence, extension of time, renewal, waiver or modification granted or consented to by Obligee. Obligor further waives and releases all errors, defects and imperfections in any proceedings instituted by Obligee in exercising its rights and remedies against such Obligor, as well as all benefits that might accrue to such Obligor by virtue of any present or future laws exempting the collateral security for the indebtedness evidenced by this Note, or any other property, real or personal, including the proceeds thereof, of the Obligor from attachment, levy or sale under execution or providing for any stay of execution, exemption from civil process or extension of time for payment; and such Obligor agrees that any personal property or real estate that may be levied upon pursuant to a judgment obtained by virtue hereof, or any writ of execution issued thereon, may be sold upon any such writ, in whole or in part, in any order desired by Obligee.

5

4885-0477-3423, v.4

Case 1:24-bk-03264-HWV    Doc 556-2    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit B-Promissory Note    Page 5 of 7

**WAIVERS BY OBLIGEE:** Obligee shall not be deemed, by any act of omission or commission, to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Obligee, and then only to the extent specifically set forth in writing. If Obligee shall have waived any right or remedy hereunder, such waiver shall not be deemed to be a waiver upon a later occurrence or recurrence of the event originally giving rise to such waiver.

**MISCELLANEOUS:** All payments required hereunder shall be made to Obligee in the lawful money of the United States of America. If Obligor consists of more than one person, such persons shall be jointly and severally liable hereunder. All issues arising hereunder shall be governed by the laws of the Commonwealth of Pennsylvania, without giving effect to the principles thereof relating to conflict of laws, if any. This Note shall be binding upon Obligor and its successors and assigns, and shall inure to the benefit of Obligee and their heirs, personal representatives, successors and assigns.

IN WITNESS WHEREOF, Obligor has executed and sealed this Note as of the day and year first written above.

ATTEST: WITNESS:

_____

MULKERIN TOOL & MACHINE, LLC
By: Mulkerin Holdings, LLC, its sole Member

By: _____
Andrew W. Mulkerin, Manager

6

4885-0477-3423, v.4

| Principal | | Balance | Interest | Payment | Due |
|---|---|---|---|---|---|
| | 19000 | $ 380,000.00 | | | |
| 12/31/2022 | $ 19,000.00 | $ 361,000.00 | $2,850.00 | $21,850.00 | 12/31/2022 |
| 3/31/2023 | $ 19,000.00 | $ 342,000.00 | $2,707.50 | $21,707.50 | 3/31/2023 |
| 6/30/2023 | $ 19,000.00 | $ 323,000.00 | $2,565.00 | $21,565.00 | 6/30/2023 |
| 9/30/2023 | $ 19,000.00 | $ 304,000.00 | $2,422.50 | $21,422.50 | 9/30/2023 |
| 12/31/2023 | $ 19,000.00 | $ 285,000.00 | $2,280.00 | $21,280.00 | 12/31/2023 |
| 3/31/2024 | $ 19,000.00 | $ 266,000.00 | $2,137.50 | $21,137.50 | 3/31/2024 |
| 6/30/2024 | $ 19,000.00 | $ 247,000.00 | $1,995.00 | $20,995.00 | 6/30/2024 |
| 9/30/2024 | $ 19,000.00 | $ 228,000.00 | $1,852.50 | $20,852.50 | 9/30/2024 |
| 12/31/2024 | $ 19,000.00 | $ 209,000.00 | $2,280.00 | $21,280.00 | 12/31/2024 |
| 3/31/2025 | $ 19,000.00 | $ 190,000.00 | $2,090.00 | $21,090.00 | 3/31/2025 |
| 6/30/2025 | $ 19,000.00 | $ 171,000.00 | $1,900.00 | $20,900.00 | 6/30/2025 |
| 9/30/2025 | $ 19,000.00 | $ 152,000.00 | $1,710.00 | $20,710.00 | 9/30/2025 |
| 12/31/2025 | $ 19,000.00 | $ 133,000.00 | $1,900.00 | $20,900.00 | 12/31/2025 |
| 3/31/2026 | $ 19,000.00 | $ 114,000.00 | $1,662.50 | $20,662.50 | 3/31/2026 |
| 6/30/2026 | $ 19,000.00 | $ 95,000.00 | $1,425.00 | $20,425.00 | 6/30/2026 |
| 9/30/2026 | $ 19,000.00 | $ 76,000.00 | $1,187.50 | $20,187.50 | 9/30/2026 |
| 12/31/2026 | $ 19,000.00 | $ 57,000.00 | $1,140.00 | $20,140.00 | 12/31/2026 |
| 3/31/2027 | $ 19,000.00 | $ 38,000.00 | $ 855.00 | $19,855.00 | 3/31/2027 |
| 6/30/2027 | $ 19,000.00 | $ 19,000.00 | $ 570.00 | $19,570.00 | 6/30/2027 |
| 9/20/2027 | $ 19,000.00 | - | $ 285.00 | $19,285.00 | 9/20/2027 |