| | |
|---|---|
| **Prepared By/**<br>**Return To:** | Ronald L. Hershner, Esquire<br>Stock and Leader, LLP<br>Susquehanna Commerce Center East<br>221 West Philadelphia Street, Suite 600<br>York, PA 17401 |
| **Property Address**<br>**and Parcel No.:** | **210 Lafayette Street**<br>**City of York, York County, Pennsylvania**<br><br>08-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.00-00000 |

## OPEN-END MORTGAGE, SECURITY AGREEMENT
## AND FINANCING STATEMENT

**THIS MORTGAGE IS AN OPEN-END MORTGAGE SECURING PRESENT AND FUTURE ADVANCES UP TO A MAXIMUM PRINCIPAL AMOUNT OF $380,000.00, PLUS ACCRUED INTEREST AND OTHER INDEBTEDNESS AS DESCRIBED IN 42 PA.C.S.A. § 8143**

THIS OPEN-END MORTGAGE, SECURITY AGREEMENT AND FINANCING STATEMENT (this "**Mortgage**"), is made this 30th day of September, 2022, by **MULKERIN TOOL & MACHINE LLC**, a Pennsylvania limited liability company, with an address of 210 Lafayette Street, York, Pennsylvania 17401 (referred to hereinafter as "**Mortgagor**") in favor of **Keith E. Wolfe and Lisa B. Wolfe**, adult individuals, with an address of 3240 Starlight Drive, York, Pennsylvania 17402 (referred to hereinafter as "**Mortgagee**").

### BACKGROUND

A. Mortgagee agreed to extend certain financing to Mortgagor consisting of a term loan in the original principal amount of $380,000 (the "Loan"), which is evidenced by a note dated the date hereof (the "Note").

B. Mortgagor desires to secure with this Mortgage the payment and performance by Mortgagor of the several obligations to Mortgagee with respect to the Loan (collectively, the "Secured Obligations"). The willingness of Mortgagee to extend the Loan is conditioned upon, among other things, the execution and delivery of this Mortgage to Mortgagee.

C. Mortgagor is the owner of the certain commercial real property having an address of 210 Lafayette Street, situate in York City, York County, Pennsylvania, as more fully described on Exhibit A hereto.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in order to secure the due and punctual payment and performance of all the Obligations as and when the same

1

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 1 of 15

becomes due and payable, Mortgagor hereby represents, warrants, covenants and agrees for the benefit of Mortgagee as follows:

## ARTICLE I. GRANT AND SECURED OBLIGATIONS

1.1 <u>Grant</u>. In order to secure the due and punctual payment and performance of the Obligations as and when the same becomes due and payable, whether at the stated maturity, by acceleration or otherwise, Mortgagor does hereby grant, mortgage, pledge, bargain, sell, assign, transfer and convey, unto Mortgagee, a lien on and security interest (second and subordinate to the lien and security interests in favor of Traditions Bank in the amount of $870,000.00 "the "Traditions Mortgage") in all of Mortgagor's present and future estate, right, title and interest in, to and under the following described property now owned or held or hereafter acquired from time to time (collectively, the **"Mortgaged Property"**)

  (a) All that certain real property (the "Real Estate") described on Exhibit A.

  (b) All buildings, structures and other improvements of every kind and nature whatsoever now or hereafter situated on the Real Estate (collectively, the **"Improvements"**), all items of personal property now owned or hereafter acquired by Mortgagor and now or hereafter affixed or attached to, installed in or used in connection with the operation or maintenance of the Real Estate or Improvements which constitute fixtures as defined in the Uniform Commercial Code (the "**UCC**") in effect in the jurisdiction in which the Real Estate and Improvements are located and/or where Mortgagor is located or organized (collectively, the **"Fixtures"**) and all replacements, substitutions and additions to the foregoing.

  (c) All easements, rights-of-way, strips and gores of land, streets, ways, alleys, passages, sewer rights, utility reservations and capacity rights, waters, water courses, water rights and powers, estates, rights, titles, interests, minerals, royalties, privileges, liberties, tenements, hereditaments and appurtenances whatsoever, in any way now or hereafter belonging, relating or appertaining to the Real Estate or the Improvements, or any part thereof and the reversions, remainders, rents, issues and profits thereof; and all right to receive excess payments in any tax sale of the Real Estate and the Improvements.

  (d) Any and all rents, revenues, issues, profits, royalties, income, cash proceeds, security deposits, accounts, moneys and other benefits that are now due or may hereafter become due by reason of the renting, leasing, bailment of all or any portion of the Real Estate or the Improvements or the use or occupancy thereof (collectively **"Rents"**).

  (e) Subject to the rights of Mortgagor hereunder and under the Loan Documents, all leasehold estates, leases, subleases, sub-subleases, licenses, concessions, occupancy agreements or other agreements (written or oral, now or at any time in effect and every modification, amendment or other agreement relating thereto, including every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto) which grant a possessory interest in, or the right to use or occupy, all or any part of the Real Estate and/or Improvements,

2

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 2 of 15

together with all related security and other deposits (in each case, as amended, amended and restated, supplemented, renewed, extended, substituted or otherwise modified from time to time, collectively, "**Leases**").

(f) All insurance or other settlement proceeds relating to or arising out of the foregoing, all proceeds of a sale of all or any portion of the foregoing, and all causes of action, claims, compensation, awards, damages, proceeds, payments, relief or recoveries, including interest thereon, as a result of any Casualty or Condemnation Event (as defined herein) of all or any part of the Real Estate and/or Improvements or for any damage or injury to it or for any loss or diminution in value of the Real Estate and/or Improvements (collectively, the "**Proceeds**").

(g) To the extent not included in the foregoing, all cash and non-cash proceeds, products, offspring, rents, revenues, issues, profits, royalties, income, benefits, additions, renewals, extensions, substitutions, replacements and accessions of and to any and all of the foregoing.

TO HAVE AND TO HOLD the Mortgaged Property and the rights, remedies and privileges hereby granted and conveyed unto Mortgagee forever, for the purpose of securing the due and punctual payment and performance of the Obligations as and when the same becomes due and payable, whether at the stated maturity, by acceleration or otherwise.

1.2 <u>Secured Obligations</u>. This Mortgage is made and intended to secure the due and punctual payment and performance of the Secured Obligations as and when the same becomes due and payable, whether at the stated maturity, by acceleration or otherwise.

## ARTICLE II. ASSIGNMENT OF RENTS AND LEASES

2.1 <u>Assignment of Rents and Leases</u>. As further security for the payment and performance of the Secured Obligations, Mortgagor hereby absolutely and unconditionally assigns and transfers unto Mortgagee, its successors and assigns: (a) all rights, title, interest and privileges which Mortgagor has or may have in the leases; and (b) all rents, income, profits, termination and other fees, deposits, accounts and income of every nature now due or to become due under the leases, or any of them, or arising or accruing from or relating to the Mortgaged Property, or any portion thereof, or the use thereof. The foregoing assignment shall include all cash or securities deposited under the leases to secure performance of lessees of their obligations thereunder, whether such cash or securities are to be held until the expiration of the terms of such leases or applied to one or more installments of rent coming due prior to the expiration of such terms. The foregoing assignment extends to all proceeds payable under any policy of insurance covering loss of rents resulting from damage to all or any part of the Mortgaged Property, and to all issues and profits arising both before and after the commencement by or against the Mortgagor of any case or proceeding under any federal or state bankruptcy, insolvency or similar law, and is intended as an absolute assignment and not merely the granting of a security interest. Upon the occurrence of an Event of Default (as herein defined), Mortgagor hereby confers upon Mortgagee the right to enter upon and take possession of the Mortgaged Property, or any portion thereof, and the right, with or without taking possession of the Mortgaged Property, to collect and receive all rents, income and profits accruing from the leases and from the Mortgaged Property. Mortgagor will,

3

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 3 of 15

immediately upon request by Mortgagee, execute and deliver to Mortgagee a specific, separate (and if requested, notarized) assignment of rents and leases with respect to the Mortgaged Property and a specific, separate assignment of any individual lease, together with such consents, acknowledgments, agreements and certificates of the tenants of the Mortgaged Property as the Mortgagee may request. The rights and remedies set forth in this Section 3 shall be in addition to, and shall not in any way limit, the rights and remedies of Mortgagee under any separate Assignment of Rents and Leases relating to the Mortgaged Real Property or any leases. Notwithstanding the above, until an Event of Default has occurred, Mortgagor shall have a license to collect and retain all rents and other payments due under the leases to be paid to the landlord and Mortgagee shall not exercise the other rights set forth above.

### ARTICLE III. SECURITY AGREEMENT AND FIXTURE FILING

3.1 <u>Security Agreement</u>. This Mortgage shall also constitute a security agreement and fixture filing within the meaning of the UCC with respect to all of Mortgagor's present and future estate, right, title and interest in, to and under the Fixtures. Mortgagor hereby grants to Mortgagee a security interest in and to the Fixtures and every component thereof, and hereby transfers and assigns to Mortgagee all of Mortgagor's present and future estate, right, title and interest in, to and under the Fixtures and every component thereof, to secure the due and punctual payment and performance of the Obligations as and when the same becomes due and payable, whether at the stated maturity, by acceleration or otherwise. Upon the occurrence of an Event of Default, Mortgagee shall also have the right: (a) to proceed against the Fixtures in accordance with Mortgagee's rights and remedies with respect to the Real Estate, in which event the provisions of the UCC shall not govern the default and Mortgagee's remedies; or (b) to proceed against the Fixtures separately from the Real Estate in accordance with the UCC. If Mortgagee elects to proceed under the UCC, then ten (10) days' notice of sale of the Fixtures shall be deemed reasonable notice and the reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Mortgagee shall include, but not be limited to, reasonable attorneys' fees and expenses. At Mortgagee's request, Mortgagor shall assemble the Fixtures and make it available to Mortgagee at a place designated by Mortgagee which is reasonably convenient to both parties. Mortgagor hereby authorizes Mortgagee to file financing and continuation statements under the UCC in such filing offices as may be necessary, advisable or required by law in order to create, establish, perfect, preserve and protect the security interest hereunder.

3.2 <u>Fixture Filing</u>. This Mortgage is intended to and will constitute a fixture filing with respect to the Fixtures.

### ARTICLE IV. MORTGAGOR'S COVENANTS

4.1 <u>Mortgagor's Covenants</u>. Mortgagor covenants to Mortgagee as follows:

(a) Mortgagor shall not sell, transfer, convey, lease, let, mortgage, pledge, encumber, create or permit a lien on or security interest in, or otherwise hypothecate all or any part of the Mortgaged Property.

(b) Mortgagor shall forever warrant and defend the title to the Mortgaged Property unto Mortgagee against the claims of all persons whomsoever, and the priority of

4

4874-2844-2420, v. 5

this Mortgage as a second-priority lien on the Mortgaged Property, second and subordinate only to the Traditions Mortgage.

(c) Mortgagor shall perform and pay to Mortgagee the Obligations with interest thereon as and when the same becomes due and payable in accordance with the terms thereof and shall perform and comply with all of the covenants and provisions of the Note, which are incorporated herein by this reference

(d) Mortgagor shall pay or cause to be paid all taxes of every kind and nature which may become a lien against any part of the Mortgaged Property, all general and special assessments, water and sewer rents and charges, and all levies, permits, inspection and license fees and other public charges now or hereafter levied or assessed against the Mortgaged Property as liens or assessments.

(e) Mortgagor shall maintain insurance on the Mortgaged Property naming Mortgagee as mortgagee and loss payee.

(f) Mortgagor shall cause the Mortgaged Property to be maintained in good order, condition and repair (normal wear and tear excepted), and shall not commit or suffer intentional physical waste with respect thereto. The Improvements and Fixtures shall not be removed, demolished or materially altered.

(g) Mortgagor shall promptly and at all times comply with all laws, orders, ordinances, regulations, restrictions and requirements of governmental authorities and courts applicable to Mortgagor or affecting the Mortgaged Property or the use thereof.

(h) Mortgagor shall give Mortgagee prompt written notice of any action or proceeding purporting to affect the Mortgaged Property including, without limitation, the following:

(i) A fire or other casualty causing damage to the Mortgaged Property (a "**Casualty Event**") in excess of Fifty Thousand Dollars ($50,000.00);

(ii) Receipt of notice of any Condemnation Event;

(iii) Commencement of any legal or governmental proceeding, or any threat thereof, the outcome of which could materially or adversely affect (i) the Mortgaged Property or the use thereof or (ii) Mortgagor's financial condition. Mortgagee shall have the right to appear in or defend any such action or proceeding to the same extent as Mortgagor at Mortgagee's expense unless there has occurred and is continuing an Event of Default as defined in this Mortgage in which case, Mortgagor shall pay the costs and expenses incurred by Mortgagee. Furthermore, Mortgagee shall have the right to bring any action or proceeding, in the name and on behalf of itself or Mortgagor, which Mortgagee, in its discretion, decides should be brought to protect its interest in the Mortgaged Property or any part thereof at Mortgagee's expense unless there has occurred and is continuing an Event of

5

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 5 of 15

Default as defined in this Mortgage in which case, Mortgagor shall pay the costs and expenses incurred by Mortgagee; and

(i) Any Event of Default (as defined herein) or any default by Mortgagor of any provision of the Loan Documents.

### ARTICLE V. REMEDIES

5.1 <u>Mortgagee's Remedies</u>. In addition to any other remedy maintained by Mortgagee in any of the Loan Documents, after the occurrence of an Event of Default:

(a) <u>Entry and Possession</u>. (i) Enter upon and take possession of the Mortgaged Property, with or without the appointment of a Receiver (as defined herein) or an application therefor; (ii) dispossess and exclude Mortgagor and its agents and servants wholly therefrom by summary proceedings or otherwise; (iii) take possession of all books, records and accounts relating thereto; (iv) use, operate, manage, control, insure, maintain, repair, restore, improve, alter and otherwise deal with all and every part of the Mortgaged Property and conduct the business thereat; (v) make, cancel, enforce or modify Leases and obtain and evict tenants; (vi) demand, sue for, collect and receive the rents, incomes, issues and profits of the Mortgaged Property and apply the same, after payment of all charges and expenses (including reasonable attorneys' fees and expenses), on account of the Obligations; or (vii) require Mortgagor to transfer and assign to Mortgagee, in form satisfactory to Mortgagee, Mortgagor's interest as lessor in any Lease now or hereafter affecting the whole or any part of the Mortgaged Property, it being understood that in the event Mortgagor fails to render an assignment of Leases to Mortgagor this document shall upon the occurrence of any Event of Default serve as a de facto notice of such assignment to any interested party.

(b) <u>Payment of Sums</u>. Pay any sums in any form or manner deemed expedient by Mortgagee to protect the lien and security interest of this Mortgage or to cure any Event of Default other than payment of principal of or interest on the Obligations, in which event the amounts so paid, with interest thereon from the date of such payment at the Default Rate shall be added to and become a part of the Obligations and be immediately due and payable to Mortgagee; and Mortgagee shall be subrogated to any encumbrance, lien, claim or demand, and to all the rights and securities for the payment thereof, paid or discharged with the principal sum secured hereby or by Mortgagee under the provisions hereof, and any such subrogation rights shall be additional and cumulative security to this instrument.

(c) <u>Acceleration</u>. Declare the entire Obligations immediately due, payable and collectible, regardless of maturity, and, in that event, the entire Obligations shall become immediately due, payable and collectible; and thereupon Mortgagee may institute proceedings to foreclose this Mortgage, either by judicial action or by the exercise of the statutory power of sale, if permitted by Applicable Laws, or to enforce its provisions or any of the indebtedness or obligations secured by this Mortgage.

(d) <u>Foreclosure Sale</u>. Institute a foreclosure action in accordance with the laws of the Commonwealth of Pennsylvania, or take any other action as may be allowed, at law

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 6 of 15

or in equity, for the enforcement of the Obligations and realization on the Mortgaged Property (or such part or parts thereof as Mortgagee may from time to time elect to foreclose upon) or any other security afforded by the Loan Documents. In the case of a judicial proceeding, Mortgagee may proceed to final judgment and execution for the amount of the Obligations owed as of the date of the judgment, together with all costs of suit, reasonable attorneys' fees and interest on the judgment at the maximum rate permitted by law from the date of the judgment until paid.

(e) <u>Deficiency Judgment</u>. If permitted by Applicable Laws, Mortgagee may sue for and obtain a judgment for any deficiency remaining in the Obligations after applications of all amounts received from the exercise of the rights provided in Section 5.1(d)

(f) <u>Other Rights</u>. Exercise any and all rights, remedies and powers accruing to a secured party under this Mortgage, the other Loan Documents, the UCC or any other Applicable Laws or available in equity

(g) **<u>Confession of Judgment for Possession</u>**. Mortgagor irrevocably authorizes and empowers any attorney of record, or the Prothonotary or Clerk or Deputy Clerk of the county in which the Real Estate is located, as attorney for Mortgagor, as well as for all persons claiming under, by or through Mortgagor, to enter judgment in ejectment for possession of the Mortgaged Property, without the necessity of filing any bond and without any stay of execution or appeal against Mortgagor and all persons claiming under, by or through Mortgagor, and therein confess judgment for the recovery by Mortgagee of possession of the Mortgaged Property for which this instrument (or a copy thereof verified by affidavit) shall be a sufficient warrant; whereupon a writ of possession or other appropriate process to obtain possession of the Mortgaged Property may be issued. Mortgagor releases and agrees to release Mortgagee and any such attorney from all procedural errors and defects whatsoever in entering such action or judgment or in causing such writ of process to be issued or in any proceeding thereon or concerning the same, provided that Mortgagee shall have filed in such action an affidavit made on Mortgagee's behalf setting forth the facts necessary to authorize the entry of such judgment according to the terms of this Mortgage, of which facts such affidavit shall be prima facie evidence; and it is expressly agreed that if for any reason after any such action has been commenced, the same shall be discontinued, marked satisfied of record or be terminated, or possession of the Mortgaged Property remain in or be restored to Mortgagor or anyone claiming under, by or through Mortgagor, Mortgagee may, whenever and as often as Mortgagee shall have the right to take possession again of the Mortgaged Property, confess one or more further judgments in ejectment to recover possession of the Mortgaged Property, and the authority and power above given to any such attorney shall extend to all such further judgments in ejectment. Mortgagee shall have the right to confess judgment in ejectment whether before or after an action of mortgage foreclosure is brought or other proceedings in execution are instituted upon this Mortgage and after judgment thereon and after a judicial sale of the Mortgaged Property.

7

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 7 of 15

Mortgagor acknowledges and agrees that (a) the foregoing warrant of attorney to confess judgment is being executed in connection with a commercial transaction, (b) Mortgagee's confession of judgment following an Event of Default and in accordance with the foregoing warrant of attorney would be in accordance with Mortgagor's reasonable expectations, and (c) Mortgagee does not and, in regards to the Loan or the Loan Documents, shall not have any of the duties to Mortgagor set forth in 20 Pa.C.S.A. §5601.3(b).

5.2 Receiver. In any action to foreclose this Mortgage, or upon the occurrence of an Event of Default, Mortgagee shall have the right to apply for the appointment of a receiver, trustee, liquidator or conservator (a "**Receiver**") of the rents and profits or of the Mortgaged Property or both without notice, and shall be entitled to the appointment of such a Receiver as a matter of right, without consideration of the value of the Mortgaged Property as security for the amounts due Mortgagee, or the solvency of any person or entity liable for the payment of such amounts. Mortgagor hereby consents to such appointment and waives notice of any application therefor (except as may be required by Applicable Laws).

5.3 Remedies Cumulative. The rights, powers and remedies of Mortgagee granted and arising under this Mortgage and the other Loan Documents are separate, distinct and cumulative of other rights, powers and remedies granted herein or therein and all other rights, powers and remedies that Mortgagee may have at law or in equity, none of which are to the exclusion of the others and all of which are cumulative to the rights, powers and remedies provided at law for the collection of indebtedness, enforcement of rights under mortgages, and preservation of security. No act of Mortgagee shall be construed as an election to proceed under any one provision herein or under the Note, this Mortgage or any other Loan Document to the exclusion of any other provision, or an election of remedies to the bar of any other remedy allowed at law or in equity, anything herein or otherwise to the contrary notwithstanding.

5.4 Expenses of Mortgagee. Mortgagor shall reimburse Mortgagee on demand for all costs, fees and expenses (including expenses and fees of its counsel) incurred by Mortgagee in connection with the transactions contemplated hereby including the enforcement of Mortgage's rights, powers or remedies hereunder, thereunder or available under Applicable Laws, subject to Mortgagee successfully prevailing in such action, all of which sums are part of the Obligations and are secured by this Mortgage. Mortgagor's statutory rights of reinstatement, if any, are expressly conditioned upon Mortgagor's payment of the foregoing and of all sums required under any applicable reinstatement statute and performance of all required acts thereunder.

5.5 Compliance Notice. If Mortgagor or Mortgagee receives notice of a current or pending violation of any Applicable Laws, rule, regulation, ordinance, code, requirements, covenants, conditions, restrictions, orders, licenses, permits or approvals related to the maintenance, repair, replacement, nuisance, or other condition of the Mortgaged Property or any Improvements or tangible property thereon (a "**Compliance Notice**") and (a) an Event of Default has occurred and is continuing or (b) such violation in the reasonable good faith judgment of Mortgagee is likely to have a material adverse effect on its rights and remedies under this Mortgage or on the value of the Mortgaged Property, then Mortgagee and any person authorized by Mortgagee shall have the right, but not the obligation, to enter upon the Mortgaged Property at any

8

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 8 of 15

reasonable time to repair, alter, replace, clean up or perform any necessary or appropriate work or maintenance activities that, in Mortgagee's sole discretion, are necessary or advisable to comply with the requirements of the Compliance Notice and cure the alleged, possible or pending violation. Mortgagee shall have the right to remove any tangible property, motor vehicles, rubbish, stored materials, debris, refuse, trash or other items on the Mortgaged Property and to dispose of the same as Mortgagee may determine in its sole discretion without being deemed guilty of trespass or theft of such items.

5.6 <u>Mortgagor's Waivers</u>. To the fullest extent permitted by law, Mortgagor, for Mortgagor and its successors and assigns, and for any and all persons ever claiming any interest in the Mortgaged Property, except as otherwise provided herein or in the other Loan Documents, hereby:

(a) Waives any and all rights which it may have to notice prior to seizure by Mortgagee of the Mortgaged Property or any part thereof under the provisions of this Mortgage, whether such seizure is by writ of possession or otherwise.

(b) Waives and renounces all right of homestead exemption in the Mortgaged Property and any other right to designate all or any portion of the Mortgaged Property as exempt from forced sale under any provision of the Constitution or laws of the United States, the state where the Real Estate and Improvements are located, or any other state in the United States.

(c) Acknowledges the right to accelerate the Obligations and the power given to Mortgagee to sell the Mortgaged Property by foreclosure without any notice other than such notice (if any) as is specifically required to be given hereunder or under Applicable Laws and waives presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of intent to accelerate, notice of acceleration of maturity and diligence in connection with the enforcement of the Obligations or the taking of any action to collect sums owing under the Loan Documents.

(d) Waives the benefit of all laws now or subsequently in effect providing for: (i) any appraisement before sale of any portion of the Mortgaged Property; (ii) any extension of the time for the enforcement of the collection of the Obligations or the creation or extension of a period of redemption from any sale made in collecting such debt; and (iii) exemption of the Mortgaged Property from attachment, levy or sale under execution or exemption from civil process.

(e) Agrees not at any time to insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for any appraisement, valuation, stay, exemption, extension or redemption, or requiring foreclosure of this Mortgage before exercising any other remedy granted hereunder.

(f) Waives any right to retain possession of the Mortgaged Property during the continuation of an Event of Default and all rights of redemption from sale under any order or decree of full or partial foreclosure.

9

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 9 of 15

## ARTICLE VI.   MISCELLANEOUS

6.1   <u>Casualty Event</u>. In the event that a Casualty Event occurs to the Mortgaged Property, the insurance proceeds shall be paid to the Mortgagee. Mortgagor shall have the right to use the insurance proceeds to reconstruct, repair or restore the damaged portion of the Mortgaged Property under the following conditions:

(a)   If any lease for the Mortgaged Property requires Mortgagor to rebuild the Mortgaged Property subject to such lease; or

(b)   If Mortgagor is not obligated to reconstruct, repair or restore the damaged portion of the Mortgaged Property in accordance with an existing lease, then Mortgagor shall have the right to use the insurance proceeds to reconstruct, repair or restore the damaged portion of the Mortgaged Property under the following conditions:

(i)   There is no existing Event of Default as defined herein;

(ii)   Mortgagor presents plans and specifications for the proposed reconstruction, repair and restoration of the Mortgaged Property, in a form reasonably satisfactory to Mortgagee;

(iii)   The insurance proceeds are deposited into escrow with Mortgagee plus Mortgagor demonstrates to Mortgagee that it has access to any other additional amounts necessary to reconstruct, repair or restore the Mortgaged Property; and

(iv)   Mortgagor uses the monies on deposit with Mortgagee in accordance with guidelines as may be reasonably established at that time by Mortgagee's commercial lending department.

6.2   <u>Future Advances</u>. This Mortgage shall also cover present and future advances made pursuant to this Mortgage and the Loan Documents including, but not limited to, payment of costs for the construction, renovation, repair or alteration of Improvements to the Mortgaged Property, taxes, assessments, maintenance charges, insurance premiums and other costs incurred for the protection of the Mortgaged Property or the lien of this Mortgage and expenses incurred by Mortgagee by reason of default including but not limited to attorney's fees and late charges. Such loans and advances shall become part of the Obligations and shall relate back to the date of this Mortgage.

6.3   <u>Condemnation</u>. In the event that the whole or any part of the Mortgaged Property secured by this Mortgage is condemned or taken for any period of time (each a "**Condemnation Event**"), or there is any other injury to or decrease in value of the Mortgaged Property as a result of any public or quasi-public authority or corporation exercising the power of eminent domain or otherwise, all amounts awarded as damages for such Condemnation Event to which Mortgagor is entitled shall be paid over immediately to Mortgagee for the benefit of Mortgagor to reduce the amount of the Obligations. Mortgagee may participate in the condemnation proceedings and settlement thereof, and deduct the reasonable costs of same from these proceeds. If Mortgagor fails to proceed in a timely manner, Mortgagee may settle all condemnation proceedings and may

10

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 10 of 15

demand, receive and receipt for all monies becoming payable under such settlements and proceedings. After the occurrence of an Event of Default which is continuing, Mortgagor irrevocably appoints Mortgagee as attorney-in-fact to endorse any draft or other instrument therefor, for, or on behalf of, Mortgagor with such appointment being coupled with an interest. Unless any lease for the Mortgaged Property requires Mortgagor to rebuild, Mortgagee shall have the discretion as to whether or not it shall apply the proceeds of such Condemnation Event to the reconstruction or restoration of the condemned portion or other portion of the Mortgaged Property affected by such condemnation; otherwise, Mortgagee shall apply the proceeds or any excess proceeds toward the payment of the Obligations. In the event any lease for the Mortgaged Property requires Mortgagor to rebuild, Mortgagee shall make the proceeds of the Condemnation Event available for the reconstruction or restoration of the condemned portion or other portion of the Mortgaged Property affected by such condemnation.

6.4  Right to Inspect. After reasonable notice to Mortgagor, which notice may be verbal or written, Mortgagee and its agents may enter and inspect the Mortgaged Property or any part thereof at all reasonable times. However, after the occurrence of an Event of Default, Mortgagee and its agents may enter and inspect the Mortgaged Property or any part thereof without providing prior notice to Mortgagor.

6.5  Severability. In the event that for any reason one or more of the provisions of this Mortgage or their application to any person or circumstance shall be held to be invalid, illegal or unenforceable in any respect or to any extent, such provisions shall nevertheless remain valid, legal and enforceable in all other respects and to such extent as may be permissible. In addition, any such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

6.6  Notices. Any notices required to be delivered to either Mortgagor or Mortgagee shall be provided in accordance with the notice provisions of the Loan Documents.

6.7  Satisfaction of Lien of the Mortgage. Upon payment in full of the Obligations, Mortgagee shall cause a satisfaction piece to be recorded with the Recorder of Deeds Office of in the county in which the Real Estate is located.

6.8  Captions. The captions of the paragraphs in this Mortgage are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Mortgage.

6.9  Open-End Mortgage. This Mortgage secures all existing and future advances and readvances under the Loan Documents all of which shall be entitled to the lien priority and benefits of an Open-End Mortgage under 42 Pa. C.S.A. §8143, as it may be amended from time to time, (the "**Open-End Mortgage Statute**"). Without limiting anything contained in any provision of this Mortgage, this Mortgage secures Mortgagor's obligation to repay all advances and readvances of principal under the Obligations made at Closing or thereafter and all interest, late charges, fees, and other amounts due under the Obligations or this Mortgage, and in addition thereto: (i) all advances by Mortgagee to Mortgagor or any other person to pay costs of erection, construction, alteration, repair, restoration, and completion of any part of any Improvements situated on the Mortgaged Property; (ii) any and all advances made or costs incurred by Mortgagee for the payment of taxes, assessments, maintenance charges, insurance premiums, and similar charges

11

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 11 of 15

with respect to the Mortgaged Property; (iii) any and all costs incurred for the protection of all or any part of the Mortgaged Property or the lien of this Mortgage; and (iv) any and all legal fees, costs, and other expenses incurred by Mortgagee by reason of any default or otherwise in connection with the Obligations.

6.10 <u>Governing Law</u>. This Mortgage shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

6.11 <u>Successors and Assigns</u>. This Mortgage shall be binding upon and inure to the benefit of the Mortgagor, Mortgagee and their respective successors and assigns, it being understood that Mortgagor may not assign its rights or obligations under this Mortgage without the prior written consent of the Mortgagee.

6.12 <u>Waiver of Trial by Jury</u>. Mortgagor agrees that any suit, action or proceeding, whether claim or counterclaim, brought or instituted by either Mortgagor or Mortgagee or any successor or assign of either Mortgagor or Mortgagee on or with respect to this Mortgage or any other Loan Document, or which in any way relates directly or indirectly to the Obligations or any event, transaction or occurrence arising out of or in any way connected with the transaction contemplated by the Loan Documents, or the dealings of Mortgagor or Mortgagee with respect thereto, shall be tried only by a court and not by a jury. **Mortgagor and Mortgagee hereby expressly waive any right to a trial by jury in any such suit, action or proceeding. Mortgagor acknowledges and agrees that this section is a specific and material aspect of this Mortgage.**

6.13 <u>Amendments, Extensions and Modifications</u>. This Mortgage may not be amended, supplemented or otherwise modified. No amendment, supplement or other modification of this Mortgage shall be effective unless it is in writing and executed by Mortgagor and Mortgagee.

6.14 <u>Counterparts; Entire Agreement</u>. This Mortgage and any amendments, waivers, consents or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single contract. This Mortgage and the other Loan Documents constitute the entire contract of Mortgagor and Mortgagee with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto.

6.15 <u>Successors and Assigns</u>. This Mortgage may be assigned or transferred, in whole or in part, by Mortgagee to any person at any time without notice to or the consent of Mortgagor. Mortgagor may not assign or transfer this Mortgage or any of its rights hereunder without the prior written consent of Mortgagee. This Mortgage shall inure to the benefit of and be binding upon the parties hereto and their permitted assigns. The terms "Mortgagor" and "Mortgagee" shall include the legal representatives, heirs, executors, administrators, successors and assigns of the parties hereto, and all those holding under either of them. The term "Mortgagee" shall include any payee of the Obligations and any transferee or assignee thereof, whether by operation of law or otherwise.

6.16 <u>No Merger</u>. In the event that Mortgagee's interest under this Mortgage and title to the Mortgaged Property or any estate therein shall become vested in the same person or entity, this Mortgage shall not merge in such title but shall continue as a valid lien on the Mortgaged Property

12

4874-2844-2420, v. 5

Case 1:24-bk-03264-HWV    Doc 556-4    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Open End Mortgage and Security Agreement    Page 12 of 15

for the amount secured hereby, unless expressly provided otherwise in writing executed by the person in whom such interests, title and estate are vested.

6.17 <u>Relationship of Parties</u>. The relationship of Mortgagee to Mortgagor is that of a creditor or lender to an obligor (inclusive of a person obligated on a supporting obligation) or debtor; and in furtherance thereof and in explanation thereof, Mortgagee has no fiduciary, trust, advisor, business consultant, guardian, representative, partnership, joint venture or other similar relationship to or with Mortgagor and no such relationship shall be drawn or implied from this Mortgage or any of Mortgagee's actions or inactions hereunder or with respect hereto or from any prior relationship between the parties. Mortgagee has no obligation to Mortgagor or any other person relative to administration of the Obligations or the Mortgaged Property, or any part or parts thereof.

6.18 <u>Commercial Transaction</u>. The interest of Mortgagee under this Mortgage and the liability and obligation of Mortgagor for the payment of the Obligations arise from a commercial transaction.

6.19 <u>Choice of Venue</u>. Any action brought under this Mortgage shall be brought in the Court of Common Pleas of the county where the Real Estate is located.

6.20 <u>Waiver of Venue</u>. Mortgagor hereby irrevocably and unconditionally waives, to the fullest extent permitted by Applicable Laws, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Mortgage or the Obligations in any court referred to in Section 6.19 and the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

IN WITNESS WHEREOF, and intending to be legally bound, Mortgagor has caused this Mortgage to be duly executed on the day and year first above written.

**MORTGAGOR**
MULKERIN TOOL & MACHINE, LLC
By: Mulkerin Holdings, LLC, its sole Member

By: _____
Andrew W. Mulkerin, Manager

13

4874-2844-2420, v. 5

I HEREBY CERTIFY that the address of the Mortgagee is:

        Keith E. Wolfe and Lisa B. Wolfe
        3240 Starlight Drive
        York, Pennsylvania 17402

_____
On behalf of the Mortgagee

COMMONWEALTH OF PENNSYLVANIA    :
                                             : ss.
COUNTY OF                                      :

On this, the 30th day of September, 2022, before me, a Notary Public of the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Andrew W. Mulkerin, Manager of Mulkerin Holdings, LLC, the sole Member of Mulkerin Tool & Machine, LLC, a Pennsylvania limited liability company, and that he as such Manager, executed the foregoing instrument for the purposes therein contained by signing his name as such Manager.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

| Commonwealth of Pennsylvania - Notary Seal |
| --- |
| Geri Lynn Benzel, Notary Public |
| York County |
| My commission expires July 28, 2025 |
| Commission number 1144176 |

Member, Pennsylvania Association of Notaries

14

4874-2844-2420, v. 5

# EXHIBIT A
## Legal Description

ALL the following two (2) tracts of land, with the improvements thereon erected, situate in the Eighth Ward of the CITY OF YORK, York County, Pennsylvania, bounded and described as follows:

TRACT NO. 1: BEGINNING at a point on the south side of Lafayette Street, said point being 91.00 feet from the southwest corner of South Pershing Avenue and Lafayette Street; (hence along the western side of Lustig Alley, a 20 feet wide alley, South 21 degrees 22 minutes 00 seconds East 60.26 feet to a point; thence continuing along said alley by a curve to the right having a radius of 101.49 feet, an arc distance of 48.52 feet to a point; thence continuing along said alley by a curve to the left having a radius of 121.49 feet, an arc distance of 31.95 feet to a point, said point being the northwestern corner of the intersection of Lustig Alley and Lake Alley; thence along the northern side of Lake Alley, South 68 degrees 45 minutes 00 seconds West 166.62 feet to a point marked by a spike at the northeastern corner of die intersection of Lake Alley and another unnamed public alley; thence along the eastern side of said unnamed public alley, North 21 degrees 22 minutes 00 seconds West 136.96 feet to a point marked by an iron pin along the southern side of Lafayette Street, a 60 feet wide public street; thence along the southern side of Lafayette Street North 68 degrees 45 minutes 00 seconds East 188.82 feet to a point at the southwestern corner of the intersection of Lafayette Street and Lustig Alley, being the point and place of beginning; containing 25,162 square feet and designated as Parcel A on the hereinafter referred plan.

TRACT NO. 2: BEGINNING at a point on the eastern side of Lustig Alley, said point being located the following two (2) courses and distances from the southwest corner of South Pershing Avenue and Lafayette Street: 1) South 68 degrees 45 minutes 00 seconds West 71 feet; 2) South 21 degrees 22 minutes 00 seconds East 60.22 feet, said point of beginning being also a common corner of lands now or formerly of John B. Kemper and Allen H. Smith; thence along lands now or formerly of Allen H. Smith, Lloyd W. Sprenkle, Larry A. Atwater, Selfon Realty Co., Francis Boatwright and Bethlehem Baptist Church, South 21 degrees 22 minutes 00 seconds East 68.38 feet to point marked by an iron pin in line of lands of Bethlehem Baptist Church; thence along the same North 85 degrees 09 minutes 40 seconds West 17.71 feet to a point on the eastern side of Lustig Alley; thence along the eastern side of Lustig Alley and along the arc of a curve to the left having a radius of 101.49 feet, an arc distance of 5.19 feet; thence along the eastern side of Lustig Alley along the arc of a curve to the left having a radius of 121.49 feet, an arc distance of 58.08 feet to a point on the eastern side of Lustig Alley, being the point and the place of beginning; containing 379 square feet and designated as Parcel B on the hereinafter referred to plan.

The above two (2) tracts of land are described in accordance with a plan of survey prepared by Gordon L. Brown & Associates, dated January 7, 1977, Drawing No. H-809 and revised July 25, 1977, as prepared for the York County Industrial Development Authority.

4874-2844-2420, v. 5