# **EXHIBIT E**

## GUARANTY AND SURETYSHIP AGREEMENT
## TO AND FOR THE BENEFIT OF KEITH E. WOLFE AND LISA B. WOLFE
## FROM ANDREW W. MULKERIN AND IRENE P. MULKERIN

THIS GUARANTY AND SURETYSHIP AGREEMENT (the "Guaranty") is made as of September 30, 2022, by **ANDREW W. MULKERIN and IRENE P. MULKERIN,** husband and wife and each an adult individual (individually and collectively referred to the "Guarantor"), to and for the benefit of **KEITH E. WOLFE and LISA B. WOLFE**, adult individuals ("Wolfe") with respect to the obligations of Mulkerin Tool & Machine, LLC ("Company").

WHEREAS, pursuant to the terms of the Asset Purchase Agreement, dated of even date herewith, among the Company, Wolfe Tool & Machine Co., and Wolfe (the "APA"), the Company has requested that Wolfe make available to the Company a loan in the amount of $380,000.00 (the "Loan"). The Loan represents the balance of the Purchase Price due to Wolfe under the APA.

WHEREAS, Wolfe has agreed to provide the Loan, but only if the Guarantor provides this Guaranty. The Guarantor is willing to provide this Guaranty so as to induce Wolfe to provide, or continue to provide, the requested credit accommodations under the Note to the Company.

NOW, THEREFORE, in consideration of these premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Guarantor gives the following guaranty and indemnification to and for the benefit of Wolfe.

1. **The Guaranty**. The Guarantor, each of them individually and jointly as joint tenants and as tenants by the entireties, guarantees to Wolfe and becomes surety to Wolfe for: (a) payment of any and all sums now or hereafter due and owing to Wolfe by the Company as a result of or in connection with the APA and the Note and any and all existing or future indebtedness, liability or obligation of every kind, nature, type, and variety owed by any Company to Wolfe from time to time pursuant to the APA or the Note and any other agreement, note or document evidencing any and all existing or future indebtedness, liability or obligation of every kind, nature, type, and variety owed by any Company to Wolfe from time to time; and (b) the timely, complete, continuous, and strict performance and observance by the Company of any and all of the terms, covenants, agreements and conditions contained in the APA and the Note. As used in this Guaranty, the term "Obligations" shall refer to the obligations of payment, performance and indemnification which the Guarantor has undertaken and assumed pursuant to this Guaranty. This is a continuing guaranty, and all liabilities to which it applies or may apply shall be conclusively deemed to have been created in reliance hereon; provided, however, that this Guaranty is and shall remain a contingent obligation of the Guarantor and in no event shall Wolfe be entitled to exercise its remedies hereunder unless and until the occurrence of an event set forth in Paragraph 2 hereof.

2. **Nature of Guaranty; Acceleration**. This Guaranty is irrevocable, absolute and unconditional, and is a suretyship agreement and guaranty of payment, and not just a guaranty of collection. Wolfe shall be authorized to proceed against the Guarantor and enforce the terms and conditions of this Guaranty upon the occurrence of any of the following events: (i) the occurrence

1

4885-9817-8868, v. 1
Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23
Desc Exhibit D-Guarantee and Suretyship Agreement    Page 1 of 12

and continuation of an Event of Default or breach by the Company under the Note or APA, after the expiration of any applicable notice and cure periods; (ii) the failure of the Company to satisfy, after the expiration of any applicable notice and cure periods, any duty or obligation of any kind owed from time to time by the Company to Wolfe pursuant to the APA or Note; (iii) the violation by the Guarantor of any term or condition set forth in this Guaranty and such failure shall continue for thirty (30) days after written notice is given by Wolfe to the Company to cure or cause to be cured such violation; (iv)(I) the Company or any Guarantor shall commence any case, proceeding or other action: (A) under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition, or other relief with respect to it or its debts; or (B) seeking appointment of a receiver, trustee, custodian, or other similar official for it or for all or any substantial part of its assets, or the Company or any Guarantor shall make a general assignment for the benefit of its creditors; or (II) there shall be commenced against the Company, or any Guarantor, any case, proceeding or other action of a nature referred to previously in clause (i) that: (A) results in the entry of an order for relief or any such adjudication or appointment; (B) remains undismissed, undischarged, or unbonded for a period of ninety (90) days or more; or (III) there shall be commenced against the Company, or any Guarantor, any case, proceeding or other action seeking issuance of a warrant of attachment, execution, distraint, or similar process against all or substantially all of its assets that results in the entry of an order for such relief that shall not have been vacated, discharged, stayed, satisfied, or bonded pending appeal within ninety (90) days from the entry thereof; or (IV) the Company or any Guarantor shall take any action in furtherance of, or indicating its consent to, approval of, or acquiescence in, any of the acts set forth in clause (I), (II), or (III) above; or (V) the Company or any Guarantor shall generally not, or shall be unable to, or shall admit in writing its inability to, pay its debts as they become due.

3. **Representations and Warranties**. The Guarantor hereby represents and warrants that:

    a. The execution and delivery of this Guaranty will not violate any contract, agreement, statute, regulation or order applicable to the Guarantor; and

    b. There is no litigation, proceeding or investigation, pending or, to the knowledge of Guarantor, threatened, which would have an adverse affect on the ability of the Guarantor to perform under this Guaranty.

4. **Liability**. The Guarantor's liability under this Guaranty shall be unlimited in amount.

5. **Wolfe Need Not Pursue Rights Against Company, Any Guarantor, or Collateral**. Wolfe shall be under no obligation to pursue the Wolfe's rights against the Company, or any one or both of Guarantor, or any other guarantor or any of the Company's real or personal property or any other guarantor's real or personal property before pursuing Wolfe's rights against the Guarantor, and Wolfe need not foreclose or enforce any security interests or mortgage liens which may have been granted or created before enforcing the terms of this Guaranty against the Guarantor.

2

6. **Accuracy of Representations**. The Guarantor warrants that all of the Guarantor's representations and those of the Company in securing the credit accommodation from Wolfe, and as stated in the APA are true and correct and not misleading when so made, and the Guarantor agrees to indemnify Wolfe from any loss or expense as a result of any representation or statement of the Guarantor or of the Company being false, incorrect, or misleading when made.

7. **Rights of Wolfe to Deal With Company, Guarantor, and Collateral**. The Guarantor hereby assents to any and all terms and agreements between Wolfe and the Company or between Wolfe and any person who has guaranteed in whole or in part the payment or performance of the Company's obligations, and all amendments and modifications thereof, whether presently existing or hereafter made and whether oral or in writing. Wolfe may, without compromising, impairing or diminishing, or in any way releasing the Guarantor from the Guarantor's Obligations hereunder and without notifying or obtaining the prior approval of the Guarantor at any time or from time to time: (a) waive or excuse a default or defaults by the Company or any person who has guaranteed in whole or in part any of the Company's obligations or delay in the exercise by Wolfe of any or all of the Wolfe's rights or remedies with respect to such default or defaults; (b) grant extensions of time for payment or performance by the Company or any person who has guaranteed in whole or in part any of the Company's obligations; (c) release, substitute, exchange, surrender, or add collateral of the Company or any person who has guaranteed in whole or in part any of the Company's obligations, or waive, release, or subordinate, in whole or in part, any lien or security interest held by Wolfe on any real or personal property securing payment or performance, in whole or in part, of the Company's obligations; (d) release the Company or any person who has guaranteed in whole or in part any of the Company's obligations; (e) apply payments made by the Company, or by any person who has guaranteed, in whole or in part, any of the Company's obligations to any sums owed by the Company to Wolfe, in any order, or manner, or to any specific account or accounts, as Wolfe may elect; (f) modify, change, renew, extend, or amend, in any respect Wolfe's agreement or understanding with the Company or any person who has guaranteed in whole or in part any of the Company's obligations or any document, instrument, or writing, embodying, or reflecting the same. Should Wolfe obtain the prior consent or approval, or give prior notice to Guarantor, with respect to any of the above actions, Wolfe will not be required to do so in future cases nor be considered to have altered the terms of this Section in any way.

8. **Waivers by the Guarantor**. The Guarantor hereby irrevocably and absolutely waives: (a) any and all notices whatsoever with respect to this Guaranty or with respect to any of the Company's obligations to Wolfe, including, but not limited to, notice of: (i) Wolfe's acceptance hereof or Wolfe's intention to act, or Wolfe's action, in reliance hereon, (ii) the present existence or future incurring of any of the Company's obligations or any terms or amounts thereof or any change therein, (iii) any default by the Company or any surety, pledgor of security, guarantor or other person who has guaranteed or secured in whole or in part the Company's obligations, (iv) the obtaining or release of any guaranty or surety agreement (in addition to this Guaranty), pledge, assignment, or other security for any of the Company's obligations, (v) the sale, liquidation or disposition of any collateral securing the Company's obligations to Wolfe; and (vi) protest or dishonor; (b) any objections as to the commercial reasonableness of any acts taken or not taken by Wolfe in the sale, liquidation, or disposition of any collateral securing the Company's obligations to Wolfe; (c)

3

presentment, diligence, protest and demand for payment of any sum due from the Company or any person who has guaranteed in whole or in part any of the Company's obligations and protest of nonpayment; (d) demand for performance by the Company or any person who has guaranteed in whole or in part any of the Company's obligations; and (e) **Guarantor expressly waives any right of subrogation, indemnification or contribution Guarantor may have or which may arise against the Company with respect to the Obligations hereunder.**

9. <u>Collection Expenses</u>. The Guarantor shall pay to Wolfe, upon demand, all costs and expenses, including reasonable attorneys' fees (whether or not suit is filed or judgment confessed), and accrued interest and court costs that may be incurred by Wolfe in attempting to cause satisfaction of the Guarantor's liability under this Guaranty, or to otherwise enforce the Guarantor's Obligations.

10. <u>Warrant of Attorney; Confession of Judgment</u>. UPON OCCURRENCE OF AN EVENT OF DEFAULT UNDER THIS GUARANTY THE GUARANTOR HEREBY AUTHORIZES THE PROTHONOTARY OR ANY ATTORNEY ADMITTED TO PRACTICE BEFORE ANY COURT OF RECORD IN THE UNITED STATES TO APPEAR ON BEHALF OF THE GUARANTOR IN ANY SUCH COURT IN ONE OR MORE PROCEEDINGS, OR BEFORE ANY CLERK THEREOF, AND TO CONFESS JUDGMENT AGAINST THE GUARANTOR, WITHOUT PRIOR NOTICE OR OPPORTUNITY FOR PRIOR HEARING, IN FAVOR OF WOLFE IN FULL AMOUNT DUE ON THIS GUARANTY, PLUS COSTS OF SUIT AND REASONABLE ATTORNEYS' FEES. THE GUARANTOR WAIVES AND RELEASES ALL ERRORS, DEFECTS, AND IMPERFECTIONS WHATEVER IN THE ENTERING OF THE SAID JUDGMENT AND HEREBY AGREES THAT NO WRIT OF ERROR OR OBJECTIONS OR MOTION OR RULE TO OPEN OR STRIKE SAID JUDGMENT OR APPEAL SHALL BE MADE OR TAKEN THERETO. THE GUARANTOR WAIVES THE BENEFIT OF ANY AND EVERY STATUTE, ORDINANCE, OR RULE OF COURT WHICH MAY BE LAWFULLY WAIVED CONFERRING UPON THE GUARANTOR ANY RIGHT OR PRIVILEGE OF EXEMPTION, INCLUDING, BUT NOT LIMITED TO, ANY HOMESTEAD EXEMPTIONS, STAY OF EXECUTION, OR SUPPLEMENTARY PROCEEDINGS, OR OTHER RELIEF FROM THE ENFORCEMENT OR IMMEDIATE ENFORCEMENT OF A JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT AGAINST THE GUARANTOR SHALL NOT BE EXHAUSTED BY ONE OR MORE EXERCISES THEREOF, OR BY ANY IMPERFECT EXERCISE THEREOF, AND SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT THERETO; SUCH AUTHORITY AND POWER MAY BE EXERCISED ON ONE OR MORE OCCASIONS FROM TIME TO TIME, IN THE SAME OR DIFFERENT JURISDICTION, AS OFTEN AS WOLFE MAY DEEM NECESSARY OR ADVISABLE.

11. <u>Indemnification</u>. In the event any real or personal property secures any of the sums now or hereafter owed by the Company to Wolfe or the Obligations and Wolfe acquires the same after a foreclosure sale as to real property or a public auction sale as to personal property, Guarantor agrees to indemnify and hold Wolfe harmless from any loss, cost, or expense which Wolfe may sustain as a result of: (a) selling the real or personal property so acquired for less than the total

4

4885-9817-8868, v. 1

Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Guarantee and Suretyship Agreement    Page 4 of 12

sums owed by the Company to Wolfe or the Obligations, as the case may be, provided, however, that any such sale by Wolfe is done in a commercially reasonable manner or (b) any action brought against Wolfe on the ground that the consideration paid by Wolfe for the real or personal property was not "reasonably equivalent value," within the contemplation of the United States Bankruptcy Code, as amended, or any applicable state fraudulent conveyance act.

12. **Invalidity of any Part**. If any provision or part of any provision of this Guaranty shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions or the remaining part of any effective provisions of this Guaranty and this Guaranty shall be construed as if such invalid, illegal, or unenforceable provision or part thereof had never been contained herein, but only to the extent of its invalidity, illegality, or unenforceability.

13. **Nature of Guarantor's Liability; Remedies Cumulative**. The liability of the Guarantor under this Guaranty, to the extent herein provided, is individual, joint, absolute and unconditional, without regard to the liability of any other person, and shall not in any manner be affected by reason of any action taken or not taken by Wolfe, which action or inaction is herein consented and agreed to, nor by the partial or complete unenforceability or invalidity of any other guaranty or surety agreement, pledge, assignment or other security for any of the Company's obligations to Wolfe. No delay in making demand on the Guarantor for satisfaction of the Guarantor's liability hereunder shall prejudice Wolfe's right to enforce such satisfaction. All of Wolfe's rights and remedies shall be cumulative and any failure of Wolfe to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any time, and from time to time, thereafter. The liability of the Guarantor hereunder shall be joint and several with the liability of each other and with any other persons who have guaranteed the obligations of the Company to Wolfe. If more than one Guarantor has executed this guaranty, the liability of each signatory shall be joint and several.

14. **Binding Nature**. This Guaranty shall inure to the benefit of and be enforceable by Wolfe and Wolfe's respective heirs, successors and assigns and any other person to whom Wolfe may grant an interest in the Company's obligations, and shall be binding upon and enforceable against the Guarantor and the Guarantor's respective personal representatives, successors and assigns. This Guaranty may only be terminated in writing by the signature of Wolfe.

15. **Assignability**. This Guaranty may be assigned by Wolfe, or any other holder at any time or from time to time in conjunction with assignment of the Note.

16. **Waiver of Trial by Jury**. The Guarantor agrees that any suit, action, or proceeding, whether claim or counterclaim, brought or instituted by the Guarantor or any successor or assign of the Guarantor on or with respect to this Guaranty or which in any way relates, directly or indirectly, to this Guaranty or any event, transaction, or occurrence arising out of or in any way connected with this Guaranty, or the dealings of the parties with respect thereto, shall be tried only by a court and not by a jury. **The Guarantor hereby expressly waives any right to a trial by jury in any such suit, action, or proceeding.** The Guarantor acknowledges and agrees that its waiver of a trial by jury is a specific and material aspect of this Guaranty and that Wolfe would not extend, or

5

4885-9817-8868, v. 1

Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Guarantee and Suretyship Agreement    Page 5 of 12

continue to extend, the requested credit accommodations to the Company if this waiver of jury trial provision were not a part of this Guaranty.

17. **Tense, Gender, Defined Terms, Caption**. As used herein, the plural shall refer to and include the singular, and the singular, the plural and the use of any gender shall include and refer to any other gender. All captions are for the purpose of convenience only.

[Signature Page Follows]

6

4885-9817-8868, v. 1

Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23
Desc Exhibit D-Guarantee and Suretyship Agreement    Page 6 of 12

IN WITNESS WHEREOF, each Guarantor has duly executed this Guaranty under seal.

WITNESS:

_____         _____
                                       Andrew W. Mulkerin        (SEAL)

_____         _____
                                       Irene P. Mulkerin         (SEAL)


COMMONWEALTH OF PENNSYLVANIA    :
                                : SS
COUNTY OF YORK                  :

On this, the 30th day of September, 2022, before me, a Notary Public in and for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Andrew W. Mulkerin, known to me, or satisfactorily proven, to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and notarial seal.

_____
Notary Public

My Commission Expires:

> Commonwealth of Pennsylvania - Notary Seal
> Geri Lynn Benzel, Notary Public
> York County
> My commission expires July 28, 2025
> Commission number 1144176
> Member, Pennsylvania Association of Notaries

7

4885-9817-8868, v. 1
Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Guarantee and Suretyship Agreement    Page 7 of 12

COMMONWEALTH OF PENNSYLVANIA : 
:  SS
COUNTY OF YORK :

    On this, the 30th day of September, 2022, before me, a Notary Public in and for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Irene P. Mulkerin, known to me, or satisfactorily proven, to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and notarial seal.

_____
Notary Public

My Commission Expires:

> Commonwealth of Pennsylvania - Notary Seal
> Geri Lynn Benzel, Notary Public
> York County
> My commission expires July 28, 2025
> Commission number 1144176
> Member, Pennsylvania Association of Notaries

8

4885-9817-8868, v. 1

Case 1:24-bk-03264-HWV   Doc 556-5   Filed 08/07/25   Entered 08/07/25 08:56:23
Desc Exhibit D-Guarantee and Suretyship Agreement   Page 8 of 12

# EXPLANATION AND WAIVER OF RIGHTS REGARDING CONFESSION OF JUDGMENT

## Andrew W. Mulkerin

1. On the date hereof, **Andrew W. Mulkerin**, an adult individual (the "Obligor"), is signing and delivering to **Keith E. Wolfe and Lisa B. Wolfe**, husband and wife, and **Wolfe Tool & Machine Co.**, a Pennsylvania corporation (collectively the "Lender")

> Guaranty and Suretyship Agreement for the obligations of Mulkerin Tool & Machine, LLC under a $380,000.00 Loan

(as the same may be renewed, modified, amended, extended restated or replaced, whether one or more, the "Obligation"). The Obligor has been advised by the Lender (and by the Obligor's legal counsel, if applicable) that the Obligation contains a clause that provides that the Lender may confess judgment against the Obligor. The Obligor has read the Obligation and clearly and specifically understands that by signing the Obligation which contains such confession of judgment clause:

(a) Upon default, the Obligor is authorizing the Lender to enter a judgment against the Obligor and in favor of the Lender, which will give the Lender a lien upon any real estate which the Obligor may own in any county where the judgment is entered;

(b) The Obligor is giving up an important right to any notice or opportunity for a hearing before the entry of this judgment on the records of the Court;

(c) The Obligor is agreeing the Lender may enter this judgment and understands that the Obligor will be unable to contest the validity of the judgment, should the Lender enter it, unless the Obligor successfully challenges entry of the judgment on procedural grounds through a petition to open or strike the judgment, which will require the Obligor to retain counsel at the Obligor's expense;

(d) The Obligor is giving up an important right to any notice or opportunity for a hearing before the Lender may request and use the power of the state government to deprive the Obligor of his property pursuant to the judgment by seizing or having the Sheriff or other official seize the Obligor's bank accounts, inventory, equipment, furnishings, or any other personal property that the Obligor may own, to satisfy the Obligation; and

(e) The Obligor may be immediately deprived of the use of any property that is seized by the Lender pursuant to the judgment without notice or a hearing, and the procedural rules of Pennsylvania's court system do not guarantee that the Obligor will receive a prompt hearing after the Obligor's property is seized.

4882-5591-1732, v. 3

Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Guarantee and Suretyship Agreement    Page 9 of 12

2. The Obligor knows and understands that it is the confession of judgment clause in the Obligation which gives the Lender the rights described in subparagraphs (a) through (e) of paragraph 1 above.

3. Fully and completely understanding the rights which are being given up if the Obligor signs the Obligation containing the confession of judgment, the Obligor nevertheless freely, knowingly and voluntarily waives said rights and chooses to sign the Obligation.

4. The Obligor acknowledges that the proceeds of the Obligation are to be used for business purposes.

5. The Obligor certifies that his annual income exceeds $10,000.00.

Dated this 30th day of September, 2022.

THE OBLIGOR HAS READ THIS EXPLANATION AND WAIVER PRIOR TO SIGNING THE OBLIGATION AND FULLY UNDERSTANDS ITS CONTENTS.

WITNESS:

_____     _____
                                    Andrew W. Mulkerin


COMMONWEALTH OF PENNSYLVANIA   :
                               :   SS
COUNTY OF YORK                 :

On this, the 30th day of September, 2022, before me, a Notary Public of the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Andrew W. Mulkerin, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he individually executed the same for the purposes therein contained by signing his name.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
Geri Lynn Benzel, Notary Public
York County
My commission expires July 28, 2025
Commission number 1144176
Member, Pennsylvania Association of Notaries

(Signature page to Explanation and Waiver of Rights Regarding Confession of Judgment)

4882-5591-1732, v. 3

# EXPLANATION AND WAIVER OF RIGHTS REGARDING CONFESSION OF JUDGMENT

## Irene P. Mulkerin

1. On the date hereof, **Irene P. Mulkerin**, an adult individual (the "Obligor"), is signing and delivering to **Keith E. Wolfe and Lisa B. Wolfe**, husband and wife, and **Wolfe Tool & Machine Co.**, a Pennsylvania corporation (collectively the "Lender")

> Guaranty and Suretyship Agreement for the obligations of Mulkerin Tool & Machine, LLC under a $380,000.00 Loan

(as the same may be renewed, modified, amended, extended restated or replaced, whether one or more, the "Obligation"). The Obligor has been advised by the Lender (and by the Obligor's legal counsel, if applicable) that the Obligation contains a clause that provides that the Lender may confess judgment against the Obligor. The Obligor has read the Obligation and clearly and specifically understands that by signing the Obligation which contains such confession of judgment clause:

(a) Upon default, the Obligor is authorizing the Lender to enter a judgment against the Obligor and in favor of the Lender, which will give the Lender a lien upon any real estate which the Obligor may own in any county where the judgment is entered;

(b) The Obligor is giving up an important right to any notice or opportunity for a hearing before the entry of this judgment on the records of the Court;

(c) The Obligor is agreeing the Lender may enter this judgment and understands that the Obligor will be unable to contest the validity of the judgment, should the Lender enter it, unless the Obligor successfully challenges entry of the judgment on procedural grounds through a petition to open or strike the judgment, which will require the Obligor to retain counsel at the Obligor's expense;

(d) The Obligor is giving up an important right to any notice or opportunity for a hearing before the Lender may request and use the power of the state government to deprive the Obligor of her property pursuant to the judgment by seizing or having the Sheriff or other official seize the Obligor's bank accounts, inventory, equipment, furnishings, or any other personal property that the Obligor may own, to satisfy the Obligation; and

(e) The Obligor may be immediately deprived of the use of any property that is seized by the Lender pursuant to the judgment without notice or a hearing, and the procedural rules of Pennsylvania's court system do not guarantee that the Obligor will receive a prompt hearing after the Obligor's property is seized.

4893-7375-9284, v. 3

Case 1:24-bk-03264-HWV    Doc 556-5    Filed 08/07/25    Entered 08/07/25 08:56:23    Desc Exhibit D-Guarantee and Suretyship Agreement    Page 11 of 12

2. The Obligor knows and understands that it is the confession of judgment clause in the Obligation which gives the Lender the rights described in subparagraphs (a) through (e) of paragraph 1 above.

3. Fully and completely understanding the rights which are being given up if the Obligor signs the Obligation containing the confession of judgment, the Obligor nevertheless freely, knowingly and voluntarily waives said rights and chooses to sign the Obligation.

4. The Obligor acknowledges that the proceeds of the Obligation are to be used for business purposes.

5. The Obligor certifies that her annual income exceeds $10,000.00.

Dated this 30th day of September, 2022.

THE OBLIGOR HAS READ THIS EXPLANATION AND WAIVER PRIOR TO SIGNING THE OBLIGATION AND FULLY UNDERSTANDS ITS CONTENTS.

WITNESS:

_____     _____
                                     Irene P. Mulkerin


COMMONWEALTH OF PENNSYLVANIA    :
                                :  SS
COUNTY OF YORK                  :

On this, the 30th day of September, 2022, before me, a Notary Public of the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Irene P. Mulkerin, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she individually executed the same for the purposes therein contained by signing her name.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
Geri Lynn Benzel, Notary Public
York County
My commission expires July 28, 2025
Commission number 1144176
Member, Pennsylvania Association of Notaries

(Signature page to Explanation and Waiver of Rights Regarding Confession of Judgment - Guaranty)