UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
IRENE MULKERIN, Debtor
Chapter 13 (Pending Conversion)
Case No. 1:24-bk-03264-HWV

FILED
**August 12, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**DEBTOR'S ASSERTION OF SURPLUS ENTITLEMENT
AND SUPPLEMENTAL OBJECTION TO ABANDONMENT
OF THE PAPOUTSIS FAMILY LIMITED PARTNERSHIP (FLP)**

NOW COMES the Debtor, Irene Mulkerin, pro se, and respectfully supplements her August 4, 2025 Objection to Abandonment [Dkt. 541] by asserting a formal surplus debtor claim against the estate, and in support thereof states as follows:

**I. Surplus Debtor Status and Financial Stake**

1. On June 3, 2025, the Court approved the Chapter 7 Trustee's Motion to Compromise, resulting in a settlement payment of $3.15 million into the estate.

2. All allowed claims, including those presently contested, total less than $1.75 million, leaving a projected surplus of at least $1.4 million after payment in full to creditors.

3. The Court has already recognized the Debtor as a surplus debtor, and she has received an interim surplus distribution of $150,000.

4. Pursuant to 11 U.S.C. § 726(a)(6), once all allowed claims are satisfied, any remaining surplus must be returned to the debtor.

5. This surplus entitlement is not an unsecured claim subject to the claims bar date under Fed. R. Bankr. P. 3002(c), but a contingent and unliquidated right to payment arising from the Debtor's status as a surplus beneficiary. See *In re Ford*, 967 F.2d 1047, 1050–51 (5th Cir. 1992); *In re Ryan*, 80 B.R. 264 (D. Colo. 1987).

6. This pecuniary interest gives the Debtor standing to assert a surplus claim and to oppose any action that would diminish the estate's value, including abandonment of the FLP.

## II. Basis for Surplus Claim

1. The Debtor asserts that, but for the mismanagement of estate and related assets, suppression of asset values, and failure to investigate or prosecute significant FLP-, trust-, and related claims, she is entitled to a surplus distribution far exceeding the $150,000 already received.

2. The claims disclosed in Debtor's amended Schedule A/B – Part 4 represent a comprehensive set of potential recoveries for the estate, including turnover of FLP assets, avoidance and recovery of fraudulent transfers, lender liability, professional malpractice, fiduciary breach, and related causes of action. The estimated ranges below reflect the recoverable value of those claims to the bankruptcy estate:

   - **Papoutsis Family Limited Partnership (FLP) – Turnover and Fiduciary Breach:** $10M+

   - **FLP Encumbrance and Mismanagement Claims:** $5M – $15M

   - **Wolfes – Judgment and Underlying Liability:** $5M – $15M

   - **Traditions Bank – Judgment and Underlying Liability:** $5M – $20M

- **Avoidance and Recovery Actions (§§ 542, 544, 548, 550):** Value unknown – potentially substantial

- **Legal Malpractice / Breach of Fiduciary Duty – Daniel Atlas and Associated Counsel:** $5M – $15M

- **Fee Disgorgement / Surcharge – Chapter 7 Trustee Steven Carr:** $500K – $1M

3. Some of the above categories involve overlapping facts with claims asserted or assertable by Andrew Mulkerin in his own right or in his pending bankruptcy case. The Debtor asserts only the portion of each damage category that constitutes a loss to her bankruptcy estate or that diminishes the value of estate assets, thereby reducing her surplus recovery.

4. The Debtor's conservative aggregate estimate for the recoverable value to the estate is between $26.5 million and $76 million, exclusive of any additional amounts recoverable from currently unknown parties, treble damages available under RICO statutes, or amounts associated with contingent and unliquidated claims identified through discovery.

## III. Claim Amount and Reservation of Rights

10. The Debtor hereby asserts a contingent and unliquidated surplus claim in an amount not less than $26.5 million, and potentially exceeding $76 million, as detailed in Schedule A/B.

11. This claim is contingent upon final adjudication of pending and potential adversary proceedings, Rule 2004 discovery, and valuation of FLP and affiliated entity transactions.

12. The Debtor reserves the right to amend this claim, seek allowance as part of a confirmed Chapter 13 plan, and pursue all related causes of action on behalf of the estate or individually.

## IV. Supplemental Objection to Abandonment

13. The Debtor incorporates by reference her August 4, 2025 Objection to Abandonment.

14. In addition to the reasons stated therein, abandonment must be denied because it would impair the Debtor's asserted surplus claim, contravene the duty to maximize estate value, and preclude meaningful recovery for the surplus beneficiary.

15. The FLP is a primary source of potential recovery to the estate, both through its ongoing income and through litigation of fiduciary breach, fraudulent transfer, and encumbrance claims. Abandonment would forfeit these recovery avenues and directly diminish the surplus available to the Debtor.

16. Courts have consistently denied abandonment where the property holds unresolved value or evidentiary significance. See *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987); *In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995).

## V. Lack of Standing – Attorney Robert Chernicoff

17. Any appearance or argument by attorney Robert Chernicoff in support of abandonment should be disregarded. Chernicoff no longer represents a creditor, has no claim against the estate, and therefore lacks standing to advocate for or against administration of the FLP.

**WHEREFORE**, the Debtor respectfully requests that the Court:

1. Allow and preserve her surplus debtor claim against the estate in an amount not less than $26.5 million;

2. Deny any proposed abandonment of the FLP; and

3. Grant such other relief as is just and proper.

Dated: August 13, 2025

Respectfully submitted,

/s/ Irene Mulkerin
Pro Se Debtor
1740 Adeline Drive
Mechanicsburg, PA 17050