UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT

IN RE: : NO. 1-24-03264-HWV
:
IRENE PAPOUTSIS MULKERIN, :
    Debtor : Chapter 7
:

CHAPTER 13 TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION TO CONVERT CASE

AND NOW, this 12th day of August 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and files this Objection to Debtor's Motion to Convert Case based on the following:

1. Objector is the Chapter 13 Trustee, who would presumably be appointed to the above-captioned case, should it be converted to Chapter 13.

2. The Debtor does not qualify for Chapter 13 because her unsecured debts exceed the Chapter 13 debt limit of $465,275.00 as of the date of the filing of her case. Debtor's unsecured debts total more than $577,000.00; accordingly she is not eligible for Chapter 13. 11 U.S.C. 109(e). See also, *In re Thomas,* 2025 Lexis 213325, 2025 WL 1840681 (Bankr. S.D. Georgia 2025).

3. The Debtor does not qualify for Chapter 13 because she is not an individual with regular income. Debtor's own schedules indicated a Monthly Net Income of ($109.00). See Schedules I and J at Doc. #35 and #36. 11 U.S.C. 109(e) and See *In re Ansin* 659 B.R. 715 (BAP 1st Cir. 2024).

4. Debtor's Motion to Convert has not been filed in good faith for the following reasons:

    a. Debtor's only realistic funding source for a Chapter 13 case would be payments from her interest in a limited family partnership, which has

already been liquidated in the Chapter 7 case. To allow conversion to Chapter 13, when the Chapter 7 Trustee already has the funds, in hand, needed to pay the filed claims in the case, would only serve to prejudicially delay payment to creditors.

b. Debtor's motives to convert to Chapter 13 are delay and forum shopping, neither of which are in good faith. See *In re Ansin* 659 B.R. 715 (BAP 1st Cir. 2024) and *In re Ross*, 2017 U.S. App. Lexis 10236, 2017 WL 2470594, 77 Collier Bankr. Case 2nd (MB) 1656 (3rd Cir. 2017).

c. Conversion to Chapter 13 would result in unreasonable and prejudicial delay to creditors since the Chapter 7 Trustee has liquidated the necessary assets and is ready to make distributions once the two remaining claim disputes are resolved.

WHEREFORE, The Chapter 13 Trustee requests that this Honorable Court deny the Motion to Convert.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717)566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee
droeder@pamd13trustee.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT

IN RE:                                              : NO. 1-24-03264-HWV
                                                    :
IRENE PAPOUTSIS MULKERIN,                           :
            Debtor                                  : Chapter 7
                                                    :

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following Filing Users:

Office of The United States Trustee
Sylvia H. Rambo United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

Irene Papoutsis Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050
*Pro Se Debtor*

Robert E. Chernicoff, Esquire
Cunningham, Chernicoff & Warshawsky, PC
P.O. Box 60457
Harrisburg, PA 17106-0457
*Counsel for The Andrew V.
Papoutsis Irrevocable Trust*

/s/ Derek M. Strouphauer, Paralegal
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee
Middle District of Pennsylvania
Suite A, 8125 Adams Drive
Hummelstown, PA 17036
(717)566-6097