UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
IRENE MULKERIN, Debtor
Chapter 13 (Pending conversion)
Case No. 1:24-bk-03264-HWV

FILED
**August 14, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

**DEBTOR'S REPLY TO CHAPTER 13 TRUSTEE'S OBJECTION TO MOTION TO CONVERT CASE**

NOW COMES the Debtor, Irene Mulkerin, pro se, and respectfully submits this Reply in opposition to the Chapter 13 Trustee's Objection (Dkt. 574) to her Motion to Convert to Chapter 13, and in support thereof states as follows:

**I. LEGAL STANDARD UNDER 11 U.S.C. §§ 706(a) AND 109(e)**

Right to Convert. Under 11 U.S.C. § 706(a), a Chapter 7 debtor may convert to Chapter 13 at any time if the case has not been previously converted and the debtor is eligible.

Eligibility Determination. Under 11 U.S.C. § 109(e), a debtor is eligible for Chapter 13 if, on the petition date, she owes noncontingent, liquidated, unsecured debts of less than $465,275.

Bad Faith Standard. *Marrama v. Citizens Bank*, 549 U.S. 365 (2007), holds that conversion may be denied only upon clear evidence of bad faith or ineligibility. Any factual dispute regarding eligibility must be resolved in the debtor's favor unless clearly disproven. The Debtor satisfies all requirements under § 706(a) and § 109(e) and there is no evidence — much less clear evidence — of bad faith as

required under *Marrama*. Conversion is therefore a matter of right and must be granted.

## II. CORRECTION OF MISSTATED UNSECURED DEBT FIGURES

The Trustee's assertion that unsecured debts total "approximately $577,000" is factually wrong. The actual filed claims total $394,842.31 in unsecured debt, including the Wolfe claim of $327,039.38 — a claim the Debtor intends to challenge via adversary proceeding.

Excluding the Wolfe claim, the remaining general unsecured debt is only $67,802.93:

- Capital One: $14,794.70
- Bank of America: $20,459.07
- UGI: $574.58
- Midland Credit Management: $31,974.58

In either scenerio, this is well below the § 109(e) ceiling, and the inflated figure in the Objection is neither supported by the claims register nor relevant to eligibility.

## III. TRUSTEE'S CONFLATION OF FLP AND TRUST ASSETS IS FACTUALLY AND LEGALLY ERRONEOUS

The Trustee's ¶ 4(a) claim that the Debtor's "only realistic funding source" — her limited family partnership interest — "has already been liquidated" is materially false.

Two distinct assets exist:

1. A.V. Papoutsis Irrevocable Trust settlement funds (currently in the estate via the $3.15M compromise approved June 3, 2025); and

2. Debtor's separate 32% limited partnership interest in the Papoutsis Family Limited Partnership ("FLP"), which has not been liquidated and is the subject of pending abandonment and discovery motions.

The Trust does not own the FLP. As stated in the Debtor's August 12, 2025 Surplus Entitlement filing, the FLP holds *ongoing income and substantial real estate assets*. Treating these assets as interchangeable is factually baseless and legally misleading.

## IV. DEBTOR HAS REGULAR INCOME AND ADDITIONAL FUNDING SOURCES

The Debtor is a surplus debtor with a projected more than $1M surplus after all allowed claims are paid, as recognized by this Court and evidenced by her interim $150,000 surplus distribution. This right is not speculative — it arises under 11 U.S.C. § 726(a)(6) and case law such as *In re Ford*, 967 F.2d 1047, 1050–51 (5th Cir. 1992).

Courts recognize "regular income" under § 101(30) includes stable, non-wage sources such as settlements. See *In re Antoine*, 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997). The existing settlement surplus alone can fund a feasible plan paying all allowed claims in full.

Supplemental Potential Funding: As detailed in Amended Schedule A/B and the Aug. 12 filing, Debtor plans multiple estate recovery actions including:

- FLP turnover, encumbrance, and mismanagement: $5M–$15M+

- Wolfe judgment & underlying liability: $5M–$15M

- Traditions Bank liability: $5M–$20M

- Avoidance & recovery actions (§§ 542, 544, 548, 550): value substantial but unliquidated

- Legal malpractice & fiduciary breach: $5M–$15M

- Fee disgorgement/surcharge: $500K–$1M

The Debtor's anticipated surplus alone is sufficient to fund a 36-month plan paying all allowed claims in full. This renders the plan feasible within the meaning of § 1325(a)(6) without reliance on speculative future income or recoveries. However, any recovery from above litigation will further secure payment in full to creditors.

**V. NO BAD FAITH, DELAY, OR FORUM SHOPPING**

The Debtor's purpose in converting is entirely consistent with Chapter 13's statutory goals:

- Preserve and recover additional value from unresolved FLP and related claims;

- Resolve contested claims — including those the Debtor intends to pursue against Traditions Bank, Keith and Lisa Wolfe, and Andrew Papoutsis — within a single forum;

- Ensure surplus distributions to the Debtor after all creditors are paid; and

- Avoid the inefficiency, expense, and prejudice of piecemeal litigation across state, federal, and bankruptcy courts.

This case presents significant overlap in factual and legal issues across multiple claims and parties. The FLP disputes are intertwined with potential adversary proceedings against Traditions Bank and the Wolfes, and may also implicate

conduct by Andrew Papoutsis. Forcing these matters into separate forums — particularly by keeping the Debtor in Chapter 7 while abandoning the FLP — would fracture related claims, risk inconsistent rulings, and undermine coordinated recovery efforts.

Ensuring that all related claims are handled in a single forum is not only efficient, it is a necessary step to fulfill the fiduciary duty to maximize estate value and protect both creditors and the surplus debtor — the opposite of bad faith.

Conversion will not prejudice creditors; they will be paid in full from existing funds regardless of chapter. The benefit lies in ensuring that all parties — creditors and the surplus debtor alike — can rely on the bankruptcy system to operate with transparency, fairness, and good faith, with all related claims resolved in a single, coordinated forum, thereby preventing premature depletion of the estate, and aligning with Judge Van Eck's stated preference for resolving interconnected disputes efficiently.

## VI. PRESERVING THE INTEGRITY OF THE BANKRUPTCY PROCESS

VI.  Preserving the Integrity of the Bankruptcy Process


The Bankruptcy Code is not merely a collection mechanism; it is designed to ensure that estates are administered openly, lawfully, and with fidelity to the rights of all parties in interest — including surplus debtors. The U.S. Trustee Program has recognized that "public confidence in the integrity of the bankruptcy system depends on full disclosure and the avoidance of even the appearance of impropriety by estate fiduciaries."

Here, the record demonstrates that the Chapter 7 process has been used not to maximize value, but to prematurely terminate oversight, abandon valuable assets,

and shield fiduciaries from discovery. As a recognized surplus debtor, the Debtor has a direct pecuniary interest in ensuring the estate's value is preserved. See *In re Ford*, 967 F.2d 1047, 1050–51 (5th Cir. 1992).

Denying conversion under these facts would signal that insiders and conflicted fiduciaries can engineer an early Chapter 7 closure to avoid scrutiny — even when all creditors are paid in full and a significant surplus remains. That outcome is antithetical to the purposes of the Code, undermines public trust in the system, and deprives both creditors and surplus beneficiaries of the protections Congress intended.

## VII. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court:

1. Overrule the Chapter 13 Trustee's Objection (Dkt. 574); and

2. Enter an order converting this case to Chapter 13 forthwith.

Respectfully submitted,

Dated: August 14, 2025

/s/ Irene Mulkerin
Irene Mulkerin, Pro Se Debtor
1740 Adeline Drive
Mechanicsburg, PA 17050

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
IRENE MULKERIN, Debtor
Case No.: 1:24-bk-03264-HWV
Chapter 7

## CERTIFICATE OF SERVICE

I, Irene Mulkerin, hereby certify that on August 14, 2025, I caused a true and correct copy of **DEBTOR'S REPLY TO CHAPTER 13 TRUSTEE'S OBJECTION TO MOTION TO CONVERT CASE** to be filed electronically with the Clerk of the Bankruptcy Court for the Middle District of Pennsylvania, using the CM/ECF system, which electronically notifies all registered participants in this case.

It was also sent via first class mail to:
Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Dated: August 14, 2025
Mechanicsburg, Pennsylvania

Respectfully submitted,

/s/ Irene Mulkerin
Irene Mulkerin
Debtor, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050