IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In RE<br><br>IRENE PAPOUTSIS MULKERIN<br><br>*Debtor* | Case No. 1:24-bk-03264-HWV<br><br>Chapter 7 |

OBJECTION OF KEITH AND LISA WOLFE TO DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13

Keith and Lisa Wolfe ("the Wolfes"), by and through undersigned counsel, file this Objection to the Motion of Debtor, Irene Papoutsis Mulkerin ("Debtor") to Convert this case from Chapter 7 to Chapter 13, and in support thereof state as follows:

1. The Wolfes are creditors in this case pursuant to their claim arising from the Debtor's joint and several liability with co-debtor Andrew Mulkerin under the parties' written guaranty and resulting and related state court judgments. The Wolfes originally filed a claim for $327,039.08 at the commencement of this case. Later, the Wolfes amended their claim to $350,225.08 to reflect substantial costs and fees incurred by the Wolfes in collecting the claim in this case, as well as in the several cases of co-debtor Andrew Mulkerin. The unlimited guaranty signed by the Debtor and Andrew Mulkerin authorize the Wolfes to collect all counsel fees and costs incurred in the collection of the indebtedness, regardless of whether such costs were incurred separately in the Debtor's several cases or Andrew Mulkerin's several cases.

2. The Wolfes join in the objections filed by the Chapter 7 Trustee and the Chapter 13 Trustee and further incorporate the arguments and authorities stated therein, as supplemented by the arguments below.

3. The Debtor's Motion to Convert comes at a point when the Chapter 7 estate has been fully liquidated, the Chapter 7 Trustee holds sufficient funds to pay all allowed claims in full, and only two claim disputes remain before distribution can commence.

4. The Wolfes' claims are joint and several and the Wolfes are entitled to pursue both debtors until paid in full, with any payment in one case reducing the amount collectible in the other.

5. The proposed conversion would duplicate the existing Chapter 7 liquidation process, delay payment to creditors, and inject unnecessary procedural steps without increasing recovery to creditors.

### A. Debtor is Statutorily Ineligible for Chapter 13

6. Under 11 U.S.C. § 109(e), an individual is eligible for Chapter 13 only if, on the petition date, noncontingent, liquidated, unsecured debts are less than $465,275.

7. As the Chapter 13 Trustee has demonstrated, the Debtor's unsecured debts exceed that statutory maximum. Even using the Debtor's own figures, the debt limit is exceeded if the Wolfes' claim is included, as it must be unless and until disallowed by final order.

8. While the Debtor has objected to the attorney's fees and costs to be included in the Wolfes' claims, she has not objected to the principal balance of the claim ($327,039.38). As such, at least that much of the claim is non-contingent and liquidated, with the principal balance of the Wolfes' claim being indisputably non-contingent and liquidated at the time of the Debtor's petition.

9. In addition, § 109(e) requires that a debtor be an "individual with regular income." The Debtor's Schedules I and J reflect an absence of stable earnings necessary to fund a Chapter 13

plan. While Debtor may have some limited income as a substitute teacher, such income is wholly inadequate to pay for ongoing living expenses of the Debtor.

10. The Debtor's spouse's income listed in his bankruptcy case is illusory - it being for "consulting income" from the Debtor. Yet, the Debtor has NOT included her husband's salary as a schedule J expense. Assuming arguendo the expense is real, and not just a foil introduced by Andrew Mulkerin to claim eligibility for himself in his chapter 13 case, such ongoing payments to Andrew Mulkerin as the Debtor's consultant would bring the total monthly income of the Debtor far into negative territory making any plan payment unfeasible.

B. **Motion to Convert is Not Filed in Good Faith**

11. Under <u>Marrama v. Citizens Bank</u>, 549 U.S. 365 (2007), a motion to convert may be denied upon clear evidence of bad faith or ineligibility. Bad faith is established here.

12. The timing of the motion—filed only after liquidation was complete and distribution imminent—shows it is a tactical maneuver to delay payment to creditors and relitigate matters already resolved or waived in the Chapter 7 case.

13. The Debtor's stated purpose includes retaining jurisdiction over disputes concerning the Papoutsis Family Limited Partnership ("FLP") and related entities, notwithstanding the Chapter 7 Trustee's authority over such assets. This constitutes impermissible forum shopping as identified by both Trustees. To the extent the Debtor has surplus rights to such assets, there is no benefit to the estate or its creditors in administering non-estate assets through Chapter 13, particularly where the Chapter 7 liquidation will pay all claims in full.

14. The proposed Chapter 13 plan is functionally identical to the completed Chapter 7 liquidation, except for adding months (or years) of delay, additional administrative expense, and the risk of procedural derailment.

### C. Conversion Would Prejudice Creditors

15. Creditors, including the Wolfes, are entitled to prompt payment from the funds already held by the Chapter 7 Trustee.

16. Conversion would halt the final distribution process and postpone payment until after confirmation of a Chapter 13 plan and resolution of further contested matters.

17. The Wolfes, as joint and several creditors in this and the related case of Andrew Mulkerin, have a direct pecuniary interest in avoiding such delay and ensuring that payment in either case is credited against the total debt without diminishing their recovery rights.

### D. No Benefit to the Estate or Creditors

18. Courts have recognized that the "best interests of creditors test" requires that, at a minimum, unsecured creditors will be paid in the Chapter 13 plan the amount they would be paid if the case were a hypothetical Chapter 7 liquidation. In re Plevyak, 599 B.R. 786, 789 (Bankr. M.D. Pa. 2019).

19. A liquidation of assets has already occurred which will result in full payment of all the Debtor's allowed claims.

20. The claim dispute involving the Wolfe's claim can be easily adjudicated by the Bankruptcy in this Chapter 7 case. The claim dispute involves whether the guaranty and suretyship authorize recovery of counsel fees. The claim objection issue is purely a legal question of contract interpretation, which can be resolved just as effectively (if not more efficiently) in the current Chapter 7 posture.

21. The Debtor's proposed conversion offers no additional recovery to creditors, nor does she have any additional rights as a Chapter 13 Debtor than she will have in her capacity as an individual litigant that would make a distribution to creditors faster or greater. To the contrary,

all allowed claims can and will be paid in full in Chapter 7 without further litigation over eligibility or confirmation requirements.

22. The Debtor is free to administer any surplus assets from the Family Trust once the Chapter 7 case is fully administered. Once the Chapter 7 case is fully administered, the Debtor is free to pursue any surplus assets from the Family Trust without delaying distributions to creditors.

23. Allowing conversion under these circumstances would serve only the Debtor's interest in prolonging litigation over unrelated disputes, while imposing unnecessary administrative costs on the estate.

WHEREFORE, the Wolfes respectfully request that the Court:

1. Deny the Debtor's Motion to Convert this case to Chapter 13;

2. Direct the Chapter 7 Trustee to proceed promptly to final distribution; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

CGA Law Firm

By: /s/Brent C. Diefenderfer, Esquire
Brent C. Diefenderfer, Esquire
Supreme Ct. I.D. No. 93685
135 North George Street
York, PA 17401
(717) 848-4900
bdiefenderfer@cgalaw.com
*Counsel for Creditors Keith and Lisa Wolfe*

Date: August 15, 2025

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In RE | Case No. 1:24-bk-03264-HWV |
|---|---|
| IRENE PAPOUTSIS MULKERIN | Chapter 7 |
| *Debtor* | |

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following Filing Users:

Jack N. Zaharopoulos, Chapter 13 Trustee

Steven Carr, Esquire  Chapter 7 Trustee

Notification sent by First Class U.S. Mail to:

Irene Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

/s/Brent C. Diefenderfer, Esquire

Brent C. Diefenderfer, Esquire
Supreme Ct. I.D. No. 93685
135 North George Street
York, PA 17401
(717) 848-4900
*Counsel for Keith and Lisa Wolfe*