UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : NO. 24-03264-HWV
    Irene Papoutsis Mulkerin :
                                                                                  :
                 Debtor : Chapter 7

### CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO AUTHORIZE PARTIAL DISTRIBUTION AND TO DEFER FINAL CLOSING OF CASE

      AND NOW, comes the Trustee, by his attorney, Steven M. Carr, Esquire, of the law firm of Ream, Carr, Markey & Woloshin, LLP, and files this Objection of which the following is a statement:

1. Objector is the duly appointed Trustee in the above-captioned Bankruptcy.

2. Debtor, via her Motion, seeks to have the court authorize Trustee to make interim distributions to all creditors but the IRS and to allow the case to remain open to administer a possible tax refund and to defer the filing of a final account until the "refund" issue is resolved.

3. By Order dated August 27, 2025, the court ordered Debtor to file her tax returns utilizing existing k-1's, and further provided that the IRS claim would be deemed allowed if the returns were not filed by the court deadline.

4. Debtor chose not to file her returns and as a result the IRS now has an allowed claim.

5. There is no legal basis to refuse or delay payment of the IRS' allowed claim.

6. There is no legal basis to delay the filing of a final account nor to hold the case open for a possible refund from the IRS to Debtor.

7. To the extent that Debtor may be entitled to a tax refund as a result of returns filed in the future, Debtor has recourse independent of the bankruptcy.

8. Now that all of the assets have been liquidated, and all claims disputes resolved, Trustee

is prepared to file his final account.

9. Trustee neither seeks nor desires to make interim distributions, and further points out that interim distributions, while appropriate in some circumstances, are to be considered the exception, and not the rule.

10. Debtor, by her Motion, is once again interfering with the Trustee's statutory duties and his exclusive control over property of the estate and the administration of the estate.

11. Debtor, by her Motion, is creating unnecessary delay either intentionally or inadvertently, and the mere pendency of this Motion precludes an approval of the final account.

WHEREFORE, Chapter 7 Trustee prays that the Motion to be denied.

Ream, Carr, Markey Woloshin & Hunter, LLP

/S/ Steven M. Carr
Steven M. Carr, Esquire
Attorney for Trustee
119 East Market Street
York, PA 17401
(717) 843-8968
I.D. #34336