IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

IRENE MULKERIN,

Appellant,

v.

STEVEN M. CARR, Chapter 7 Trustee,

Appellee.

FILED
**December 11, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

DESIGNATION OF RECORD ON APPEAL

(Regarding Appeal of Docket No. 663 — Order Denying Limited Rule 2004 Examination)

Appellant, Irene Mulkerin, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby designates the following items to be included in the record on appeal from this Court's November 25, 2025 Order Denying Debtor's Limited Rule 2004 Examination (Dkt. 663).

1. ORDER ON APPEAL

   1. Docket No. 663 – Order Denying Debtor's Limited Rule 2004 Examination (entered November 25, 2025).

## 2. DOCKET ITEMS DIRECTLY RELATED TO THE RULE 2004 MOTION (NOVEMBER 2025)

1. Docket No. 644 – Debtor's Limited Rule 2004 Motion.
2. Docket No. 644-1 – Exhibits to Motion.
3. Docket No. 645 – Trustee's Objection.
4. Docket No. 650 – Debtor's Reply.
5. Docket No. 662 – Proceeding Memo for November 25, 2025.
6. Docket No. 663 – Order Denying Rule 2004 Examination.

## 3. PRIOR RULE 2004 MOTIONS AND RULINGS RELIED UPON BY THE COURT

### A. First Rule 2004 Round (December 2024 – February 2025)

1. Docket No. 53 – Debtor's Rule 2004 Motion.
2. Docket No. 60 – Trustee's Objection.
3. Docket No. 71 – Debtor's Reply.
4. Docket No. 158 – Debtor's Supplemental Statement.
5. Docket No. 164 – Order Denying 2004 Examination (Feb. 4, 2025).
6. Docket No. 168 – Order Denying 2004 Examination (Feb. 4, 2025).
7. Docket No. 169 – Order Denying 2004 Examination (Feb. 4, 2025).

### B. FLP Rule 2004 Motions (April–May 2025)

1. Docket Nos. 312, 313 – Debtor's Rule 2004 Motions (Andrew Papoutsis and FLP).
2. Docket No. 343 – Trustee's Objection.
3. Docket No. 359 – Related Filing.
4. Docket No. 420 – Proceeding Memo.
5. Docket No. 428 – Order Denying Rule 2004 Motion (May 29, 2025).

### C. July 2025 Rule 2004 Motions (Trust, Settlement Authority, Schedule A)

2

1. Docket No. 518 – Debtor's Rule 2004 Motion.
2. Docket No. 519 – Trustee's Objection.
3. Docket No. 521 – Trust's Answer opposing 2004
4. Docket No. 565 – Proceeding Memo.
5. Docket No. 595 – Order Denying Rule 2004 Motion (August 26, 2025).

4. DISCOVERY AND RECORD-PRODUCTION FILINGS NECESSARY FOR APPELLATE REVIEW

A. FLP Financial, Tax, and Accounting Records (Withheld) – June–August 2025

1. Docket No. 462 – Emergency Motion to Compel FLP Documents.
2. Docket No. 463 – Supporting Memorandum.
3. Docket Nos. 467, 471 – Related Filings.
4. Docket No. 501 – Trustee's Objection.
5. Docket No. 513 – Trust's Objection.
6. Docket No. 526 – Debtor's Supplemental Filing.
7. Docket Nos. 530, 531 – Related Filings.
8. Docket No. 592 – Order Denying as Moot after Abandonment.

B. Motions for Clarification Regarding Trust Documents (July–September 2025)

1. Docket Nos. 510, 515, 520 – July Clarification Motion and Responses.
2. Docket Nos. 612, 616, 617, 621, 623 – September Clarification Motion and Responses.

5. ESTATE-ADMINISTRATION FILINGS RELIED UPON BY THE COURT IN DENYING RULE 2004

1. Docket No. 642 – Trustee's Application for Compensation.
2. Docket No. 643 – Trustee's Attorney Fee Application.
3. Docket No. 646 – Trustee's Final Report.
4. Docket No. 646-1 – Form 1 and Form 2 Accounting.
5. Docket No. 648 – Notice Regarding Final Report.
6. Docket No. 651 – Debtor's Motion to Partially Stay Final Distribution.

7. Docket No. 652 – Notice of Hearing.

## 6. FILINGS NECESSARY TO CORRECT MISSTATEMENTS RELIED UPON BY THE COURT

1. Docket No. 666 – Debtor's Notice of Partial Withdrawal of Motion to Stay Final Distribution.
2. Docket No. 668 – Trustee's Objection Regarding Creditor Payments.
3. Docket No. 669 – Debtor's Objection to Trustee's Application for Compensation.
4. Docket No. 670 – Debtor's Objection to Trustee's Attorney Fee Application.

## 7. TRANSCRIPTS DESIGNATED FOR APPEAL

Appellant hereby designates the following hearing transcripts, which are necessary for meaningful appellate review:

1. Transcript of February 4, 2025 Hearing (Denial of first Rule 2004 motions).
2. Transcript of March 26, 2025 Hearing (Trustee testimony regarding FLP and lack of investigation).
3. Transcript of April 3, 2025 Hearing (Court's findings regarding completeness of the record).
4. Transcript of November 25, 2025 Hearing (Hearing on Docket No. 644 and the Order on appeal).

A Notice of Transcript Ordering has been or will be filed separately pursuant to Rule 8009(b).

## 8. EXHIBITS INTRODUCED DURING HEARINGS

Appellant designates all exhibits admitted or referenced in:

1. The February 4, 2025 hearing;
2. The March 26, 2025 evidentiary hearing;
3. The April 3, 2025 evidentiary hearing; and

4. The November 25, 2025 hearing.

## 9. RESERVATION OF RIGHTS UNDER RULE 8009(e)

Appellant expressly reserves all rights to supplement the record, correct omissions, designate additional docket items or transcripts, or respond to any directive from the District Court under Fed. R. Bankr. P. 8009(e).

Dated: December 12, 2025

Respectfully submitted,

/s/ Irene Mulkerin

Irene Mulkerin

Debtor–Appellant, Pro Se

1740 Adeline Drive

Mechanicsburg, Pennsylvania 17050

5

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

**STATEMENT OF ISSUES ON APPEAL**

Appellant identifies the following non-exclusive issues for review:

1. Whether the Bankruptcy Court applied the correct legal standard under Fed. R. Bankr. P. 2004, including the requirements of "good cause," the proper scope of examination, and the relationship of the requested discovery to the administration of the estate.
2. Whether the Court erred as a matter of law in holding that Rule 2004 cannot be used to examine trustee conduct or estate-administration decisions, and in restricting Rule 2004 to such an extent that it conflicts with applicable Third Circuit and bankruptcy authority.
3. Whether the Court erred, to the extent it discounted or failed to give effect to Debtor's status as a surplus debtor under 11 U.S.C. § 726(a)(6), in evaluating her entitlement to discovery and her interest in ensuring proper estate administration.
4. Whether the Court improperly applied principles of res judicata or claim preclusion to a Rule 2004 motion that had previously been denied "without prejudice," particularly where the later motion was based on additional facts and post-February developments.

1

5. Whether the Court's factual findings were clearly erroneous, including but not limited to findings that:

   a. Debtor had already received the equivalent of a Rule 2004 examination of the Chapter 7 Trustee;
   b. no new or materially different facts existed since the earlier 2004 motions;
   c. the requested Rule 2004 examination would not affect estate administration or any remaining duties of the Trustee;
   d. Debtor mischaracterized case law in support of her motion; and
   e. estate administration was "complete" such that further discovery was unnecessary.

6. Whether the Court abused its discretion by refusing to consider, or by giving insufficient weight to, substantial post-February developments and new evidence relating to valuation of estate-related interests, the conduct of the Trustee and related fiduciaries, events involving the Papoutsis Family Limited Partnership ("FLP"), and the handling and administration of estate assets.

7. Whether the Court violated Debtor's rights to due process and fundamental fairness by basing its ruling on unsupported credibility determinations, misstatements or misunderstandings of controlling law, or misunderstandings of the record, and by relying on those errors to deny Debtor any Rule 2004 discovery into the Trustee's administration of the estate.

Appellant reserves the right to refine, amend, or supplement these issues in her appellate brief.

Dated: December 12, 2025

/s/ Irene Mulkerin

Debtor, Pro Se

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

**NOTICE OF TRANSCRIPT ORDERING**

(Fed. R. Bankr. P. 8009(b))

Appellant, Irene Mulkerin, hereby submits this Notice of Transcript Ordering in connection with her appeal of the Bankruptcy Court's November 25, 2025 Order Denying Debtor's Limited Motion for Examination Under Rule 2004 (Dkt. 663).

Pursuant to Federal Rule of Bankruptcy Procedure 8009(b), Appellant provides notice of the following transcripts ordered for inclusion in the appellate record:

**TRANSCRIPTS ORDERED**

1. Transcript of February 4, 2025 Hearing

Subject: Debtor's initial Rule 2004 Motions and related matters
Relevance:
This hearing includes the Court's findings that the Rule 2004 request was denied "without prejudice," its representations regarding Debtor's discovery rights, and factual statements contradicted or relied upon in the November 25, 2025 ruling.
Status: Transcript has been ordered from the official court transcriber.

2. Transcript of November 25, 2025 Hearing

Subject: Hearing on Debtor's Limited Motion for Rule 2004 Examination of Trustee Carr

Relevance:

This is the hearing at which the Court announced the oral findings and reasoning associated with the appealed Order (Dkt. 663).

Status: Transcript has been ordered from the official court transcriber.

## CERTIFICATION

Appellant certifies that the above transcripts have been ordered and that payment arrangements have been made with the Court's designated transcriber in accordance with Fed. R. Bankr. P. 8009(b)(1)(A).

Appellant reserves the right to supplement this Notice if additional transcript material becomes necessary for the appeal.

Dated: December 12, 2025

Respectfully submitted,

/s/ Irene Mulkerin

Appellant, Pro Se

1740 Adeline Drive

Mechanicsburg, PA 17050

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

IRENE MULKERIN,

Appellant,

v. Civil Action No. 1:25-cv-2303

STEVEN M. CARR,

Appellee.

## CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

I, Irene Mulkerin, hereby certify, pursuant to the Court's Bankruptcy Appeal Practice Order and Judge Mehalchick's directives regarding the use of Artificial Intelligence ("AI"), as follows:

1. I used a generative AI tool, specifically OpenAI's ChatGPT, to assist in drafting portions of the following documents:
    1. Appellant's Statement of Issues on Appeal
    2. Designation of Records on Appeal
2. The AI tool was used to assist with drafting, editing, and organizing the text of the filing. I personally reviewed, revised, and supplemented all content generated with the assistance of AI.
3. I have independently checked the accuracy of all factual statements, legal arguments, and legal citations contained in the filing, including those portions for which AI assistance was used. I have not knowingly submitted any fabricated or non-existent legal authority, and I understand that I remain

1

fully responsible for the content of the filing under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and applicable Local Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 12, 2025

Mechanicsburg, Pennsylvania

/s/ Irene Mulkerin

Irene Mulkerin

Appellant, Pro Se

1740 Adeline Drive

Mechanicsburg, PA 17050

2

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:

IRENE MULKERIN, Debtor

Case No. 1:24-bk-03264-HWV

Chapter 7

CERTIFICATE OF SERVICE

I, Irene Mulkerin, certify that on December 12, 2025, I caused a true and correct copy of the foregoing Designation of Record, Statement of Issues (and associated attachments) on Appeal to be filed electronically via the Court's CM/ECF system, which automatically serves all registered CM/ECF participants.

December 12, 2025

/s/ Irene Mulkerin

Irene Mulkerin