**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**Harrisburg DIVISION**

| | | |
|---|---|---|
| In re: Irene Papoutsis Mulkerin | § | Case No. 24-03264 |
| | § | |
| | § | |
| | § | |
| Debtor(s) | | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that <u>Steven M. Carr</u>, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Sylvia H. Rambo U.S. Courthouse

1501 North 6th Street

Harrisburg, PA 17102

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: <u>12/29/2025</u>          Steven M. Carr: <u>/s/ Steven M. Carr</u>

Trustee

Steven M. Carr

119 East Market Street

York, PA 17401

(717) 843-8968

carr20@aol.com

**UST Form 101-7-NFR (10/1/2010)**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
### Harrisburg DIVISION

In re: Irene Papoutsis Mulkerin          §          Case No. 24-03264
                                         §
                                         §
                                         §
                                         §
              Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| *The Final Report shows receipts of :* | $ | 3,150,000.00 |
| *and approved disbursements of:* | $ | 803,525.12 |
| *leaving a balance on hand of[1]:* | $ | 2,346,474.88 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 6 | Traditions Bank | 35,633.59 | 35,633.59 | 0.00 | 35,633.59 |
| 7 | Traditions Bank | 29,609.17 | 29,609.17 | 0.00 | 29,609.17 |
| 8 | Traditions Bank | 7,500.00 | 7,500.00 | 0.00 | 7,500.00 |
| 9 | Orrstown Bank | 304,944.69 | 304,944.69 | 0.00 | 304,944.69 |

|  | | |
|---|---|---|
| Total to be paid to secured creditors: | $ | 377,687.45 |
| Remaining balance: | $ | 1,968,787.43 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Steven M. Carr | 76,772.16 | 0.00 | 76,772.16 |
| Trustee, Expenses - Steven M. Carr | 313.50 | 0.00 | 313.50 |
| Attorney for Trustee Fees - Steven M. Carr | 65,040.00 | 0.00 | 65,040.00 |
| Attorney for Trustee, Expenses - Steven M. Carr | 478.30 | 0.00 | 478.30 |
| Bond Payments - INTERNATIONAL SURETIES, LTD | 7,290.00 | 7,290.00 | 0.00 |
| Attorney for Trustee Fees (Other Firm) - Daniel Atlas, Esq. | 630,000.00 | 630,000.00 | 0.00 |

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Expenses (Other Firm)  - Daniel Atlas, Esq. | 2,672.35 | 2,672.35 | 0.00 |
| Surplus Funds Paid to Debtor § 726(a)(6) - Reserve to be held in escrow | 15,000.00 | 0.00 | 15,000.00 |

Total to be paid for chapter 7 administrative expenses: $ 157,603.96

Remaining balance: $ 1,811,183.47

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00

Remaining balance: $ 1,811,183.47

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $159,655.61 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4 | Internal Revenue Service | 159,655.61 | 0.00 | 159,655.61 |

Total to be paid for priority claims: $ 159,655.61

Remaining balance: $ 1,651,527.86

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $407,556.91 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1-3 | Keith and Lisa Wolfe | 339,753.98 | 0.00 | 339,753.98 |

**UST Form 101-7-NFR (10/1/2010)**

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| 2 | West Shore Country Club | 0.00 | 0.00 | 0.00 |
| 3 | Capital One N.A. | 14,794.70 | 0.00 | 14,794.70 |
| 5 | The Andrew V. Papoutsis Irrevocable Trust | 0.00 | 0.00 | 0.00 |
| 10 | Bank of America, N.A. | 20,459.07 | 0.00 | 20,459.07 |
| 11 | UGI Utilities Inc | 574.58 | 0.00 | 574.58 |
| 12 | Midland Credit Management, Inc. | 31,974.58 | 0.00 | 31,974.58 |

Total to be paid for timely general unsecured claims: $ 407,556.91
Remaining balance: $ 1,243,970.95

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| | | None | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 1,243,970.95

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 1,243,970.95

**UST Form 101-7-NFR (10/1/2010)**

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 4.22% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $43,042.90. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $1,200,928.05.

Prepared By: /s/ Steven M. Carr
_____
Trustee

Steven M. Carr
119 East Market Street
York, PA 17401
(717) 843-8968
carr20@aol.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**