# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:                :

                       :

IRENE PAPOUTSIS MULKERIN,    :      Case No. 1:24-bk-03264-HWV

                       :

Debtor.              :      Chapter 7

## OBJECTION OF ANDREW V. PAPOUTSIS IRREVOCABLE TRUST TO DEBTOR'S MOTION TO CONTINUE HEARING ON MOTION TO CLARIFY

The Andrew V. Papoutsis Irrevocable Trust (the "Trust"), by and through its bankruptcy counsel, Cunningham, Chernicoff & Warshawsky, P.C., files this Objection to Debtor's Motion to Continue Hearing on Motion to Clarify (Doc. 811) and states as follows:

### FACTUAL BACKGROUND

1. On May 27, 2026, Irene Papoutsis Mulkerin ("Debtor") filed her *Motion to Clarify Order Granting Motion to Approve Compromise or, in the Alternative, to Modify Order Granting Motion to Approve Compromise Pursuant to Rule 60(b)* (the "60(b) Motion").

2. On May 28, 2026, this Court scheduled a hearing on the 60(b) Motion for June 23, 2026. (Doc. 807).

3. On June 12, 2026 – over two weeks after filing the Rule 60(b) Motion – the Debtor filed her *Motion to Disqualify United States Bankruptcy Court Judges for the Middle District of Pennsylvania* (Doc. 810, the "Disqualification Motion").

4. The Debtor simultaneously filed a *Motion to Continue Hearing on Motion to Clarify* (Doc. 811, the "Continuance Motion").

5. The stated purpose of the Continuance Motion is to provide this Court with an opportunity to rule upon the Disqualification Motion before the 60(b) Motion is heard.

6. No continuance is necessary. As set forth in the Trust's Objection to the Disqualification Motion being filed contemporaneously with this Objection and incorporated herein by reference, the Disqualification Motion lacks merit entirely and the Debtor has failed to articulate any legitimate basis for disqualification of Chief Judge Van Eck or any other judge of this Court.

7. Further, as set forth in greater detail in the Trustee's Objection to the 60(b) Motion (which the Trust has joined and which is incorporated herein by reference), the 60(b) Motion is both facially untimely under Local Rules 9023-1 and 9024-1, and also lacks substantive merit. (Docs. 808 & 809).

8. The Debtor's request for a continuance should be denied so that this Court may promptly rule upon the 60(b) Motion to ensure finality for the Trust and the numerous other parties who would be affected by granting the relief requested by the Debtor.

2

**WHEREFORE**, the Andrew V. Papoutsis Irrevocable Trust respectfully requests that this Court deny the Debtor's Motion to Continue Hearing on Motion to Clarify. (Doc. 811).

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By:_____
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    Joseph M. Kanfer, Esquire
    Attorney I.D. No. 306558
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457
    (717) 238-6570

Date: June 17, 2026

Case 1:24-bk-03264-HWV   Doc 812   Filed 06/17/26   Enttered 06/17/26 19:21:02   Desc
Main Document      Page 3 of 3