**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Irene Papoutsis Mulkerin,** | | **Chapter 7** |
| | : | |
| | : | |
| **Debtor.** | | **Bky. No. 24-03264 (PMM)** |

**-------------------------------------------**

**ORDER DENYING MOTION**

**AND NOW**, upon consideration of the Debtor's Motion to Clarify Order Granting Motion to Approve Compromise or, in the Alternative, to Modify Order Granting Motion to Approve Compromise Pursuant to Rule 60(b) (doc. #806, the "Motion"); and the Objection thereto (doc. #'s 808, 809); it is hereby **ordered** that the Motion is **denied.** *

**Date: 9/17/26**

Patricia M. Mayer
______________________________
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

## * **<u>E N D   N O T E</u>**

The history of this matter is well known to the parties and will not be repeated here. For purposes of the Motion, the salient facts are as follows.

The Debtor, Irene Papoutsis Mulkerin (the "Debtor" or "Ms. Mulkerin") filed for chapter 7 bankruptcy protection on December 18, 2024. Steve M. Carr was appointed chapter 7 trustee (the "Trustee"). Following briefing by the Trustee and the Debtor, as well as a two (2) day evidentiary hearing, Judge Van Eck granted the Trustee's Motion to Compromise (the "Motion to Compromise," doc. #29), allowing the Trustee to accept $3,150,000.00 (the "Settlement") to settle claims initially asserted pre-petition by the Debtor (the "Delaware Action") against the Wilmington Trust Company and the Debtor's father, Andrew V. Papoutsis with regard to the Andrew V. Papoutsis Irrevocable Trust (the "Trust"), of which the Debtor is a beneficiary. Under the terms of the Settlement, the new trustee of the Trust, Donald Kornfield, was, among other things, to pay the chapter 7 Trustee a total of $3,150,000.00 out of the Trust in exchange for a release of all of Mulkerin's claims in the Delaware Action. On June 3, 2025, an Order approving the final Settlement was entered (the "Final Order"). <u>See</u> doc. #'s 409, 445, 446; <u>see</u> <u>also</u> <u>In re Mulkerin</u>, 2025 WL 2402287, at *1 (Bankr. M.D. Pa. May 28, 2025). Prior to the entry of the Final Order, the Trustee submitted a statement (doc. #411). The Debtor's Motion to Clarify the Court's Final Order was denied on August 26, 2025. Doc. #'s 510, 595.

Following approval of an interim distribution to the Debtor, doc. #498, and a denial of the Debtor's Motion to Convert, doc. #598 (among other events), the Trustee's Final Report was approved over the Objection of the Debtor. Doc. #'s 646, 697, 704, 771. The Debtor's appeal of this Order was dismissed by the District Court. Doc. #'s 778. 805. The Trustee has distributed

the settlement proceeds pursuant to the Final Account, including a payment of over $1 million to the Debtor. Response at ¶ 2. Only $15,000.00 of the proceeds remain and are earmarked for attorneys' fees. Response at ¶ 3. On February 12, 2026 the Debtor's discharge was entered. Doc. #773.

On May 27, 2026, the pending Motion was filed, to which the Trust and the Trustee objected. On June 29, 2026, this case was reassigned to the undersigned Judge.

* * * *

The Motion seeks three (3) forms of relief with regard to modifying or vacating the Final Order and the underlying Settlement. First, the Debtor asks that the Court clarify that the terms of the Settlement Agreement – and the extinguishment of rights with regard to the Trust- apply to the chapter 7 Trustee and not to the Debtor herself. Ms. Mulkerin also seeks "clarification" that any claims she has against Wilmington Trust and her father did not lapse 120 days after the Settlement was sent to her. Motion at 10. Second, the Motion asks in the alternative that the Settlement be modified pursuant to F.R.C.P. 60(b)(4) to make clear that Ms. Mulkerin may proceed to enforce her rights with regard to the Trust because "her beneficial interest in the trust was subject to a spendthrift clause and therefore not property of the estate." Motion at 3. Third, the Motion seeks relief under F.R.C.P 60 (b)(3) because the Trustee allegedly engaged in misconduct by causing the Debtor's former attorney, Donald S. Atlas, Esq. ("Atlas"), to breach his professional obligations.

The arguments will be taken in turn.

* * * *

First, the Debtor asks the Court to determine that "to the extent that Mulkerin possesses any property rights or interest in the Trust Assets, such rights or interests were not extinguished under the Settlement Agreement." Motion at 14. The Debtor cites Delaware law in arguing that because Ms. Mulkerin is not a party to the Settlement, her claims against the Delaware Defendants are not barred. Motion at 15-16.

To the extent that the Debtor seeks reconsideration or modification of the Final Order, the Court agrees with the Trustee that a request for such relief is untimely, given that the order was entered on June 3, 2025, almost one (1) year before the Motion was filed. See L.B.R. 9023-1 (allowing 14 days for a motion to reconsider).

Presumably recognizing the untimeliness of such a motion, the Debtor styles her request as a "Motion to Clarify the Final Order." While the Federal Rules do not specifically allow for motions to clarify, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend . . . as such, motions for clarification are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." Prakash v. Walmart Inc., 2026 WL 1172098, at *4 (N.D. Cal. Apr. 29, 2026) (citation omitted). However, the Motion does not seek to determine the reach of an allegedly ambiguous agreement; rather, the Debtor asks the Court to determine that certain of the Debtor's rights exist *notwithstanding the terms of the Settlement*.

Such request seeks an impermissible advisory opinion and will, accordingly, be denied. The Motion asks the Court to opine on the Debtor's rights so that she can seek to enforce them in another court. This request for the Court's interpretation of the language of the Settlement

does not present a justiciable live case or controversy. See Harbor Assocs. Ltd. P'ship v. Micron Devices, LLC, 2022 WL 1624360, at *2 (D. Del. May 23, 2022) ("It is unclear what Plaintiffs mean by 'clarification' in this instance, and courts do not "give advisory opinions about issues as to which there are not adverse parties before us.") (citation omitted); Festival Fun Parks, LLC v. Mountain Creek Resort, Inc., 2015 WL 758467, at *9 (D.N.J. Feb. 23, 2015); Mun. Revenue Servs., Inc. v. Xspand, Inc., 2008 WL 11370043, at *3 (M.D. Pa. June 30, 2008).

Thus, the Debtor's first argument, that this Court should clarify the Final Order, must fail.

* * * *

Second, the Motion seeks relief from the Final Order pursuant to F.R.C.P. 60(b)(4), asserting that the "judgment is void." The Debtor contends that the Final Order is invalid because the Court lacked jurisdiction to dispose of Mulkerin's beneficial interest in the Trust. Motion at 17-18. The interest of the Debtor in the Trust was allegedly merely an "expectancy." Motion at 18.

The Debtor is correct that, pursuant to 11 U.S.C. §541(c)(2), a "restriction on the transfer of a beneficial interest of the debtor in a trust" is enforceable under Title 11. In other words, a spendthrift trust is ordinarily excluded from the bankruptcy estate, In re Laher, 496 F.3d 279, 291 (3d Cir. 2007); 5 Collier on Bankruptcy P 541.27 (16th 2026). Further, a court lacks jurisdiction to dispose of property which is not property of the estate. Roggio v. FBI, 2024 WL 3898020, at *3 (D.N.J. Aug. 22, 2024).

However, 11 U.S.C. §541(c)(2), has been held to be "permissive rather than mandatory; there is not a *per se* exclusion of a spendthrift trust from property of the estate." In re Tawil,

2017 WL 3309693, at *3-4 (Bankr. D.N.J. Aug. 1, 2017) (stating that "In this case, the Debtor has chosen, through the proposed settlement with the Chapter 7 Trustee, to include his interest in the trusts in the bankruptcy estate."). See also In re Rains, 428 F.3d 893, 906–07 (9th Cir. 2005) (agreement to settlement acknowledged that funds would become part of the bankruptcy estate.); 5 Collier on Bankruptcy P 541.27 (16th 2026) ("[A] debtor may elect to include property held in a valid spendthrift trust in the section 541 estate"). Here, by filing the Delaware Action, the Debtor sought to determine her rights with regard to the Trust. The Debtor's choice to commence this lawsuit meant that, once she filed for bankruptcy protection, the chapter 7 Trustee gained an interest in the Delaware Action. In re O'Dowd, 233 F.3d 197, 204 (3d Cir. 2000). In other words, the Trustee's right to settle the Delaware Action concerns the Trust – now estate property- and does not violate the Code's protection of a spendthrift trust. Thus, the Debtor's substantive argument with regard to the Court's jurisdiction to enter the Final Order lacks merit.

In addition, the Debtor fails procedurally to state a cause of action under F.R.C.P. 60(b)(4). Litigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time. Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC, 607 U.S. 155, 162 (2026). "What constitutes a 'reasonable time' ... is to be decided under the circumstances of each case." Patra v. Pennsylvania State Sys. of Higher Educ., 2026 WL 1165171, at *2 (3d Cir. Apr. 29, 2026). One could imagine that in a different context, it would be reasonable to file a motion to void a judgment almost a year after a final order was entered. But under the circumstances *of this case*, the Court finds that the Debtor's request for 60(b)(4) relief close to year after the final order was entered and after the relevant

funds have been distributed is not reasonable. The Debtor has been an active litigant in every determination made by the Bankruptcy Court. She participated in the trial and briefing with regard to the Motion to Compromise. Ms. Mulkerin (unsuccessfully) previously sought clarification of that Final Order. The Trustee has distributed funds based on the relief granted by the Final Order. The Debtor's current Motion is thus a last-ditch effort of the Debtor to get another bite at the apple. It is too little too late.

* * * *

Finally, the Debtor boldly asserts that relief should be granted because the Final Order was the result of fraud. Federal Rule 60(b)(3) allows a court to relieve a party of a final judgment for "fraud . . . misrepresentation, or misconduct by an opposing party." Rule 60(b) motions are viewed as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Kiburz v. Sec'y, U.S. Dep't of Navy, 446 F. App'x 434, 436 (3d Cir. 2011). A "court's final judgment should not 'be lightly reopened." Herschaft v. N.Y.C. Campaign Fin. Bd., 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001). A motion under Rule 60(b) is addressed to the sound discretion of the court. In re Duhaney, 2025 WL 3510992, at *15 (Bankr. E.D.N.Y. Dec. 4, 2025).

The Debtor argues that such extraordinary relief is warranted because the Trustee prevented "Mulkerin from opposing the Motion to Compromise as competently and vigorously as possible." Motion at 19. Alternatively, the Debtor asserts that Atlas, special counsel to the Trustee, violated the Pennsylvania Rules of Professional Conduct by representing the Trustee in the Contested Matter. Motion at 22. Yet the Debtor readily admits that the Court previously determined that Atlas' representation of the estate did not violate 11 U.S.C. §327(e). Ms.

Mulkerin thus now reaches far in asserting that the approved representation is the actual violation of the Pennsylvania Rules of Professional Conduct. The Debtor does not offer facts to support this new, surprising theory. Her cursory allegations of misconduct do not make even a *prima facie* showing that the Final Order was obtained through fraud rather than by deliberate procedure. Rather, as the Trustee points out, the Debtor repeatedly and vigorously challenged every action by the Trustee in this case, including the appointment of Attorney Atlas. Response at ¶¶60, 76.

Moreover, even if misconduct did exist here, relief would not be available Rule 60(b)(3), unless: "(i) the misconduct prevented the movant from fully and fairly presenting its case . . . (ii) the misconduct was material to the outcome of the case . . . and (iii) there is "no indication of neglect on the part of the moving party in pursuing the facts." In re Frazer/Exton Dev., L.P., 503 B.R. 620, 638 (Bankr. E.D. Pa. 2013). The Motion does not meet this burden. At all turns in this case, Ms. Mulkerin has been a vocal and active advocate on her own behalf, opposing relief, filing motions, pleadings, and objections, and appealing adverse rulings. There is not a shred of evidence that the alleged misconduct prevented full and fair litigation or materially affected the outcome.

Thus, the Debtor simply makes "conclusory allegations of fraud" which would not merit 60(b)(3) relief; the allegations fly in the face of the record that Ms. Mulkerin herself helped to create. In re Waugh, 367 B.R. 361, 367 (Bankr. E.D.N.Y. 2007); In re Molina, 2025 WL 2697623, at *13 (Bankr. E.D.N.Y. Sept. 22, 2025) ("A party may not use Rule 60(b)(3) to relitigate the merits of the order from which he seeks relief").

For all these reasons, the Motion lacks merit and will be denied.